JOSEPH A. SCHWACHTER, Bar No. 108124
R. KEITH CHAPMAN, Bar No. 282331
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No.:       415.399.8490

Attorneys for Defendant
MISTRAS GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR VICERAL, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>MISTRAS GROUP, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT MISTRAS GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION)** |

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF EDGAR VICERAL, AND HIS ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that Defendant MISTRAS GROUP, INC. (hereinafter "Defendant") hereby notices the removal of the above-captioned suit from the San Francisco County Superior Court to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. sections 1331, 1441(a), and 1446(a), (b), (d) and 29 U.S.C. section 216(b). This removal is based on federal question jurisdiction.

   As required by 28 U.S.C. section 1446(d), Defendant is filing in the Superior Court of the State of California, County of San Francisco ("Superior Court"), and serving upon Plaintiff and his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

(NO. )                                    DEFENDANT MISTRAS GROUP, INC.'S
                                                  NOTICE OF REMOVAL

Federal Court, including these removal papers. A true and correct copy of this Notice, without attachments, is attached hereto as **Exhibit A**.

In support of this Notice of Removal, Defendant states the following:

**I.    STATE COURT PROCEEDINGS**

1.    On or about April 13, 2015, Plaintiff EDGAR VICERAL ("Plaintiff") filed a class action Complaint in the Superior Court of California, County of San Francisco, captioned *EDGAR VICERAL, an individual, on behalf of himself and all others similarly situated, v. MISTRAS GROUP, INC., a Delaware corporation, and DOES 1-100, inclusive* Case No. CGC-15-545291 (hereinafter the "Complaint"). The Complaint includes eight causes of action, alleging: (1) a nationwide opt-in FLSA collective action for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* ("FLSA"); (2) failure to pay overtime in violation of California Labor Code section 510; (3) failure to authorize and permit compliant meal periods in violation of California Labor Code sections 226.7 and 512; (4) failure to authorize and permit rest periods in violation of California Labor Code section 226.7; (5) failure to provide accurate wage statements in violation of California Labor Code section 226(a); (6) failure to pay all earned wages upon separation in violation of California Labor Code sections 201-203; (7) violation of Business and Professions Code section 17200, *et seq.*, premised upon alleged violations of the Fair Labor Standards Act ("FLSA"), California Labor Code, and the applicable Wage Orders of the Industrial Welfare Commission ("IWC"); and (8) recovery of civil penalties through a representative action pursuant to the California Private Attorney General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq.*, for alleged violations of Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1197, and 1998. A true and correct copy of the Summons, Complaint, and accompanying documents is attached as **Exhibit B**.

2.    Previously, in a letter dated March 3, 2015, Plaintiff notified the California Labor and Workforce Development Agency ("LWDA") that he intended to seek penalties under the California Private Attorneys General Act ("PAGA") for the alleged violations of the California Labor Code identified in his Complaint. A true and correct copy of Plaintiff's letter to the LWDA is attached as **Exhibit C**.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

(NO. )   DEFENDANT MISTRAS GROUP, INC.'S
NOTICE OF REMOVAL

3. On April 17, 2015, Defendant was served with the Complaint. A true and correct copy of the Proofs of Service of Summons is attached hereto as **Exhibit D**.

4. On May 12, 2015, Defendant filed an Answer and General Denial to Plaintiff's Complaint with the Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit E**.

5. No further pleadings have been filed in Superior Court.

6. This Notice to Federal Court of Removal of Civil Action is timely filed because it is made within thirty (30) days after service upon Defendant of the Complaint, which sets forth the removable claim. *See* 28 U.S.C. § 1446(b).

7. The defendants designated as Does 1 through 100 are fictitious defendants, have not been served and thus need not join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## II.  JURISDICTION AND VENUE

8. This is a civil suit brought and now pending in San Francisco County, California. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1391(a) and 1441(a). This case is one that may be removed to this Court by Defendant because it involves a federal question within the jurisdiction of this Court.

9. Pursuant to Northern District Civil Local Rule 3-2(c),(d) and 3-5(b), all civil actions that arise in the county of San Francisco shall be assigned to the San Francisco Division or the Oakland Division.

## III.  FEDERAL QUESTION JURISDICTION UNDER THE FLSA.

10. This Court has original jurisdiction over this action. *See* 28 U.S.C. § 1331. Specifically, the district courts of the United States have original jurisdiction over all civil actions that pose a federal question, such that the action arises under the Constitution, laws, or treaties of the United States. *Id*. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

(NO. )    DEFENDANT MISTRAS GROUP, INC.'S
NOTICE OF REMOVAL

1  district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2  11.    Plaintiff's Complaint arises under and relates to the federal, 29 U.S.C. section 201, *et seq*. In his First Cause of Action, Plaintiff alleges that, "Defendant failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA." Complaint ¶51. In his Prayer for Relief, Plaintiff seeks "payment of unpaid wages in accordance with the FLSA." Because the express allegations in the Complaint present a federal question under the FLSA, Defendant may remove the Complaint to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695-696 (2003) (upholding removal of action under FLSA).

12.   This Court has supplemental jurisdiction over Plaintiff's state law causes of action because they form part of the same case or controversy as Plaintiff's FLSA claim. *See* 28 U.S.C. § 1367(a). In this regard, Plaintiff's state law claims for unpaid wages and derivative penalties are based on the same or similar factual allegations and will necessarily involve common issues of law and fact as Plaintiff's claims for unpaid overtime compensation under the FLSA. Moreover, Plaintiff's state law causes of action do not involve any novel or complex issue of state law, do not substantially predominate over Plaintiff's FLSA claims, and do not present exceptional or compelling circumstances for this Court to decline jurisdiction. *See* 28 U.S.C. § 1367(c). The entire action is appropriately removed to this Court for this reason alone.

**IV.   CONCLUSION**

13.   Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. sections 1331, 1367(a), 1441, and 29 U.S.C. section 216(b), and Defendant hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: May 15, 2015                    LITTLER MENDELSON, P.C.


By: /s/ *Joseph A. Schwachter*
JOSEPH A. SCHWACHTER
R. KEITH CHAPMAN
Attorneys for Defendant
MISTRAS GROUP, INC.

Firmwide:133561253.1 063130.1054

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

(NO. )                               DEFENDANT MISTRAS GROUP, INC.'S
                                                NOTICE OF REMOVAL