**EXHIBIT B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** MISTRAS GROUP, INC. a Delaware
*(AVISO AL DEMANDADO):* corporation, and DOES 1 through
100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** EDGAR VICERAL, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual on
behalf of himself and all other simiarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>Civic Center Courthouse<br>400 McAllister St., San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-15-545291 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis M. Marlin, Esq. (SBN 54053)
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, California 92602

| DATE: APR 1 3 2015 | CLERK OF THE COURT Clerk, by _Mary Ann Moran_, Deputy |
|---|---|
| *(Fecha)* | *(Secretario)* MARY ANN MORAN *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Mistras Group, Inc. a Delaware Corporation

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*   4/17/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 13 2015

CLERK OF THE COURT
BY: _____ MARY A. MORAN
Deputy Clerk

1  **MARLIN & SALTZMAN, LLP**
   Louis M. Marlin, Esq. [SBN 54053]
2  Hanna B. Raanan, Esq. [SBN: 261014]
   3200 El Camino Real, Suite 100
3  Irvine, California  92602
   Phone: (714) 669-4900 | Fax: (714) 669-4750
4
   **UNITED EMPLOYEES LAW GROUP, P.C.**
5  Walter Haines, Esq. [SBN 71075]
   5500 Bolsa Ave., Suite 201
6  Huntington Beach, CA 92649
   Phone: (888) 474-7242 | Fax:  (562) 256-1006
7
   Attorneys for Plaintiff,
8  Edgar Viceral, individually and on behalf
   of all other similarly situated individuals
9

10              **SUPERIOR COURT OF CALIFORNIA**

11            **FOR THE COUNTY OF SAN FRANCISCO**

12

13  EDGAR VICERAL, an individual, on behalf        Case No. **C G C - 1 5 - 5 4 5 2 9 7**
    of himself and all others similarly situated,
14
                                                   **CLASS ACTION**
15              Plaintiff,
                                                   **COMPLAINT**
16  v.
                                                   1.  **FAILURE TO PAY OVERTIME**
17  MISTRAS GROUP, INC., a Delaware                    **UNDER THE FAIR LABOR**
    corporation, and DOES 1 through 100,               **STANDARDS ACT 29 U.S.C. § 201**
18  inclusive,                                          **ET SEQ.;**
                                                   2.  **FAILURE TO PAY OVERTIME;**
19                                                 3.  **FAILURE TO PROVIDE**
                                                       **COMPLIANT MEAL PERIODS;**
20              Defendants.                         4.  **FAILURE TO PROVIDE REST**
                                                       **BREAKS;**
21                                                 5.  **FAILURE TO PROVIDE**
                                                       **ACCURATE WAGE**
22                                                     **STATEMENTS;**
                                                   6.  **FAILURE TO PAY ALL WAGES**
23                                                     **OWED UPON TERMINATION;**
                                                   7.  **VIOLATION OF CALIFORNIA**
24                                                     ***BUSINESS AND PROFESSIONS***
                                                       ***CODE* §17200;**
25                                                 8.  **CIVIL PENALTIES UNDER**
                                                       **PRIVATE ATTORNEYS**
26                                                     **GENERAL ACT (Labor Code**
                                                       **§§2698, et seq.)**
27

28
                                      1

1    COMES NOW Plaintiff, Edgar Viceral ("Plaintiff") hereby submits his Class Action

2    Complaint against Defendants, Mistras Group, Inc., and DOES 1-100 (hereinafter collectively

3    referred to as "Defendants") on behalf of himself and all other similarly situated individuals

4    employed by Defendants as non-exempt examiners ("Employees") for (1) violations of the

5    California Labor Code, including failure to pay all wages earned, failure to properly pay all

6    overtime wages, failure to provide legally compliant meal and rest periods, failure to provide

7    accurate wage statements, failure to pay all wages owed upon termination; (2) violations of the

8    Fair Labor Standards Act ("FLSA") including failure to pay proper overtime, failure to keep

9    accurate records; and (3) restitution and injunctive relief as follows:

10                                    **INTRODUCTION**

11        1.      Pursuant to § 382 of the California Code of Civil Procedure, Plaintiff has filed

12    this action seeking class action treatment, to recover unpaid wages, penalties, and restitution

13    from Defendants for their violations of, *inter alia*, the California Labor Code, the California

14    Business and Professions Code, the applicable Wage Order(s) issued by the California

15    Industrial Welfare Commission (hereinafter, the "IWC Wage Orders"); the Fair Labor

16    Standards Act; and related common law principles.

17        2.      This proposed class and collective action challenges systemic illegal

18    employment practices by Defendants wherein they willfully require employees to work

19    overtime by requiring that employees take online training courses in addition to their regular

20    work schedules but refuse to pay them for that time.   Additionally, Plaintiff alleges that

21    Defendants violated California law when they: (1) failed to pay proper overtime pay to the

22    California Class, (2) failed to provide and properly compensate the California Class for rest

23    periods, (3) failed to furnish proper wage statements for the California Class; (4) failed to pay

24    all wages owed to the Terminated California Sub-Class at the end of their employment; and, (5)

25    violated California's Unfair Business Practices Act, California Business & Professions Code

26    section 17200, *et seq.*

27        3.      The Acts complained of herein have occurred, are presently occurring, and are

28    expected to continue occurring, within the time period from August 16, 2008 through the date

1  of judgment in this matter (hereinafter, the "Class Period").

2
## JURISDICTION

3  1.     This class action is brought pursuant to §382 of the California Code of Civil

4  Procedure and is within the Court's jurisdiction under California Labor Code §§ 201-204, 212,

5  226, 226.7, 510, 1194, 1198, Industrial Welfare Commission ("IWC") Wage Order 3 and

6  California Business and Professions Code §17200, et seq. (Unfair Practices Act).   The First

7  Cause of Action is also brought as a collective action pursuant to the FLSA, 29 U.S,C. §§ 201 et

8  seq.   The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction

9  limits of the Superior Court and will be established according to proof at trial. The monetary

10  damages sought on behalf of each and every member of the class and as aggregate class

11  damages exceed those jurisdictional limits as well.

12
## VENUE

13  4.     Venue is proper in the Superior Court for the County of San Francisco, in that

14  Defendants transacted business within that County, employed Plaintiff within the County, and

15  many of the alleged unlawful acts and omissions complained of herein took place within the

16  County of Riverside.

17
## PARTIES

18  **Plaintiff**

19  5.     Plaintiff Edgar Viceral ("Plaintiff") was employed by Defendant, Mistras Group,

20  Inc. ( "Mistras" or "Defendant") as a non-exempt non-destructive examiner.  Plaintiff worked

21  for Defendants in the County of San Francisco, California.  Defendants failed to pay Plaintiff

22  the overtime pay for time spent participating in mandatory online training during the entire time

23  he was employed by Defendants.   In addition, Defendants failed to provide Plaintiff with

24  compliant meal and rest periods.

25  6.     With respect to the FLSA claims, Plaintiff has consented to join this action by

26  concurrently filing a written Consent to Join form, attached hereto as Exhibit A.

27  **Defendants**

28  7.     Plaintiff is informed and believes that Mistras is a Delaware corporation and is

1   an international company providing non-destructive testing services to test integrity of energy,
2   industrial and public infrastructure.   In 2003, MISTRAS acquired CONAM Inspection.
3   MISTRAS' Non-Destructive Testing ("NDT") division does business throughout the United
4   States, with its global headquarters in Princeton, New Jersey.

5        8.     As used herein, the term "Defendants" means Defendant Mistras Group, Inc. and
6   the fictitiously named Defendants described below.

7        9.     Plaintiff does not know the true names or capacities, whether individual, partner,
8   or corporate, of the Defendants sued herein as DOE Defendants, and for that reason, said
9   Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this
10  complaint when the true names and capacities are known.   Plaintiff is informed and believes,
11  and based thereon alleges, that each of the said fictitiously named Defendants was responsible
12  in some way for the matters alleged herein and proximately caused Plaintiff and members of the
13  general public and putative class to be subject to the illegal employment practices, wrongs,
14  breaches, and injuries complained of herein.

15       10.    At all times pertinent hereto, each of the said DOE Defendants was an employer
16  of plaintiff and the other employees in the classes referred to in this complaint, participated in
17  the doing of acts hereinafter alleged to have been done by the named Defendants; and
18  furthermore, the Defendants, and each of them, were the agents, servants, and employees of
19  each of the other Defendants, as well as the agents of all Defendants, and at all times herein
20  mentioned, were acting within the course and scope of said agency and employment.

21       11.    Plaintiff is informed and believes, and based thereon alleges, that at all times
22  pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego,
23  and/or joint venturer of, or working in concert with, each of the other co-Defendants and was
24  acting within the course and scope of such agency, employment, joint venture, or concerted
25  activity.   To the extent the said acts, conduct, and omissions were perpetrated by certain
26  Defendants, each of the remaining Defendants authorized, confirmed, and ratified said acts,
27  conduct, and omissions of the acting Defendants.

28       12.    At all times pertinent hereto, Defendants, and each of them, were members of,

1   and engaged in, a joint venture, partnership and common enterprise, and acting within the

2   course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

3   Regardless of the labels used by the Defendants, they were the agents of, and acting in concert

4   with, each of the other Defendants and, specifically, possessed the right to and/or exercised

5   control over the wages, hours, and/or working conditions of Plaintiff and the putative class

6   members and/or suffered and permitted work by Plaintiff and the putative class members, such

7   that they jointly employed Plaintiff and the putative class members.

8        13.    At all times pertinent hereto, the acts and omissions of various Defendants, and

9   each of them, concurred with and contributed to the various acts and omissions of each and all

10  of the other Defendants in proximately causing the violations and damages as herein alleged.

11  At all pertinent times, Defendants, and each of them, ratified each and every act or omission

12  complained of herein.   At all pertinent times, the Defendants, and each of them, aided and

13  abetted the acts and omissions of each and all of the other Defendants in proximately causing

14  the damages as herein alleged.

15                          **THE CONDUCT AT ISSUE**

16       14.    Defendants provide examiner-technicians ("Examiners") to conduct non-

17  destructive testing (NDT) for structural integrity of energy, industrial and public infrastructure,

18  such as oil and gas refineries, buildings, bridges, rollercoasters at theme parks, and other

19  infrastructure requiring monitoring.   Examiners conduct the testing on behalf of MISTRAS.

20  Examiners typically work on-site of the MISTRAS customer while providing testing/monitoring

21  services.

22       15.    At all times pertinent, Plaintiff and other Class Members were paid on an hourly

23  basis and classified as non-exempt employees.

24       16.    Plaintiff and Class Members frequently worked in excess of eight hours a day

25  and/or 40 hours per week, and were required to participate in mandatory online training in

26  addition to their day-to-day work.   The purpose of online training was to certify employees to

27  perform more complex tasks, for which Mistras could then charge clients increased hourly rates.

28  Many of the courses were mandatory and Mistras require and kept electronic logs of all time

Complaint

1   spent by employees to complete the online courses.

2       17.    Despite mandating online training in addition to day-to-day work, Defendants
3   maintained a policy and practice, which Plaintiff alleges to be common across all facilities
4   nationwide, whereby Plaintiff and Class Members were not paid for any time spent participating
5   in mandatory online training.

6       18.    The above failure to pay overtime for mandatory online training time was
7   systematic and applied to all Class Members and continues to be so.

8       19.    Plaintiff is informed and believes, and further based in part on personal
9   observations, that his employment experiences with Defendants were the same or similar to
10   other Class Members.

11       20.    Defendants further maintained a policy, custom and/or practice of not providing
12   compliant meal periods for employees working a typical shift of eight hours.

13       21.    Defendants' policy, custom, and practice was to not pay employees the premium
14   wage of one hour at their respective regular rates, when compliant meal periods were not
15   authorized and permitted or could not be taken.

16       22.    Defendants further maintained a policy, custom, and/or practice of not providing
17   mandated second rest breaks for employees who worked a shift of eight hours.

18       23.    Defendants' policy, custom, and practice was to not pay employees the premium
19   wage of one hour at their respective regular rates, when rest periods were not authorized and
20   permitted or could not be taken.

21       24.    Defendants issued itemized wage statements to the Employees every week,
22   which was their pay cycle.  The wage statements reflect any time spent participating in
23   mandatory online training.

24       25.    As a result of failing to pay for all time worked (including time spent
25   participating in mandatory online training), and failing to pay premium wages for meal and rest
26   periods that were not compliant or not provided, Defendants issued inaccurate itemized wage
27   statements to the employees who worked such hours and/or who were not provided with the rest
28   breaks.  The wage statements also did not show all required information and were not

1 | understandable.

2 | 26. As a result of failing to pay for all time worked (including time spent
3 | participating in mandatory online training), and failing to pay premium wages for meal and rest
4 | periods that were not compliant or not provided, Defendants failed to pay all earned wages to
5 | members of the Terminated California Sub-class (defined below) whose employment with the
6 | Defendants terminated.

7 | **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

8 | **FLSA Nationwide Collective Action**

9 | 27. Plaintiff incorporates the above paragraphs of this complaint as if fully alleged
10 | herein. Plaintiff brings his first cause of action as a nationwide "opt-in" collective action
11 | pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of the following class of
12 | persons ("FLSA Class"):

13 |     All persons who were employed as non-exempt hourly examiner-technicians
14 |     and/or inspectors in the United States, or anywhere else the FLSA governs, by
15 |     any of the Defendants during any part of the time period beginning three years
16 |     prior to the filing of the initial complaint and who elect to opt-in to this action
17 |     pursuant to the FLSA, 29 U.S.C. §216(b) ("FLSA Class").

18 | 28. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29
19 | U.S.C. §216(b).

20 | 29. Plaintiff, individually and on behalf of other similarly situated employees, seeks
21 | relief on a collective basis challenging, among other FLSA violations, Defendants' practice of
22 | failing to accurately record all hours worked, and failing to pay employees for all hours worked,
23 | including overtime compensation. The number and identity of other plaintiffs yet to opt-in and
24 | consent to be party plaintiffs may be determined from Defendants' records, and potential class
25 | members may easily and quickly be notified of the pendency of this action.

26 | **California Classes**

27 | 30. Plaintiff brings causes of action two through ten on behalf of the California
28 | Classes described below. The California Classes are composed of:

**California Class**:

All persons employed by any of the Defendants as a non-exempt hourly examiner-technicians and/or inspectors within the State of California during any part of the time period beginning four years prior to the filing of the initial complaint in this action, up to the judgment is rendered in this matter ("California Class"). This definition excludes persons who perform or performed managerial duties.

**Terminated California Subclass**:

All members of the California Class, whose employment with the Defendants terminated during any part of the time period beginning four years prior to the filing of the initial complaint in this action, up to the time judgement is rendered in this matter.

31.     The terms "Class Members", "Employees" and "other employees" refer to the members of these classes and subclasses, including Plaintiff.

32.     The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the California Classes. The California Labor Code, Wage Order provisions, and FLSA, upon which Plaintiff bases his claims, are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

33.     This action seeks relief for violations of Federal and California law including, *inter alia*:

    a.     Damages and/or restitution, as appropriate, to Plaintiff and to Class Members, for non-payment of the wages (including overtime wages), due them and interest thereon;

    b.     Damages and/or restitution, as appropriate, to Plaintiff and to the California

1               Class, for non-payment of wages (including overtime wages), and meal and rest

2               period wages;

3      c.      Damages and/or penalties for Plaintiff and the California Class, for failure to

4               provide accurate itemized wage statements in conformity with California law.

5      d.      Damages and/or penalties for Plaintiff and the California Terminated Subclass

6               Members for Defendants' failure to pay all wages due and owing upon

7               completion of their employment in conformity with California law;

8      e.      Attorney fees and costs as provided by statute and/or applicable case law

9               including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil*

10               *Procedure* § 1021.5; and such other relief as the Court deems just and proper.

11      34.      The violations herein alleged were and are willful and deliberate, and were taken

12 pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which

13 Defendants applied uniformly to Plaintiff and all members of the Class, and resulted in the

14 unjust enrichment of Defendants at the expense of Plaintiff and members of the Class.

15      35.      As a direct result of the violations herein alleged, Plaintiff and members of the

16 Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of

17 wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel

18 Defendants to fully perform their obligations under state law, all to their respective damage in

19 amounts according to proof at the time of trial.

20                        **STATE LAW CLASS ACTION ALLEGATIONS**

21      36.      Plaintiff re-alleges and incorporates by reference all allegations in all preceding

22 paragraphs.

23      37.      Plaintiff brings this action on behalf of himself and the Class as a class action,

24 pursuant to *California Code of Civil Procedure* § 382.

25      38.      **Numerosity:** The members of the Class are so numerous that joinder of all

26 members would be impractical, if not impossible. The exact number of the members of each of

27 the Classes can be determined by reviewing Defendants' records.  Plaintiff is informed and

28 believes, and thereon alleges, that there are hundreds of individuals in each class defined above.

39. **Ascertainability:**   The identities of the members of the Class are readily ascertainable by review of Defendants' records, including, but not limited to, payroll records, timekeeping records, and other documents and other business records that Defendants is required by law to maintain.

40. **Commonality/Predominance:**   There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions solely affecting individual members of the action.   Among the common questions of law and fact are:

    a.  Whether Defendants employed a common policy or practice of failing to pay overtime wages to Class Members for mandatory training time, and thereby underpaid Plaintiff and the Class Members for all overtime hours.

41. There are additional predominant common questions of law and fact and community of interest amongst Plaintiff and the claims of the California Class, concerning Defendants' treatment of them, including, but not limited to:

    a.  Whether Defendants have had a policy, custom, and/or practice of failing to authorize and permit legally required compliant meal periods;

    b.  Whether Defendants have had a policy, custom, and/or practice of failing to pay premium wages when legally required meal breaks were not compliant;

    c.  Whether the Defendants have had a policy, custom, and/or practice of failing to authorize and permit legally required rest breaks;

    d.  Whether Defendants have had a policy, custom, and/or practice of failing to pay premium wages when legally required rest breaks were not authorized and permitted;

    e.  Whether Defendants have had a policy, custom, and/or practice of failing to maintain required business records relating to hours worked, and rates of pay applicable to the California Class members;

    f.  Whether Defendants have had a policy, custom, and/or practice of failing to provide California Class members with accurate itemized pay statements;

10

Complaint

    g.  Whether Defendants have had a policy, custom, and/or practice of failing to provide California Class members with itemized pay statements that contain all the information required by law;

    h.  Whether Defendants failed to pay the California Terminated Subclass members all earned wages at the required time at or after their separation from employment with Defendants; and

    i.  Whether the Defendants' actions, as alleged herein, were unlawful and constitute unfair business practices.

42.  **Typicality:**  The claims of the Plaintiff are typical of the claims of all members of the Class.  Mr. Viceral is a member of the proposed Classes and proposed Subclass. Plaintiff, himself, has suffered and been damaged by the alleged violations of the Labor Code, Wage Order, and Bus. & Prof. Code herein alleged.

43.  **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent, fairly and adequately, the interests of the above-defined Class. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in the California state and federal courts, as well as elsewhere in the United States.

44.  **Superiority:**  A class action is the superior means of litigating the Class' claims. The claims set forth herein are based on Defendants' systemic treatment of the Class members and, as such, the same body of evidence necessary to prove one claim would be accessed to prove each Class member's claim.  Proof of Defendants' wrongdoing may be shown by a common body of evidence.  It is preferable, from an efficiency and case management standpoint, that the claims of all of the Class members be litigated as a single litigation, rather than as dozens of individual claims.  The aggregation of these claims will act as a deterrent to Defendants and similarly situated employers, to cease and desist from the business practices challenged herein and will advance the State's declared public policy of construing the labor laws with an eye toward protecting employees.

# FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

### (By Plaintiff and the FLSA Class Against All Defendants)

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

47. At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the Class.

49. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. Defendants employed Plaintiff and the members of the Class as their employer.

52. Defendants failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

54. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

55. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

12

1 | damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29

2 | U.S.C. 201 *et seq.*

3 | / / /

### SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME WAGES

### (Labor Code §§ 510, 1194; Wage Order)

### (By Plaintiff and the California Class Against All Defendants)

57.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

58.     Labor Code section 510 and the applicable Wage Order provide that eight hours of labor constitutes a days work and that any work in excess of eight hours in one workday or 40 hours in any one workweek and the first eight hours worked on the seventh day of work any one workweek shall be compensated at the rate of no less than 1½ times the regular rate of pay for an employee.

59.     Labor Code section 510(a) and the applicable Wage Order provide that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee, as must any work in excess of eight hours on any seventh day of a workweek.

60.     Plaintiff and the California Class members were regularly required to work in excess of eight hours in a day and/or 40 hours in a workweek (including days that exceeded 12 hours in a work day and workweeks that included a seventh day of work) during the Class Period by being required to participate in mandatory online training courses and/or programs. Defendants did not compensate Plaintiff or the California Class members at the statutory rates for their time spent in mandatory online training courses and/or programs.

61.     Defendants' failure to compensate Plaintiff and the California Class members for their overtime work violated Labor Code section 510 and the applicable Wage Order.

62.     Plaintiff and the California Class members are entitled to recover the unpaid balance of the full amount of overtime compensation, including interest thereon, reasonable

13

Complaint

1 | attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT COMPLIANT MEAL BREAKS

#### (Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order)

#### (By Plaintiff and the California Class Against All Defendants)

63. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

64. The applicable Wage Order provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains parallel language.[1]

65. Plaintiff alleges that he and members of the California Class were routinely not relieved of all duty for an entire 30 minutes, and further, that such relief which did occur took place long-after the beginning of the sixth hour of work.

66. *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each California Class member all meal periods specified in the applicable Wage Order and that Plaintiff and each California Class member was to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

67. Plaintiff and each California Class member have suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required meal periods and have therefore not been paid all of the wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REQUIRED REST BREAKS

---

[1] *Brinker v. Superior Court*, (2012) 53 Cal.4th 1004, 1041 (holding that *L.C Section 512*

14

Complaint

**(Labor Code § 226.7; Wage Order)**

**(By Plaintiff and the California Class Against All Defendants)**

68.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

69.     The applicable Wage Order provides that every employer must authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time is based on the total hours worked each day, at the rate of ten minutes net rest time per four hours worked or major fraction thereof.  The Wage Order declares that such authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

70.     Labor Code section 226.7 and the Wage Order direct that if the employer fails to provide a rest break in accordance with the Wage Order, the employer shall credit the employee with and pay one additional hour of work at the employee's regular rate of compensation for each workday that a rest period was not provided.

71.     Plaintiff alleges that Defendants did not authorize and permit the rest breaks required by the Wage Order.  Plaintiff further alleges that, notwithstanding any formal written policy to the contrary, Defendants' actual custom and business practice was to undermine any formal policy of providing rest breaks by pressuring employees to perform their duties in ways that omitted breaks, including, but not limited to, scheduling a heavy workload that made taking breaks extremely difficult, maintaining an informal anti-rest-break policy enforced through ridicule or reprimand, and exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

72.     Defendants did not pay Plaintiff and the California Class members the rest period premium of an additional hour of pay at the regular rate, whenever rest breaks were not authorized and provided, as required by the Labor Code and the Wage Order.

requires a first meal period no later than the start of an employee's sixth hour of work.)

73.     Plaintiff and the California Class members are entitled to be compensated for an hour of time, at their regular rate, for each occasion when Defendants failed to provide a required rest break.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

## (Labor Code §§ 226, 226.3; Wage Order)

## (By Plaintiff and the California Class Against All Defendants)

74.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

75.     Pursuant to the Labor Code and the Wage Order, every employer must provide accurate itemized wage statements at the time employees are paid, showing accurate figures for, *inter alia*, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

76.     Plaintiff alleges that he and the class members did not receive accurate itemized wage statements, as required by law, in that the wage statements provided to them did not accurately reflect correct figures for gross wages earned, total hours worked, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

77.     As alleged hereinabove, Defendants did not keep accurate timekeeping or payroll records and, at any rate, Defendants failed to provide accurate and complete information, as required by law, and Plaintiff and the class members could not easily and promptly determine from their wage statements, alone, that they had been properly paid.  Overtime hours worked and applicable overtime rates and premium pay for missed rest breaks were not listed on the wage statements, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation.  The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without reference to other documents or information.

16

Complaint

78.    As a result of Defendants' failure to provide the accurate itemized wage statements required by law, Plaintiff and the class members have been injured in the manner set forth in the Labor Code in that they could not readily determine if they had been paid all earned wages at each pay period.

79.    Plaintiff and the class members are entitled to the penalty set forth in Labor Code section 226(e), to the civil penalty set forth in Labor Code section 226.3, to the penalty set forth in the applicable Wage Order, to costs of suit, and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL EARNED WAGES

## UPON SEPARATION FROM EMPLOYMENT

## (Labor Code §§ 200-203)

### (By Plaintiff and the California Terminated Subclass Against All Defendants)

80.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

81.    Labor Code §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice (or at the effective time of resignation if the employee has given at least 72 hours' notice of resignation). Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage as a penalty until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

82.    Plaintiff and the Terminated Subclass members are entitled to compensation for all wages earned, including without limitation, the unpaid straight time, overtime, double time, premium wages for rest periods and reporting time pay not provided, but to date have not received such compensation.

83.    More than 30 days have passed since the employment of Plaintiff and the Terminated Subclass members ended. Defendants have not paid Plaintiffs and each Terminated Subclass member all wages owed. As a consequence of Defendants' willful conduct in not

1  paying Plaintiff and each Subclass member all earned wages at the time their employment with

2  Defendants ended, Plaintiff and each Terminated Subclass member is entitled to 30 days' wages

3  as a penalty under Labor Code § 203.

**SEVENTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(By Plaintiff and the California Class Against All Defendants)**

8      84.    Plaintiff hereby incorporates by reference the preceding paragraphs of this

9  complaint as though set forth in full at this point.

10      85.    Section 17200 of the California *Business and Professions Code* prohibits any

11  unlawful, unfair or fraudulent business act or practice.

12      86.    Plaintiff has suffered injury in fact and loss of wages and monies as a result of

13  Defendants' actions.

14      87.    The actions of Defendants, as herein alleged, amount to conduct which is

15  unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in

16  violation of *Business and Professions Code* §§ 17200 et. seq.

17      88.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of

18  the California Class by denying them wages due and payable.  As a result of such conduct,

19  Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of

20  the California Class.

21      89.    All members of the California Class can be identified by reference to payroll and

22  related records in the possession of the Defendants.  The amount of wages due to Plaintiff and

23  members of the California Class can be readily determined from Defendants' records.  The

24  members of the proposed class are entitled to restitution of monies due and obtained by

25  Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

26      90.    During the Class Period, Defendants committed, and continue to commit acts of

27  unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code,*

28  by and among other things, engaging in the acts and practices described above.

18

Complaint

91.    Defendants' course of conduct, acts, and practices in violation of the California laws and regulations, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code.*

92.    The harm to Plaintiff and the members of the California Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute unfair business practices or acts within the meaning of Bus. & Prof. Code §§ 17200, et seq.

93.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

94.    Defendants' course of conduct described herein further violates Bus. & Prof. Code §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

95.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described hereinabove have injured Plaintiff and members of the California Class in that they were wrongfully denied the timely and full payment of wages owed to them.

96.    Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

**EIGHT CAUSE OF ACTION**

**CIVIL PENALTIES UNDER THE**

**CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT**

**(Labor Code §§ 2698, *et seq.*)**

**(By Plaintiff and the California Class Against All Defendants)**

93.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though set forth in full at this point.

1      94.    Under Labor Code § 2699, any employee aggrieved by an employer's violation of

2  the Labor Code has the right to file an action on behalf of all aggrieved employees for the

3  penalties established by Section 2699 and/or other Labor Code sections.

4      95.    The aforementioned wrongful acts and omissions of Defendants were violations

5  of the Labor Code, as set forth herein.  Plaintiff and the Class members are employees who have

6  been aggrieved by Defendants' violations of the aforementioned Labor Code provisions.

7      96.    Plaintiff claims herein all penalties permitted by the Private Attorneys General

8  Act of 2004 (PAGA), Labor Code § 2698, et seq., and has complied with the procedures for

9  bringing suit specified by Labor Code § 2699.3.  By letter dated March 3, 2015, Plaintiff gave

10  written notice by certified mail to the Labor and Workforce Development Agency ("LWDA"),

11  and Defendants, of the specific provisions of the Labor Code alleged to have been violated,

12  including the facts and theories to support the alleged violations.  At least 33 days have elapsed

13  since the notice to the LWDA and on April 1, 2014, the LWDA informed Plaintiff that it would

14  not investigate those claims.

15      97.    Plaintiff is entitled to fees and costs, pursuant to California law, including,

16  without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further,

17  enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of

18  wages due employees is a fundamental public interest in California. Consequently, Plaintiff's

19  success in this action will result in the enforcement of important rights affecting the public

20  interest and will confer a significant benefit upon the public.

21

22                                         **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the

24  Class, prays for judgment against Defendants as follows:

25  A.    For an order certifying the proposed class;

26  B.    For the attorneys appearing on the above caption to be named class counsel and for the

27      named Plaintiff to be appointed class representative;

28  C.    For compensatory damages in an amount according to proof with interest thereon;

Complaint

1   D.     For economic and/or special damages in an amount according to proof with interest

2         thereon;

3   E.     For payment of unpaid wages in accordance with the FLSA (29 U.S.C. 201 *et seq.*) and

4         California labor law;

5   F.     For payment of penalties in accordance with California law;

6   G.    For Defendants to be found to have engaged in unfair competition in violation of Bus. &

7         Prof. Code §§ 17200, et seq.;

8   I.      For Defendants to be ordered to make restitution to Plaintiffs and the California Class

9         and disgorgement of profits from their unlawful business practices and accounting,

10        pursuant to California *Business and Professions Code* §§ 17203 and 17204;

11   K.    For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and

12        *Code of Civil Procedure* §1021.5; and

13   L.     For all such other and further relief that the Court may deem just and proper.

14                      **JURY DEMAND**

15         Plaintiff, on behalf of himself and all other similarly situated, hereby demands a trial by

16  jury in this case.

17                   Respectfully Submitted,

18  Dated: April 10, 2015         **MARLIN & SALTZMAN, LLP**

                             **UNITED EMPLOYEES LAW GROUP, INC.**

19

20

21                   By:

22                     Louis M. Marlin

                          Hanna B. Raanan

23                     Attorneys for Plaintiff

                          and the Proposed Class

24

25

26

27

28

Complaint

# Exhibit "A"

# FLSA CONSENT FORM

### Consent to Sue Under the Fair Labor Standards Act (FLSA)

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuit against Mistras Group, Inc., and any other entities or individuals who may be liable for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., and any other applicable laws.

I worked as a non-destructive testing examiner from October 2009 to December 2014. I was not paid wages for off-the-clock mandatory training I was required to taking during the time I worked for Mistras Group, Inc.. I should have been paid for that time.

Edgar Viceral
_____
Print Name

DocuSigned by:

_EdgarVicera_

_____B87B48C..._____
Signature

4/10/2015
_____
Date Signed

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Hanna B. Raanan, Esq. (SBN 261014)<br>MARLIN & SALTZMAN, LLP<br>3200 El Camino Real, Suite 100<br>Irvine, California 92602<br><br>TELEPHONE NO.: 714) 669-4900   FAX NO.: (714) 669-4750<br>ATTORNEY FOR (Name): | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>APR 13 2015<br><br>CLERK OF THE COURT<br>MARY ANN MORGAN<br>BY: MARY A. MORGAN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California
BRANCH NAME:

CASE NAME: EDGAR VICERAL, an inidvidual, v. MISTRAS
GROUP, INC., a Delaware corporation, DOES 1-100

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-15-545297<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 8
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: April 14, 2015

Hanna B. Raanan, Esq. (SBN 261014)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **SEP-16-2015** | |
| **TIME:** | **10:30AM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA 94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to Judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4 )

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

***Or, visit the court ADR website at www.sfsuperiorcourt.org***

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit  www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.