1 | **MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
2 | Christina Humphrey, Esq. (SBN 226326)
3200 El Camino Real, Suite 100
3 | Irvine, California  92602
Phone: (714) 669-4900 | Fax: (714) 669-4750
4

Carolyn Hunt Cottrell (SBN 166977)
5 | Nicole N. Coon (SBN 286283)
**SCHNEIDER WALLACE**
6 | **COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
7 | Emeryville, California 94608
Telephone: (415) 421-7100
8 | Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
9 | ncoon@schneiderwallace.com

10 | **UNITED EMPLOYEES LAW GROUP, P.C.**
Walter Haines, Esq. [SBN 71075]
11 | 5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
12 | Phone: (888) 474-7242 | Fax: (562) 256-1006

13 | Attorneys for Plaintiffs and
the Proposed Class and Collective
14

15 | **UNITED STATES DISTRICT COURT**

16 | **NORTHERN DISTRICT OF CALIFORNIA**

17 | EDGAR VICERAL, an individual, on behalf | **CLASS ACTION**
of himself and all others similarly situated,
18 | | Case No.: 3:15-cv-02198-EMC
Plaintiffs,
19 | | Hon. Edward M. Chen
vs.
20 | | **STIPULATION AND [PROPOSED] ORDER**
MISTRAS GROUP, INC.; and DOES 1–50, | **TO AMEND THE COMPLAINT**
21 | inclusive,

22 | Defendants. | 
| Complaint Filed: April 13, 2015
23 | | Removed: May 15, 2015

24

25

26 | [DEFENDANT COUNSEL LISTED ON NEXT PAGE]

27

28 | STIPULATION AND [PROPOSED] ORDER TO AMEND THE COMPLAINT
*Viceral, et al. v. Mistras Group, Inc., et al.*, Case No. 3:15-cv-02198-EMC

1  Joseph Alan Schwachter (SBN 108124)
   Richard Keith Chapman (SBN 282331)
2  Angela J. Rafoth (SBN 241966)
3  **LITTLER MENDELSON, P.C.**
   650 California Street, 20th Floor
4  San Francisco, California 94108
   Telephone: 415.433.1940
5  Fax No. 415.399.8490

6  Attorneys for Defendant Mistras Group, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION

Plaintiffs Edgar Viceral and David Krueger, on behalf of themselves and all others similarly situated, ("Plaintiffs") and Defendant Mistras Group, Inc. ("Defendant") hereby respectfully submit this Stipulation to Amend the Complaint to (1) add David Krueger as a Named Plaintiff; (2) add Schneider Wallace Cottrell Konecky Wotkyns LLP as Class Counsel; and (3) add the claims asserted in the *Krueger* action, all of which shall relate back to the date of filing the original complaint.

WHEREAS Plaintiff Viceral filed this action against Defendant on April 13, 2015, in the Superior Court of California, San Francisco County as *Edgar Viceral, et al. v. Mistras Group, Inc., et al.*, No. CGC-15-545291. (Ca. Super. Ct., San Francisco filed April 13, 2015). *Viceral* has been filed as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA") and as a class action, in which Viceral alleges various violations of the California Labor Code. Specifically, he alleges that it is a: "proposed class and collective action challeng[ing] systematic illegal practices by Defendant wherein they willfully require employees to work overtime by requiring that employees take online training courses in addition to their regular work schedules but refuse to pay them for that time." Additionally, Viceral alleges that: "Defendant violated California law when they: (1) failed to pay proper overtime pay to the California Class; (2) failed to provide and properly compensate the California Class for rest periods; (3) failed to furnish proper wage statements for the California Class; (4) failed to pay all wages owed to the Terminated California Sub-Class at the end of their employment; and (5) violated California's Unfair Business Practice Act, California Business & Professions Code section 17200, *et seq.*'' Plaintiff Viceral also seeks penalties under California's Private Attorney General Act, California Labor Code §§ 2698 *et seq.* ("PAGA"). The wage claim in *Viceral* stems from Mistras's alleged requirement that employees complete certain Internet-based training programs in addition to their day-to-day duties and its failure to compensate proposed class and collective members for the time spent participating in this mandatory on-line training.

///

3

1    WHEREAS Defendant removed the state court action to this federal district court on
2  May 15, 2015. (ECF Docket No. 1.)

3    WHEREAS Defendant filed its Notice of Other Action or Proceeding on May 27, 2015,
4  alerting the Court and Parties of a related action: *David Krueger, on behalf of himself and all*
5  *others similarly situated v. Mistras Group, Inc., a Delaware corporation, and DOES 1 through*
6  *100*, Case No. 2:15-cv-01069 (E.D. Cal. Apr. 10, 2015) proceeding before the Honorable
7  Morrison C. England, Jr. in the United States District Court, Eastern District of California
8  ("*Krueger*").   (ECF Docket No. 4.) *Krueger* was filed on April 10, 2015 in the Superior Court of
9  California, County of Kern. (*Krueger* ECF Docket No. 1-2.) *Krueger* is a class action under
10  Federal Rules of Civil Procedure Rule 23 in which Krueger alleges various violations of the
11  California Labor Code. Specifically, *Krueger* focuses on Mistras's numerous alleged illegal wage
12  and hour policies  including Mistras's alleged California-wide illegal policy of failing to pay its
13  non-exempt hourly employees for all time worked, including time they spend in Mistras' control
14  traveling to and from customer worksites and while performing required training. *Krueger*
15  alleges claims for: (1) failure to authorize and permit and/or make available meal periods; (2)
16  failure to pay for all hours worked; (3) failure to pay overtime wages; (4) failure to provide
17  accurate wage statements; (5) waiting time penalties; (6) unlawful business practices; and (7)
18  penalties pursuant to §§ 2699(a), (e) of the PAGA. Plaintiff Krueger alleges that Mistras required
19  the hourly workers to regularly work eight hours or more a day (including off-the-clock, overtime
20  work, and driving time) and that Mistras failed to pay them accordingly. He also alleges that the
21  workers were denied compliant meal periods. Mistras also allegedly failed to provide class
22  members with itemized wage statements that reflect the actual hours worked and the amount of
23  wages (including overtime) to which class members are entitled. In addition, Plaintiff Krueger
24  contends that Mistras failed to pay all amounts owed following the workers' separation or
25  termination.

26  / / /
27  / / /
28

1    WHEREAS Defendant also filed a Notice of Related Case on May 27, 2015 in the *Krueger*
2    action, alerting the Court and Parties in that matter of the *Viceral* action. (*Krueger* ECF Docket
3    No. 3.)

4    WHEREAS following the filing of these Notices, the Parties in both actions met and
5    conferred on numerous occasions to address the relationship and possible coordination of the
6    matters. The Parties agreed that the parties and some of the substantive claims in this matter
7    overlap with the parties and substantive claims in the *Krueger* case, and that coordination of the
8    two matters before a single Court is appropriate.

9    WHEREAS the Parties agreed that *Krueger* will be combined with *Viceral* before the
10   Northern District of California by way of filing a consolidated amended complaint in *Viceral* and
11   adding the *Krueger* parties, counsel, and claims, all of which shall relate back to the date of filing
12   the original complaint. The *Krueger* Plaintiffs requested dismissal of the action before the Eastern
13   District by way of a stipulation agreed to by all Parties in both actions.

14   WHEREAS, on September 9, 2015, the *Krueger* Court granted the *Krueger* parties'
15   stipulated request for dismissal and dismissed the case. (*Krueger* ECF Docket No. 17.)

16   WHEREAS Plaintiffs prepared a Consolidated Amended Complaint to be filed in *Viceral,*
17   adding the *Krueger* parties and claims, and circulated it to Defendant for its review on October 5,
18   2015.

19   WHEREAS the Parties have conferred regarding Plaintiffs' proposed Consolidated
20   Amended Complaint. Plaintiffs have agreed to limit the Class and Collective definitions to those
21   non-exempt hourly employees working in the positions of examiners and technicians. This
22   limitation is made without prejudice to Plaintiffs to later amend the definitions beyond this scope.
23   Following its review of the proposed Consolidated Amended Complaint, Defendant provided
24   Plaintiffs with its written consent permitting Plaintiffs to file it.

25   WHEREAS Defendant hereby gives its written consent under Federal Rule of Civil
26   Procedure 15(a)(2) to Plaintiffs to file the Consolidated Amended Complaint.

27   WHEREAS Plaintiffs now present the Court with the Consolidated Amended Complaint.

28

5

STIPULATION AND [PROPOSED] ORDER TO AMEND THE COMPLAINT
*Viceral, et al. v. Mistras Group, Inc., et al.*, Case No. 3:15-cv-02198-EMC

1   WHEREAS Plaintiffs' proposed Consolidated Amended Complaint is submitted herewith

2   as Exhibit 1.

3   WHEREAS the Parties agree that no additional service of the Consolidated Amended

4   Complaint is required upon this Court's approval of the stipulation to amend the Complaint.

5   WHEREAS the Parties have agreed that Defendant's response to the Consolidated

6   Amended Complaint will be due to be filed thirty (30) days from the Court's approval of this

7   Stipulation.

8   AND WHEREFORE the Parties stipulate and agree that:

9   Plaintiffs may file the Consolidated First Amended Complaint, submitted herewith as

10   Exhibit 1, which will be deemed filed and served as of the date of entry of the Order Granting

11   Stipulation To Amend Complaint;

12   The Consolidated First Amended Complaint will be the operative pleading upon the date

13   entry of the Court's order approving this stipulation;

14   Defendant's response to the Consolidated Amended Complaint will be filed thirty (30)

15   days from the Court's approval of this Stipulation.

16   A Proposed Order is included below to this stipulation for the Court's signature.

17

18   Respectfully Submitted,

19   Dated:     November 11, 2015        Signed:   /s/ Carolyn Hunt Cottrell
                                                    Carolyn Hunt Cottrell
20                                                  Nicole N. Coon
                                                    SCHNEIDER WALLACE
21                                                  COTTRELL KONECKY WOTKYNS LLP

22                                                  Attorneys for Plaintiffs and
                                                    the Proposed Class and Collective
23

24   Dated:     November 11, 2015        Signed:   /s/ Christina Humphrey
                                                    Stanley D. Saltzman
25                                                  Christina Humphrey
                                                    MARLIN & SALTZMAN, LLP
26
                                                    Attorneys for Plaintiffs and
27                                                  the Proposed Class and Collective

28                                          6
     _____
     STIPULATION AND [PROPOSED] ORDER TO AMEND THE COMPLAINT
     Viceral, et al. v. Mistras Group, Inc., et al., Case No. 3:15-cv-02198-EMC

Dated:    November 11, 2015               Signed:  /s/ *Walter Lewis Haines*
                                                Walter Lewis Haines
                                                **UNITED EMPLOYEES LAW GROUP, P.C.**

                                                Attorneys for Plaintiffs and
                                                the Proposed Class and Collective

Dated: November 11, 2015                  Signed:  /s/ *Joseph Schwachter*
                                                Joseph Alan Schwachter
                                                Richard Keith Chapman
                                                **LITTLER MENDELSON, P.C.**

                                                Attorneys for Defendant Mistras Group, Inc.

## SIGNATURE ATTESTATION

I, Christina A. Humphrey, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order to Amend the Complaint. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the counsel above concur in this filing.

DATED: November 12, 2015                  /s/ *Christina Humphrey*
                                                Christina Humphrey

7

# [PROPOSED] ORDER ON STIPULATION TO AMEND COMPLAINT

Pursuant to the Parties' Stipulation to Amend the Complaint, and without waiver or limitation of any of the Parties' rights, claims, remedies or defenses in connection with this action, the Court finds good cause and approves the requested stipulation.

Plaintiffs may file the Consolidated First Amended Complaint, submitted herewith as Exhibit 1, which will be deemed filed and served as of the date of entry of this Order Granting Stipulation To Amend Complaint. The Consolidated First Amended Complaint (1) adds David Krueger as a Named Plaintiff; (2) adds Schneider Wallace Cottrell Konecky Wotkyns LLP as Class Counsel; and (3) adds the claims asserted in the *Krueger* action, all of which shall relate back to the date of filing the original complaint.

Defendant's response to the Consolidated Amended Complaint will be due to be filed thirty (30) days from the Court's approval of this Stipulation.

IT IS SO ORDERED.

DATED: 11/20/15



The Honorable
United States District                                    of California
Judge Edward M. Chen

IT IS SO ORDERED

8

STIPULATION AND [PROPOSED] ORDER TO AMEND THE COMPLAINT
*Viceral, et al. v. Mistras Group, Inc., et al.*, Case No. 3:15-cv-02198-EMC

EXHIBIT "1"

1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 090058)
2  Christina Humphrey, Esq. (SBN 226326)
   Leslie H. Joyner, Esq. (SBN 262705)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California 91301
4  Telephone: 818-991-8080
   Facsimile: 818-991-8081
5  ssaltzman@marlinsaltzman.com
   chumphrey@marlinsaltzman.com
6  ljoyner@marlinsaltzman.com

7  **SCHNEIDER WALLACE COTTRELL**
   **KONECKY WOTKYNS LLP**
8  Carolyn Hunt Cottrell (SBN 166977)
   Nicole N. Coon (SBN 286283)
9  2000 Powell Street, Suite 1400
   Emeryville, California 94608
10 San Francisco, California 94104
   Tel: (415) 421-7100
11 Fax: (415) 421-7105

12 **UNITED EMPLOYEES LAW GROUP, P.C.**
   Walter Haines, Esq. [SBN 71075]
13 5500 Bolsa Ave., Suite 201
   Huntington Beach, CA 92649
14 Phone: (888) 474-7242 | Fax: (562) 256-1006

15 Attorneys for Plaintiffs and
   the Putative California Class and Subclass and FLSA Collective
16

**UNITED STATED DISTRICT COURT**

17
**NORTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of themselves and all others similarly situated, | Case No. 3:15-cv-02198-EMC |
| | Honorable Edward M. Chen |
| 20 | **CLASS ACTION** |
| 21   Plaintiffs, | **CONSOLIDATED FIRST AMENDED** |
| 22  v. | **COMPLAINT** |
| 23  MISTRAS GROUP, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | 1.  **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME (29 U.S.C. §§ 201 *ET SEQ.*)** |
| 24 | |
| 25 | 2.  **FAILURE TO PAY FOR ALL HOURS WORKED (CAL. LABOR** |
| 26   Defendants. | **CODE §§ 200, 221-223, 1194, 1198)** |
| 27 | 3.  **FAILURE TO PAY OVERTIME** |
| 28 | **(CAL. LABOR CODE §§ 200, 510,** |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1194)
4.    **FAILURE TO PROVIDE COMPLIANT MEAL PERIODS (CAL. LABOR CODE §§ 204, 223, 226.7, 512, 1198)**
5.    **FAILURE TO PROVIDE REST BREAKS (CAL. LABOR CODE §§ 226.7)**
6.    **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (CAL. LABOR CODE § 226(a))**
7.    **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION (CAL. LABOR CODE §§ 201-203)**
8.    **UNLAWFUL BUSINESS PRACTICES (CAL. BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*)**
9.    **CIVIL PENALTIES UNDER CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT (CAL. LABOR CODE §§ 2698, *ET. SEQ.*)**

**DEMAND FOR A JURY TRIAL**

## CONSOLIDATED FIRST AMENDED COMPLAINT

Plaintiffs Edgar Viceral ("Viceral") and David Krueger ("Krueger") (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, hereby submit their Consolidated First Amended Class Action Complaint against Defendants Mistras Group, Inc., and DOES 1-100 (collectively "Defendants" or "Mistras") on behalf of themselves and all other similarly situated individuals employed by Defendants as non-exempt hourly examiners and technicians, for (1) violations of the California Labor Code, the California Business and Professions Code, and the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders") including failure to pay all wages earned, failure to properly pay all overtime wages, failure to provide legally compliant meal and rest periods and corresponding premium pay, failure to provide accurate wage statements, failure to pay all wages owed upon termination or quit; and (2) violations of the Fair Labor Standards Act ("FLSA") including failure to pay proper overtime.

## INTRODUCTION

1.     Plaintiffs file this Consolidated First Amended Complaint to coordinate the following two actions: *Edgar Viceral, et al. v. Mistras Group, Inc., et al.* and *David Krueger, on behalf of himself and all others similarly situated v. Mistras Group, Inc., a Delaware corporation, and DOES 1 through 100*, Case No. 2:15-cv-01069 (E.D. Cal. Apr. 10, 2015) to (1) add David Krueger as a Named Plaintiff; (2) add Schneider Wallace Cottrell Konecky Wotkyns LLP as Class Counsel; and (3) add the claims asserted in the *Krueger* action, all of which relate back to the original date of filing of *Edgar Viceral, et al. v. Mistras Group, Inc., et al.*

2.     This proposed Class and Collective action challenges Defendants' systemic illegal employment practices wherein they willfully require Plaintiffs and the other putative class and collective action members to work off-the-clock, including overtime in excess of 40 hours per week, but refuse to pay Plaintiffs and the other putative class and collective action members for that time under the FLSA. Additionally, Plaintiffs allege that Defendants have violated California law when they: (1) fail to pay the California Class for all hours worked, including minimum wages, wages at the agreed rate and overtime wages; (2) fail to provide, authorize, or permit the

California Class to take compliant meal and rest breaks, while also refusing to pay premium pay for these missed breaks; (3) fail to furnish compliant wage statements to the California Class; and (4) fail to timely pay all wages owed to the California Class Members, who have ended their employment. These violations amount to violations of California's Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.*

3. The Acts complained of herein have occurred, are presently occurring, and are expected to continue occurring through the date of judgment in this matter.

4. Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for all unpaid wages and monetary amounts owed, including but not limited to: unpaid wages for time worked, unpaid overtime, premium pay for missed meal and rest periods, waiting-time penalties, and penalties under the California Private Attorneys General Act ("PAGA"). Plaintiffs also seek declaratory relief, and restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, the California Labor Code, and California Code of Civil Procedure § 1021.5.

## JURISDICTION

5. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions, 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

## VENUE

6. Venue is in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times, Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

## PARTIES

7. At all times relevant to this Consolidated First Amended Complaint, Plaintiffs were residents of the State of California.

8. Plaintiff Edgar Viceral is an individual over the age of eighteen. Viceral was

1 | employed by Defendant Mistras as a non-exempt non-destructive examiner. Viceral worked for
2 | Defendants in the County of San Francisco, California during the Class and Collective periods.

3 |     9.    With respect to the FLSA claims, Viceral has consented to join this action by filing
4 | a written Consent to Join form with his initial complaint on April 13, 2015. (ECF Docket No. 1.)

5 |     10.    Plaintiff David Krueger is an individual over the age of eighteen. Krueger was
6 | employed by Mistras as a non-exempt hourly employee, as a Level II Technician, in Bakersfield,
7 | California from approximately May 1, 2014 through October 26, 2014.

8 |     11.    With respect to the FLSA claims, Krueger has consented to join this action by
9 | filing a written Consent to Join form on October 2, 2015. (ECF Docket No. 27.)

10 |     12.    Plaintiffs were responsible for inspecting the piping of Mistras's customers to
11 | identify and evaluate defects. Defendants assigned Plaintiffs to work at Defendant's client's
12 | worksites. Defendants scheduled Plaintiffs to work around eighty hours every two weeks and
13 | between ten and twelve hours per day.

14 |     13.    Similar to Plaintiffs, the other putative class and collective action members are
15 | current and former non-exempt hourly employees in California and throughout the United States,
16 | who worked as examiners and technicians.

17 |     14.    Plaintiffs are informed and believe that Mistras is a Delaware corporation and is
18 | an international company providing non-destructive testing ("NDT")_services to test integrity of
19 | energy, industrial and public infrastructure. In 2003, Mistras acquired CONAM Inspection.
20 | Mistras's NDT division does business throughout the United States, with its global headquarters
21 | in Princeton, New Jersey. Mistras has approximately 5,000 employees in over 100 hundred offices
22 | worldwide.

23 |     15.    Plaintiffs are informed, believe, and thereon allege that Defendants provide
24 | standard and innovative NDT, inspection, and engineering services for its customers. Defendants
25 | do business in California. Plaintiffs are further informed, believe, and allege that Defendants
26 | employ other non-exempt hourly employees throughout California.

27 |     16.    Mistras is a "person" as defined in California Labor Code § 18 and California
28 | Business and Professions Code § 17201. Mistras is also an "employer" as that term is used in the

1  California Labor Code, the IWC Wage Orders, and the FLSA.

2  **PROCEDURAL HISTORY**

3  17.  Plaintiff Viceral filed this action against Defendants on April 13, 2015, in the
4  Superior Court of California, San Francisco County as *Edgar Viceral, et al. v. Mistras Group,*
5  *Inc., et al.*, No. CGC-15-545291. (Ca. Super. Ct., San Francisco filed April 13, 2015).

6  18.  Defendants removed the state court action to this federal district court on May 15,
7  2015.

8  19.  Defendants filed its Notice of Other Action or Proceeding on May 27, 2015,
9  alerting the Court and Parties of a related action: *David Krueger, on behalf of himself and all*
10  *others similarly situated v. Mistras Group, Inc., a Delaware corporation, and DOES 1 through*
11  *100*, Case No. 2:15-cv-01069 (E.D. Cal. Apr. 10, 2015) proceeding before the Honorable
12  Morrison C. England, Jr. in the United States District Court, Eastern District of California
13  ("*Krueger*").

14  20.  *Krueger* was filed on April 10, 2015 in the Superior Court of California, County
15  of Kern.

16  21.  Defendants also filed a Notice of Related Case on May 27, 2015 in the *Krueger*
17  action, alerting the Court and Parties in that matter of the *Viceral* action.

18  22.  Following the filing of these Notices, the Parties in both actions met and
19  conferred on numerous occasions to address the relationship and possible coordination of the
20  matters. The Parties agreed that the Parties and claims in this matter overlap with the Parties and
21  substantive claims in the *Krueger* case, and that coordination of the two matters before a single
22  Court is appropriate. Specifically, the Parties agreed that *Krueger* will be combined with
23  *Viceral* before the Northern District of California by way of filing this Consolidated First
24  Amended Complaint in *Viceral* and adding the *Krueger* parties, claims, and counsel. The
25  *Krueger* Plaintiffs would request dismissal of the action before the Eastern District by way of a
26  stipulation.

27  23.  On September 9, 2015, the *Krueger* Court granted the *Krueger* parties' stipulated
28  request for dismissal and dismissed the case.

**FACTUAL ALLEGATIONS**

24.     Mistras is a global provider of technology-enabled asset protection solutions used to evaluate the structural integrity of critical energy, industrial, and public infrastructure. Mistras provides standard and innovative NDT, inspection, and engineering services for its customers.

25.     Mistras employs examiner-technicians, and other similarly-titled employees, to conduct NDT for structural integrity of energy, industrial and public infrastructure, such as oil and gas refineries, buildings, bridges, rollercoasters at theme parks, and other infrastructure requiring monitoring. Plaintiffs and the other putative class and collective action members conduct the testing on behalf of Mistras. Plaintiffs and the other putative class and collective action members typically work on-site of the Mistras customers while providing testing/monitoring services.

26.     Plaintiff Edgar Viceral was employed by Defendant Mistras as a non-exempt hourly non-destructive technician examiner from October 5, 2009, to November 6, 2014. Plaintiff worked at the Dow Chemical Plant in Pittsburgh, California, and was later transferred to the Valero Refinery in Martinez, California. As an examiner-technician, Plaintiff conducted NDT for structural integrity of energy, industrial and public infrastructure, such as oil and gas refineries, buildings, bridges, rollercoasters at theme parks, and other infrastructure requiring monitoring. Viceral was paid at a rate of $27.00 an hour. While employed at Mistras, Plaintiff was required to complete online training courses at home, for which he was not paid any compensation. The online training courses were mandatory, not compensated, and Defendant has record of how many online training courses he completed during his employment. In addition, Plaintiff Viceral was not provided proper meal breaks, and frequently worked through meal and rest breaks.

27.     Plaintiff David Krueger was employed by Mistras as a non-exempt hourly employee, as a Level II Technician, in Bakersfield, California from approximately May 1, 2014 through October 26, 2014. As a technician, Plaintiff was responsible for inspecting the piping of Mistras's customers to identify and evaluate defects. Mistras paid Plaintiff at a rate of $23.00 per hour. Defendant hired Plaintiff to work based out of its office at 21215 Kratzmeyer Road,

1 Bakersfield, California 93314. Defendant then assigned Plaintiff to work as a technician at
2 Defendant's client's worksites in Kern County. Defendant scheduled Plaintiff to work 80 hours
3 every two weeks on an alternative schedule. During the first week, Defendant scheduled Plaintiff
4 to work nine hours per day on Monday through Thursday and eight hours per day on Friday.
5 During the second week, Defendant scheduled Plaintiff to work nine hours per day Monday
6 through Thursday. Defendant actually required Plaintiff to typically work approximately twelve
7 hours per day Monday through Thursday during both weeks and approximately ten hours per day
8 on Fridays. Plaintiff Krueger regularly worked over 40 hours per week, typically between 48 and
9 60 hours per week.

10        28.    Similar to Plaintiffs, putative class and collective members are current and former
11 examiners and technicians of Defendant who work as non-exempt hourly employees in the United
12 States, including in California. Plaintiffs are informed, believe, and thereon allege that examiners
13 and technicians generally work four to five days per work, up to twelve hours per day and thus
14 over 40 hours per week. Plaintiffs are informed, believe, and thereon allege that the policies and
15 practices of Defendant Mistras have at all times been similar for Plaintiffs and other examiners
16 and technicians.

17        29.    Plaintiffs allege that Mistras has willfully engaged and continues to engage in
18 policies and practices of not compensating Plaintiffs and the other putative class and collective
19 action members for all hours worked or spent in the control of Mistras.

20        **Defendants' Failure to Pay Minimum Wages, Designated Rates and Overtime**

21        30.    Plaintiffs and the other putative class and collective action members frequently
22 work in excess of eight hours a day, typically between ten and twelve hours per day, and thus
23 over 40 hours per week or 80 hours every two weeks, but do not receive compensation for all
24 hours worked in compliance with the FLSA and/or California law.

25        31.    Under one illegal common policy and practice, Plaintiffs and the other putative
26 class and collective action members and are not compensated for all hours worked.

27        32.    Defendants require Plaintiffs the other putative class and collective action
28 members to participate in mandatory online training in addition to their day-to-day work, which

1 | often exceeds 40 hours per week. The purpose of online training is to certify Plaintiffs and the
2 | other putative class and collective action members to perform more complex tasks, for which
3 | Mistras then charges clients increased hourly rates. Many of the courses are mandatory and
4 | Mistras requires and keeps electronic logs of all time spent by Plaintiffs and the other putative
5 | class and collective action members to complete the online courses.

6 | 33. Despite mandating online training in addition to day-to-day work, Defendants
7 | maintain a policy and practice, which Plaintiffs allege to be common across all facilities
8 | nationwide, whereby Plaintiffs and the other putative class and collective action members are not
9 | paid for any time spent participating in mandatory online training.

10 | 34. As a result, Plaintiffs and other putative class and collective action members are
11 | required by Defendant Mistras to engage in this online training prior to and after working at
12 | minimum 40 hours per week. The additional time that Plaintiffs and putative class and collective
13 | action members spend completing mandated online training is regular time and overtime that goes
14 | unrecorded and uncompensated by Defendant Mistras under the FLSA and California law.

15 | 35. The above failure to pay for all time worked, including regular and overtime
16 | wages, for mandatory online training time is systematic and applied to Plaintiffs and the other
17 | putative class and collective action members and continues to be so.

18 | 36. Plaintiffs are informed and believe, and further based in part on personal
19 | observations, that their employment experiences with Defendants were the same or similar to
20 | other putative class and collective action members.

21 | 37. In addition, Defendants require Plaintiffs and the other putative class and
22 | collective action members to perform other significant work off-the-clock, including but not
23 | limited to travel and overtime work, which goes unrecorded and unpaid by Mistras.

24 | 38. In particular, Mistras requires Plaintiffs and the other putative class and collective
25 | action members to meet at designated meeting places each day, sometimes as early as 5:30 a.m.
26 | to drop off their personal vehicles and receive directives for the day. At these designated
27 | meeting sites, Mistras's management provides Plaintiffs and the other putative class and
28 | collective action members, with their work instructions and directives for the day. Mistras

1    supervisors inform Plaintiffs and the other putative class and collective action members, of the
2    worksites to which they are assigned to work for the day. Mistras management also provides
3    other instructions regarding the particular tasks to be completed for the day.

4    39.    After dropping off their personal vehicles at these designated meeting places as
5    instructed, Mistras requires Plaintiffs and the other putative class and collective action members,
6    to board company vans or trucks to be transported to the worksites to which they are assigned for
7    the day. Mistras prohibits Plaintiffs and the other putative class and collective action members,
8    from traveling in their own vehicles to worksites. In addition to owning the vehicles, Mistras also
9    pays for the expenses related to the vehicles including, but not limited to, fuel expenses. At the
10   end of each day, Mistras instructs Plaintiffs and the other putative class and collective action
11   members to re-board the Mistras vans and trucks at the worksites and drive and return to
12   Mistras's designated meeting places.

13   40.    Mistras requires Plaintiffs and the other putative class and collective action
14   members, to undertake these daily roundtrips to get to various worksites each day. Plaintiffs and
15   the other putative class and collective action members are subject to Defendants' control during
16   this time and suffered or permitted to work. Plaintiffs and the other putative class and collective
17   action members, are not permitted to travel to worksites on their own with their own
18   transportation.

19   41.    The worksites to which Defendants assign Plaintiffs and the other putative class
20   and collective action members to work at each day could be located miles away from Mistras's
21   designated meeting place, as example sometimes between forty to fifty miles. Employees' travel
22   time to each of the worksites could be upwards of approximately one hour in each direction. This
23   travel time adds approximately two hours of work time to employees' workdays. However,
24   Mistras instructs Plaintiffs and the other putative class and collective action members to only
25   record the time they are working at the worksites as their time worked. Mistras excludes travel
26   time to and from Mistras's designated meeting points to worksites from the calculation of time
27   worked. As a result, Plaintiffs and the other putative class and collective action members do not
28   record and are not compensated for travel time.

42. By requiring Plaintiffs and the other putative class and collective action members to take Defendants' transportation to worksites, Defendants subject Plaintiffs and the other putative class and collective action members to their control by determining when, where, and how Plaintiffs and the other putative class and collective action members are to travel. Such travel time constitutes hours worked by Class and Collective Members and is compensable.

43. Ultimately, Defendant Mistras schedules Plaintiffs and putative class and collective action members to work up to five days per week, nine hours per day. In actuality, Defendant Mistras requires Plaintiffs and putative class and collective action members to work upwards of twelve hours per day, five days per week, thus well in excess of 40 hours of week. However, Mistras instructs Plaintiffs and putative class and collective actions members not to record all time worked, including but not limited to that which is in excess of eight hours per day and 40 hours per week. As a result, Plaintiffs' and putative class and collective action members' regular time and overtime goes unrecorded and uncompensated under the FLSA and California law.

44. Plaintiffs are also informed, believe, and thereon allege that Mistras improperly purports to adopt and implement alternative workweek schedules to avoid properly compensating Plaintiffs and the other putative class and collective action members under California wage laws, including those regarding regular and overtime compensation.

45. Plaintiffs are informed, believe, and thereon allege that Defendants implement, including but not limited to, two-week alternating schedules, whereby Plaintiffs and the other putative class and collective action members are scheduled to work four nine-hour days plus one eight-hour day during the first week and four nine-hour days during the second week, for a total of 80 hours every two weeks. Mistras actually required and continues to require Plaintiffs and the other putative class and collective action members to work ten to twelve hours per day, respectively, under its alternative workweek schedules.

46. Defendants prohibit Plaintiffs and the other putative class and collective action members from recording the actual time they work, which is typically twelve hours per day.

1   Defendants' management instructs employees that they can only record their time worked as
2   eight or nine hours because management does not approve overtime work.

3       47.     Plaintiffs are informed, believe, and thereon allege that Defendants unlawfully
4   adopted and/or notified Plaintiffs and the other putative class and collective action members of
5   its alternative workweek schedules.

6       48.     Defendants unilaterally inform Plaintiffs and the other putative class and
7   collective action members of their workweek schedules, without negotiation, requiring Plaintiffs
8   and the other putative class and collective action members to work upwards of twelve hours per
9   day.

10      49.     Even if Defendants' alternative workweek schedule comports with all
11  requirements of California law, Defendants' policies and practices are nevertheless unlawful for
12  the other reasons set forth herein.

13                  **Defendants' Failure to Provide Meal Breaks**

14      50.     Defendants have other illegal policies and practices. Defendants further maintain
15  a policy, custom and/or practice of not providing compliant meal periods to Plaintiffs and the
16  other putative class and collective action members.

17      51.     Despite long work days often lasting twelve hours, management instructs Plaintiffs
18  and the other putative class and collective action members to take their meal periods in their sixth
19  or seventh hour of work. In addition, Plaintiffs and the other putative class and collective action
20  members routinely work more than ten hours, but Defendants do not make a second meal period
21  available to them.

22      52.     Defendants' policy, custom, and practice is to not pay Plaintiffs and the other
23  putative class and collective action members the premium wage of one hour at their respective
24  regular rates, when compliant meal periods are not authorized and permitted or could not be taken.

25                  **Defendants' Failure to Provide Rest Periods**

26      53.     Like meal breaks, Defendants also have a policy, custom, and/or practice of not
27  providing mandated second rest breaks for employees who work a shift of more than eight hours.

28      54.     Defendants' policy, custom, and practice is to not pay Plaintiffs and the other

1  putative class and collective action members the premium wage of one hour at their respective
2  regular rates, when rest periods are not authorized and permitted or could not be taken.

3  **Defendants' Failure to Provide Accurate, Itemized Wage Statements**

4  55.     Under another common policy and practice, Defendants fail to provide compliant
5  itemized wage statements to Plaintiffs and the other putative class and collective action members.

6  56.     Defendants issue itemized wage statements to Plaintiffs and the other putative
7  class and collective action members every week, which is their pay cycle. The wage statements
8  do not reflect any time spent participating in mandatory online training or time spent traveling to
9  and from customers' worksites as previously alleged.

10  57.     As a result of failing to pay for all time worked and failing to pay premium wages
11  for meal and rest periods that were not compliant or not provided, Defendants issue inaccurate
12  itemized wage statements to the Plaintiffs and the other putative class and collective action
13  members who work such hours and/or who are not provided with the meal and rest breaks. The
14  wage statements also do not show all required information, including but not limited to all ours
15  worked and corresponding rates of pay and are further not understandable.

16  58.     Moreover, Defendants did not maintain adequate records of all wages earned, hours
17  worked and meal breaks taken.

18  **Defendants' Failure to Pay Wages Due on Termination**

19  59.     As a result of failing to pay for all time worked and failing to pay premium wages
20  for meal and rest periods that are not compliant or not provided, Defendants fail to pay all earned
21  wages to employees, whose employment with the Defendants terminated.

22  **Facts Regarding Willfulness**

23  60.     Plaintiffs are informed and believe and based thereon allege that Defendants are
24  and were advised by skilled lawyers, other professionals, employees with human resources
25  background and advisors with knowledge of the requirements of California and federal wage and
26  hour laws.

27  61.     Plaintiffs are informed and believe and based thereon allege that at all relevant
28  times Defendants knew or should have known that Plaintiffs and the other putative class and

1    collective action members were entitled to compensation for all hours worked, including minimum
2    wages, wages at the agreed rate and overtime compensation.

3        62.    Plaintiffs are informed and believe and based thereon allege that at all relevant
4    times Defendants had a consistent policy or practice of failing to compensate Plaintiffs and the
5    other putative class and collective action members for all hours worked.

6        63.    Plaintiffs are informed and believe and based thereon allege that at all relevant
7    times Defendants knew, or should have known, that Plaintiffs and the other putative class and
8    collective action members were entitled to receive duty-free meal periods within the first five (5)
9    hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants
10   to pay Plaintiffs one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

11       64.    Plaintiffs are informed and believe and based thereon allege that at all relevant
12   Defendants had a consistent policy or practice of failing to provide Plaintiffs and the other putative
13   class and collective action members with compliant meal and rest periods and one (1) hour of
14   wages per day for untimely, missed, or on-duty meal periods.

15       65.    Defendants' unlawful conduct has been widespread, repeated, and willful
16   throughout California. Defendant knew or should have known that its policies and practices have
17   been unlawful and unfair.

18                    **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

19       66.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding
20   paragraphs.

21       67.    Plaintiffs bring their first cause of action as a nationwide "opt-in" collective action
22   pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the following class of
23   persons (hereinafter, the "FLSA Class"):

24       All persons who were employed as non-exempt hourly employees as examiners and
         technicians in the United States, or anywhere else the FLSA governs, by any of the
25       Defendants during any part of the time period beginning three years prior to the
         filing of the initial complaint in this action and who elect to opt-in to this action
26       pursuant to the FLSA, 29 U.S.C. §216(b) ("FLSA Class").

27
28       68.    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29

─────────────────────────────────────────────

1 | U.S.C. § 216(b).

2 | 69. Plaintiffs, on behalf of themselves and the members of the FLSA Class, seek
3 | relief on a collective basis challenging Defendants' policies and practices of failing to properly
4 | pay Plaintiffs and the other members of the FLSA Class for all hours worked, including
5 | minimum wages, wages at the agreed rate and overtime compensation for hours worked over 40
6 | hours per week. The number and identity of other members of the FLSA Class yet to opt-in and
7 | consent to be party-plaintiffs may be determined from Defendants' records, and potential opt-ins
8 | may be easily and quickly notified of the pendency of this action.

9 | 70. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an
10 | "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are
11 | similar to the claims of the members of the FLSA Class.

12 | 71. Plaintiffs and the other members of the FLSA Class are similarly situated, as they
13 | have substantially similar job duties and requirements and are subject to a common policy,
14 | practice, or plan that requires them to perform work without compensation in violation of the
15 | FLSA.

16 | 72. Plaintiffs will fairly and adequately represent and protect the interests of the
17 | members of the FLSA Class. Plaintiffs have retained counsel competent and experienced in
18 | employment and wage and hour class action and collective action litigation.

19 |
20 | 73. Plaintiffs contemplate providing a notice or notices to all of the members of the
21 | FLSA Class, as approved by the Court, to be delivered through the United States mail. The
22 | notice or notices shall, among other things, advise each member of the FLSA Class that they
23 | shall be entitled to "opt in" to the FLSA action if they so request by the date specified within the
24 | notice, and that any judgment on the FLSA action, whether favorable or not, entered in this case
25 | will bind all of the FLSA Class members who timely request inclusion in the class.

26 | **CLASS ACTION ALLEGATIONS UNDER CALIFORNIA LAW**

27 | 74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding
28 | paragraphs.

Consolidated First Amended Complaint

75.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of the following class of individuals:

All persons employed by any of the Defendants in a non-exempt hourly position as examiners and technicians within the State of California during any part of the time period beginning four years prior to the filing of the initial complaint in this action, up to the date judgment is rendered in this matter ("California Class").

76.     Plaintiffs further seek to establish the following subclass defined as all members of the California Class who are no longer employed by Defendants herein.

77.     **Numerosity and Ascertainability:** Plaintiffs are informed and believe and based on such information and belief allege that during the class period, hundreds of putative class members have worked for Defendants. Because so many persons have worked for Defendants, the members of the California Class are so numerous that joinder would be impractical, if not impossible. While the exact number and specific identities of the members of the California Class are presently unknown to Plaintiffs, this information can be readily determined by reviewing Defendants' records.

78.     **Commonality/Predominance:**     Plaintiffs are informed and believe and based on such information and belief allege that common issues predominate, as numerous questions of law and fact are common to allof the members of the California including, without limitation:

a. Whether Defendants failed to implement valid alternative workweek schedules in accordance with the Labor Code and applicable Wage Orders;

b. Whether Defendants unlawfully adopted and/or notified Plaintiffs and the other putative California Class members of their alternative workweek schedules in violation of the Labor Code and applicable Wage Orders;

c. Whether Defendants failed to properly pay minimum wages for all hours worked by Plaintiffs and the other members of the putative California Class, including, but not limited to, mandatory training and travel time;

d. Whether Defendants failed to properly pay wages at the agreed rate for all hours worked by Plaintiffs and the other members of the putative California Class,

Consolidated First Amended Complaint

1    including, but not limited to, mandatory training and travel time;

2    e.  Whether Defendants failed to pay straight time or overtime compensation, at
3         either one and one-half (1 ½) times or double the regular rate of pay, to Plaintiffs
4         and the other putative California Class members in violation of the Labor Code
5         and applicable Wage Orders;

6    f.  Whether Defendants employed a common policy or practice of failing to pay
7         overtime wages to Plaintiffs and the other putative California Class members for
8         all overtime hours worked, including mandatory training and travel time;

9    e.  Whether Defendants have had a policy, custom, and/or practice of failing to
10        authorize and permit legally required meal periods;

11   f.  Whether Defendants have had a policy, custom, and/or practice of failing to pay
12        premium wages when legally required meal breaks were not compliant;

13   g.  Whether the Defendants have had a policy, custom, and/or practice of failing to
14        authorize and permit legally required rest breaks;

15   h.  Whether Defendants have had a policy, custom, and/or practice of failing to pay
16        premium wages when legally required rest breaks were not authorized and
17        permitted;

18   i.  Whether Defendants have had a policy, custom, and/or practice of failing to
19        maintain required business records applicable to the Plaintiffs and the other
20        putative California Class members;

21   j.  Whether Defendants have had a policy, custom, and/or practice of failing to
22        provide Plaintiffs and the other putative California Class members with accurate
23        itemized pay statements;

24   k.  Whether Defendants have had a policy, custom, and/or practice of failing to
25        provide Plaintiffs and the other putative California Class members with itemized
26        pay statements that contain all the information required by law;

27   l.  Whether Defendants failed to pay Plaintiffs and the other California Class
28        members, who have been terminated or quit, all earned wages at the required time

Consolidated First Amended Complaint

1                      at or after their separation from employment with Defendants;

2             m.  Whether the Defendants' actions, as alleged herein were willful; and

3             n.  Whether the Defendants' actions, as alleged herein, were unlawful and constitute

4                  unfair business practices.

5        79.    **Typicality:**   Plaintiffs are informed and believe and based on such information

6 and belief allege that Plaintiffs' claims are typical of the claims of the members of the putative

7 California Class whom they seek to represent. Viceral and Kruger are members of the Putative

8 Class. Plaintiffs, themselves, have suffered and been damaged by the alleged violations of the

9 Labor Code, applicable Wage Orders, and Business and Professions Code herein alleged.

10        80.    **Adequacy of Representation:** Plaintiffs are informed and believe and based on

11 such information and belief allege that Plaintiffs are fully prepared to take all necessary steps to

12 represent, fairly and adequately, the interests of the members of the putative California Class.

13 Plaintiffs are adequate representatives of the putative California Class because Plaintiffs are also

14 members of the Class and Subclass and because Plaintiffs' interests do not conflict with the

15 interests of the members of the putative California Class and Subclass they seeks to represent.

16 Plaintiffs have retained counsel competent and experienced in the prosecution of complex wage-

17 and-hour class actions pending in the California state and federal courts, as well as elsewhere in

18 the United States and Plaintiffs and their counsel intend to prosecute this action vigorously for

19 the benefit of the Class.

20        81.    **Superiority:**  A class action is the superior means of litigating the Class

21 Members' claims. Plaintiffs are informed and believe and based on such information and belief

22 allege that this action is properly brought as a class action, not only because the prerequisites of

23 Rule 23 and common law related thereto are satisfied (as outlined above), but also because the

24 claims set forth herein are based on Defendants' systemic treatment of Plaintiffs and the putative

25 California Class members and, as such, the same body of evidence necessary to prove one claim

26 would be accessed to prove each putative California Class member's claim. Proof of Defendants'

27 wrongdoing may be shown by a common body of evidence. It is preferable, from an efficiency

28 and case management standpoint, that the claims of all of the putative California Class members

---

be litigated as a single litigation, rather than as dozens of individual claims. The aggregation of these claims will act as a deterrent to Defendants and similarly situated employers to cease and desist from the business practices challenged herein and will advance the State's declared public policy of construing the labor laws with an eye toward protecting employees.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure To Pay Overtime Wages
### (29 U.S.C. §§ 201, *et seq.*)

### (By Plaintiffs and the FLSA Collective Against All Defendants)

82.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

84.     At all times material herein, Plaintiffs and the other members of the FLSA Class were or have been covered employees entitled to the rights, protections, and benefits provided under the FLSA, within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

85.     At all times material hereto, Plaintiffs and the other members of the FLSA Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

86.     Defendants are covered employers required to comply with the FLSA's mandates. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Defendants employed Plaintiffs and the members of the FLSA Class as their employees.

87.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a work week.  29 U.S.C. § 207(a)(1).

88.     Defendants have violated the FLSA with respect to Plaintiffs and the other members of the FLSA Class, by, *inter alia,* failing to compensate Plaintiffs and the other members of the FLSA Class for all hours worked, including but not limited to training, and

1  overtime hours, and, with respect to such hours, failing to pay the legally mandated minimum

2  wage and/or overtime premium for work at one and one-half times their regular hourly wage for

3  hours worked in excess of 40 hours per week.

4       89.     Plaintiffs and the other members of the FLSA Class are entitled to damages equal

5  to the mandated pay, including minimum wage, straight time, and overtime premium pay within

6  the three years preceding the filing of the original complaint, plus periods of equitable tolling,

7  because Defendants have acted willfully and knew or showed reckless disregard for whether the

8  alleged conduct was prohibited by the FLSA.

9       90.     Defendants have acted neither in good faith nor with reasonable grounds to

10  believe that its actions and omissions were not a violation of the FLSA, and as a result thereof,

11  Plaintiffs and the FLSA Class are entitled to recover an award of liquidated damages in an

12  amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable

13  rate. 29 U.S.C. § 216(b).

14       91.     As a result of the aforesaid violations of the FLSA's provisions, pay, including

15  minimum wage, straight time, and overtime compensation, has been unlawfully withheld by

16  Defendants from Plaintiffs and the other members of the FLSA Class. Accordingly, Defendants

17  are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys'

18  fees, and costs of this action.

19       92.     Wherefore, Plaintiffs and the other members of the FLSA Class request relief as

20  hereinafter provided.

21  **SECOND CAUSE OF ACTION**
    **Failure To Compensate For All Hours Worked**
22  **(Labor Code §§ 200, 221-223, 1194, 1197, 1198 and the applicable Wage Order)**

23       **(By Plaintiffs and the California Class Against All Defendants)**

24       93.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

25  paragraphs.

26

27

28

Consolidated First Amended Complaint

94.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

95.     Labor Code § 1194(a) provides that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

96.     Pursuant to Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful. IWC Wage Order No. 16-2001(4)(A) states, "Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016."

97.     IWC Wage Order No. 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employee has state law rights, including but not limited to, to be compensated for training time as well as time spent traveling from a designated meeting point to a worksite and from the worksite back to the meeting point.

98.     Labor Code§ 223 provides "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

99.     Defendants require Plaintiffs and the other members of the putative California Class to perform work before, during, and after scheduled or paid shifts – including but not limited to attending pre-work meetings, completing required training programs, and traveling to and from Mistras' offices to worksites – off-the-clock without compensation for their work performed. In other words, Plaintiffs and the other members of the putative California Class are forced to perform work for the benefit of Defendants without compensation.

100.    At all times material hereto, Defendants' failure to pay Plaintiffs and the other

members of the putative California Class for all hours worked resulted in Plaintiffs and the other members of the putative California Class earning less than the legal minimum wage in the State of California. As a result, Defendants' conduct violates Labor Code §§ 1194, 1197, and 1198 and IWC Wage Order No. 16.

101. At all times material hereto, Defendants paid Plaintiffs and the other members of the putative California Class less than the agreed upon compensation owed to Plaintiffs and the other members of the putative California Class while purporting to pay the designated wage scale. As a result, Defendants' conduct violates Labor Code § 223.

102. Defendants owe Plaintiffs and the other members of the putative California Class minimum wages and liquidated damages pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197, IWC Wage Order No. 16-2001(4) due in amounts to be determined at trial during the three (3) years prior to the filing of the initial Complaint in this action. Defendants owe Plaintiffs and the other members of the putative California Class, wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial.

103. In violation of California law, Defendants knowingly and willfully refuse to perform its obligations to provide Plaintiffs and the other members of the putative California Class with compensation for all time worked. Specifically, Defendants require their non-exempt hourly employees to perform off-the-clock work, knowing that such work is performed before, during, and after scheduled or paid shifts. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiffs' and the other putative California Class members' rights. Plaintiffs and the other members of the putative California Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

104. Wherefore, Plaintiffs and the other members of the putative California Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Failure To Pay Overtime Wages
**(Labor Code §§ 510, 511, & 1194, and applicable Wage Order)**

**(By Plaintiffs and the California Class Against All Defendants)**

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

107. The IWC Wage Order 16-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
> . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek . . . .

108. In addition, Labor Code § 511 and the IWC Wage Order 16-2001 govern alternative workweek schedules. The IWC Wage Order 16-2001(3)(B)-(C) states in relevant part:

> (B) Alternative Workweek Schedules
> . . .
> (a) The alternative workweek schedule shall provide for work by the affected employees of no longer than ten (10) hours per day within a 40

hour workweek without the payment to the affected employees of an overtime rate of compensation pursuant to this section. (b) An affected employee working longer than eight (8) hours but no more than ten (10) hours in a day pursuant to an alternative workweek schedule adopted pursuant to this section shall be paid an overtime rate of compensation of not less than one and one-half (11/2) times the regular rate of pay of the employee for any work in excess of the regularly scheduled hours established by the alternative workweek agreement and for any work in excess of 40 hours per week. (c) An overtime rate of compensation of not less than double the employee's regular rate of pay shall be paid for any work in excess of 12 hours per day and for any work in excess of eight (8) hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement. . . .

(C) Election Procedures

. . .

(1)    Each proposal for an alternative workweek schedule shall be in the form of a written agreement proposed by the employer who has control over wages, hours, and working conditions of the affected employees, and adopted in a secret ballot election, held before the performance of work, by at least a two-thirds (2/3) vote of the affected employees in the work unit. The proposed agreement must designate a regularly scheduled alternative workweek in which the specified number of work days and work hours are regularly recurring. . . .

(2)    The election shall be held during regular working hours at the employees' work site. Ballots shall be mailed to the last known address of all employees in the work unit who are not present at the work site on the day of the election but have been employed by the employer within the last 30 calendar days immediately preceding the day of the election.

(3) Prior to the secret ballot vote, any employer who proposes to institute an alternative workweek schedule shall make a disclosure in writing to the affected employees, including the effects of the proposed arrangement on the employees' wages, hours, and benefits. Such a disclosure shall include meeting(s), duly noticed, held at least 14 days prior to voting, for the specific purpose of discussing the effects of the alternative workweek schedule. An employer shall provide the disclosure in a non-English language, as well as in English, if at least five (5) percent of the affected employees primarily speak that non-English language. Notices shall be mailed to the last known address of all employees in the work unit in accordance with provision (2) above. Failure to comply with this paragraph shall make the election null and void.

(4) Any election to establish or repeal an alternative workweek schedule shall be held during regular working hours at the work site of the affected employees. The employer shall bear the costs of conducting any election held pursuant to this section. Upon a complaint by an affected employee, and after an investigation by the labor commissioner, the labor

commissioner may require the employer to select a neutral third party to conduct the election.

. . .

(7) The results of any election conducted pursuant to this order shall be a public document and shall he reported by the employer to the Office of Policy, Research and Legislation within 30 days after the results are final. The report of the election results shall also be posted at the job site in an area frequented by employees where it may easily be read during the workday. The report shall include the final tally of the vote, the size of the unit, and the nature of the business of the employer.

. . .

109. Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

110. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

111. Defendants regularly require Plaintiffs and the other California Class members to work in excess of eight hours in a day (including days that exceeded 12 hours in a work day and workweeks that included a seventh day of work) during the Class Period, including but not limited to attending pre-work meetings, completing required training programs and traveling to and from Mistras' offices to worksites off-the-clock. Defendants do not compensate Plaintiffs or the other California Class members for their time spent performing their work duties.

112. Defendants' failure to compensate Plaintiffs and the other California Class members for their time worked, including overtime work, violates Labor Code § 510 and the applicable Wage Order.

113. Plaintiffs and the other California Class members are entitled to recover the unpaid balance of the full amount of overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

Consolidated First Amended Complaint

114.    Defendant's policy and practice of requiring Plaintiffs and the other putative California Class members to perform work pursuant to alternative workweek schedules is also unlawful. Plaintiffs are informed, believe, and thereon allege that Defendants failed to comply with the requirements for implementation of alternative workweek schedules and improperly avoided California wage laws, including those regarding overtime compensation.

115.    Defendants implement, including but not limited to, two-week alternating schedules, whereby Plaintiffs and the other putative California Class members are scheduled to work four nine-hour days plus one eight-hour day during the first week and four nine-hour days during the second week, for a total of 80 hours every two weeks. Mistras actually required and continues to require Plaintiffs and the other putative California Class members to work ten to twelve hours per day, respectively, under its alternative workweek schedule. However, Defendants do not compensate Plaintiffs and the other putative California Class members at an overtime rate for those hours in excess of eight hours each day.

116.    As a result of these unlawful policies, Plaintiffs and the other putative California Class members, have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

117.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the other putative California Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the other putative California Class Members in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

118.    Defendants are liable to Plaintiffs and the other putative California Class Members herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

119.    Wherefore, Plaintiffs and the other putative California Class Members request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure To Authorize, Permit, and/or Make Available Compliant Meal Breaks**
**(Labor Code §§ 226.7, 512, 558, & 1198, and applicable Wage Order)**

**(By Plaintiffs and the California Class Against All Defendants)**

120. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

121. Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

122. Plaintiffs allege that they and other members of the putative California Class were routinely not relieved of all duty for an entire 30 minutes that the opportunity for meal periods took place long-after the beginning of the sixth hour of work and were not provided a second meal period.

123. Labor Code § 226.7 requires that Defendants provide Plaintiffs and each of the putative California Class member all meal periods specified in the applicable Wage Order. It also requires and that Plaintiffs and each of the other putative California Class members are to be paid one additional hour of pay at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

124. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit Plaintiffs and the other members of the putative California Class to take the timely and compliant meal periods to which they are entitled.

125. Defendants have also failed to pay Plaintiffs and the other members of the putative California Class one hour of pay for each untimely, non-compliant meal period.

126. Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the other members of the putative California Class are entitled to compensation for the failure to authorize and permit meal periods, plus interest, attorneys' fees, expenses, and

1 | costs of suit.

2 |     127.    Wherefore, Plaintiffs and the other members of the putative California Class
3 | request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure To Authorize And Permit Required Rest Breaks**
**(Labor Code § 226.7 and applicable Wage Order)**

**(By Plaintiffs and the California Class Against All Defendants)**

8 |     128.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding
9 | paragraphs.

10 |     129.    The applicable Wage Order provides that every employer must authorize and
11 | permit all employees to take rest periods, which insofar as practicable shall be in the middle of
12 | each work period. The authorized rest period time is based on the total hours worked each day,
13 | at the rate of ten minutes net rest time per four hours worked or major fraction thereof. The
14 | applicable Wage Order declares that such authorized rest period time shall be counted as hours
15 | worked for which there shall be no deduction from wages.

16 |     130.    Labor Code § 226.7 and the applicable Wage Order direct that if the employer fails
17 | to provide a rest break in accordance with the applicable Wage Order, the employer shall pay one
18 | additional hour of pay at the employee's regular rate of compensation. Plaintiffs allege that
19 | Defendants did not authorize and permit the rest breaks required by the applicable Wage Order.
20 | Plaintiffs further allege that, notwithstanding any formal written policy to the contrary,
21 | Defendants' actual custom and business practice was to undermine any formal policy of providing
22 | rest breaks by pressuring Plaintiffs and the other members of the putative California Class to
23 | perform their duties in ways that omitted breaks, including, but not limited to, scheduling a heavy
24 | workload that made taking breaks extremely difficult, maintaining an informal anti-rest-break
25 | policy enforced through ridicule or reprimand, and exerting coercion against the taking of,
26 | creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

27 |     131.    Defendants did not pay Plaintiffs and the other putative California Class members
28 | the rest period premium of an additional hour of pay at the regular rate, whenever rest breaks were

Consolidated First Amended Complaint

1  not authorized and provided, as required by the Labor Code and the applicable Wage Order.

2     132.    Plaintiffs and the other putative California Class Members are entitled to be

3  compensated for an hour of time, at their regular rate, for each occasion when Defendants failed

4  to provide a required rest break plus interest, attorneys' fees, expenses and costs of suit.

5     133.    Wherefore, Plaintiffs and other putative California Class members request relief

6  as hereinafter provided.

7                        **SIXTH CAUSE OF ACTION**
                 **Failure To Provide Accurate Wage Statements**
8                **(Labor Code §§ 226, 226.3 and applicable Wage Order)**

9          **(By Plaintiffs and the California Class Against All Defendants)**

10    134.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

11 paragraphs.

12    135.    Pursuant to the Labor Code and the applicable Wage Order, every employer must

13 provide accurate itemized wage statements at the time employees are paid, showing accurate

14 figures for, *inter alia*, gross wages earned, total hours worked, net wages earned, and all

15 applicable hourly rates in effect during the pay period and the corresponding number of hours

16 worked at each hourly rate by the employee.

17    136.    Labor Code § 226(a) provides: Every employer shall, semimonthly or at the time

18 of each payment of wages, furnish each of his or her employees, either as a detachable part of the

19 check, draft, or voucher paying the employee's wages, or separately when wages are paid by

20 personal check or cash, an accurate itemized statement in writing showing (1) gross wages

21 earned, (2) total hours worked by the employee, except for any employee whose compensation is

22 solely based on a salary and who is exempt from payment of overtime under subdivision (a) of

23 Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of

24 piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

25 (4) all deductions, provided that all deductions made on written orders of the employee may be

26 aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

27 which the employee is paid, (7) the name of the employee and his or her social security number,

28 (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly

Consolidated First Amended Complaint

1  rates in effect during the pay period and the corresponding number of hours worked at each
2  hourly rate by the employee. The deductions made from payments of wages shall be recorded in
3  ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the
4  statement or a record of the deductions shall be kept on file by the employer for at least four
5  years at the place of employment or at a central location within the State of California.

6       137.   Labor Code § 1174 requires that every person employing labor in this state shall
7  keep (1) a record showing the names and addresses of all employees employed and the ages of
8  all minors; (2) at a central location in the state or at the plants or establishments at which
9  employees are employed, payroll records showing the hours worked daily by and the wages paid
10 to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees
11 employed at the respective plants or establishments; (3) such records in accordance with rules
12 established for this purpose by the commission, but in any case, on file for not less than three
13 years. This statute also prevents an employer from prohibiting an employee from maintaining a
14 personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.
15 Defendants have willfully failed to keep the records required by § 1174.

16      138.   Plaintiffs allege that they and the other putative California Class members did not
17 receive accurate itemized wage statements, as required by law, in that the wage statements
18 provided to them did not accurately reflect correct figures for gross wages earned, total hours
19 worked, net wages earned, and/or all applicable hourly rates in effect with the corresponding
20 number of hours worked at each hourly rate.

21      139.   As alleged herein above, Defendants did not keep accurate timekeeping or payroll
22 records and, at any rate, Defendants failed to provide accurate and complete information, as
23 required by law, and Plaintiffs and the other putative California Class members could not easily
24 and promptly determine from their wage statements, alone, that they had been properly paid.

25      140.   This is because, in part, Defendants do not count as "hours worked" the off-the-
26 clock time Plaintiffs and the other members of the putative California Class work, including time
27 spent for mandated training and travel time. In addition, overtime hours worked and applicable
28 overtime rates and premium pay for missed breaks is not listed on the wage statements, such that

1   no calculations could be performed to derive the accurate times, rates, and pay that should have
2   been part of their compensation. The information to make such determinations cannot be readily
3   ascertained by the wage statement, standing alone, or without reference to other documents or
4   information.

5       141.    As a result of Defendants' failure to provide the accurate itemized wage statements
6   required by law, Plaintiffs and the other putative California Class members have been injured in
7   the manner set forth in the Labor Code in that they could not readily determine if they had been
8   paid all earned wages for each pay period.

9       142.    Plaintiffs and the other putative California Class members are entitled to the
10  penalty set forth in Labor Code § 226(e), to the civil penalty set forth in Labor Code §226.3, to
11  the penalty set forth in the applicable Wage Order, to costs of suit, and reasonable attorneys' fees.

12      143.    Wherefore, Plaintiffs and other putative California Class members request relief
13  as hereinafter provided.

14                                  **SEVENTH CAUSE OF ACTION**
                    **Failure To Pay All Earned Wages Upon Separation From Employment**
15                                    **(Labor Code §§ 200-203)**

16                  **(By Plaintiffs and the California Class Against All Defendants)**

17      144.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding
18  paragraphs.

19      145.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages
20  due within 24 hours after a discharge or 72 hours after a resignation from employment, if the
21  employee has given less than 72 hours' notice (or at the effective time of resignation if the
22  employee has given at least 72 hours' notice of resignation). Labor Code § 203 provides that if
23  an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to
24  pay the employee's daily wage as a penalty until the back wages are paid in full or an action is
25  commenced. The penalty is capped at 30 days of wages.

26      146.    Plaintiffs and the other putative California Class members are entitled to
27  compensation for all wages earned, including without limitation, the unpaid straight time
28  (minimum wages and designated rates), overtime, double time, premium wages for rest periods

1   and reporting time pay not provided, but to date have not received such compensation.

2   147.   More than 30 days have passed since the employment of Plaintiffs and other
3   members of the putative California Subclass ended. Defendants have not paid Plaintiffs and each
4   putative Subclass member all wages owed. As a consequence of Defendants' willful conduct in
5   not paying Plaintiffs and each putative Subclass member all earned wages at the time their
6   employment with Defendants ended, Plaintiffs and those putative Subclass members are entitled
7   to 30 days' wages as a penalty under Labor Code § 203 and interest thereon.

8   148.   Wherefore, Plaintiffs and other putative California Subclass members request
9   relief as hereinafter provided.

10
## EIGHTH CAUSE OF ACTION
### Unfair Business Practices
### (Business and Professions Code §§ 17200 et seq.)

11

12   ### (By Plaintiffs and the California Class Against All Defendants)

13   149.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding
14   paragraphs.

15   150.   Section 17200 of the California Business and Professions Code prohibits any
16   unlawful, unfair or fraudulent business act or practice.

17   151.   Plaintiffs and the other members of the putative California Class have suffered
18   injury in fact and loss of wages and monies as a result of Defendants' actions.

19   152.   The actions of Defendants, as herein alleged, amount to conduct which is unlawful
20   and a violation of law. As such, said conduct constitutes unfair business practices, in violation of
21   Business and Professions Code §§ 17200 et seq.

22   153.   Defendants' conduct as herein alleged has damaged Plaintiffs and the other
23   members of the putative California Class by denying them wages due and payable. As a result of
24   such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the
25   other members of the putative California Class.

26   154.   All members of the putative California Class can be identified by reference to
27   payroll and related records in the possession of the Defendants. The amount of wages due to
28

Consolidated First Amended Complaint

1 Plaintiffs and the other members of the putative California Class can be readily determined from
2 Defendants' records. Plaintiffs and the members of the putative California Class are entitled to
3 restitution of monies due and obtained by Defendants during the class period as a result of
4 Defendants' unlawful and unfair conduct.

5     155. At all times material hereto, Defendants committed, and continue to commit acts
6 of unfair competition as defined by §§ 17200 *et seq*. of the Business and Professions Code, by
7 and among other things, engaging in the acts and practices described above.

8     156. Defendants' course of conduct, acts, and practices in violation of the California
9 laws and regulations, as mentioned in each paragraph above, constitute distinct, separate and
10 independent violations of §§ 17200 *et seq*. of the Business and Professions Code.

11     157. The harm to Plaintiffs and the other members of the putative California Class of
12 being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of
13 Defendants' policies and practices and, therefore, Defendants' actions described herein constitute
14 unfair business practices or acts within the meaning of Business and Professions Code §§ 17200,
15 *et seq*.

16     158. Defendants' conduct described herein threatens an incipient violation of
17 California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise
18 significantly threatens or harms competition.

19     159. Defendants' course of conduct described herein further violates Bus. & Prof. Code
20 §§ 17200, *et seq*., in that it is fraudulent, improper, and/or unfair.

21     160. The unlawful, unfair, and fraudulent business practices and acts of Defendants as
22 described hereinabove have injured Plaintiffs and other members of the putative California Class
23 in that they were wrongfully denied the timely and full payment of wages owed to them.

24     161. Defendants have been unjustly enriched as a direct result of their unlawful
25 business practices alleged in this Complaint and will continue to benefit from those practices and
26 have an unfair competitive advantage if allowed to retain the unpaid wages.

27

28

1   162.    Business and Professions Code § 17203 provides that the Court may make such
2   orders or judgments as may be necessary to prevent the use or employment by any person of any
3   practice which constitutes unfair competition.

4   163.    As a direct and proximate result of the aforementioned acts and practices,
5   Plaintiffs and the Class have suffered a loss of money and property, in the form of unpaid wages
6   which are due and payable to them.

7   164.    Business and Professions Code § 17203 provides that the Court may restore to
8   any person in interest any money or property which may have been acquired by means of such
9   unfair competition. Plaintiffs and the other members of the putative California Class are entitled
10  to restitution pursuant to Business and Professions Code § 17203 for all wages and payments
11  unlawfully withheld from employees during the four-year period prior to the filing of this
12  Complaint.

13  165.    Plaintiffs' success in this action will enforce important rights affecting the public
14  interest and, in that regard, Plaintiffs sue on behalf of themselves and others similarly situated.
15  Plaintiffs and the other members of the putative California Class seek and are entitled to unpaid
16  wages, declaratory relief, and all other equitable remedies owing to them.

17  166.    Plaintiffs herein take the enforcement of these laws and lawful claims upon
18  themselves. There is a financial burden involved in pursuing this action, the action is seeking to
19  vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by
20  forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are
21  appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

22  167.    Wherefore, Plaintiffs and other putative California Class members request relief
23  as hereinafter provided.

24

25

26

27

28

Consolidated First Amended Complaint

# NINTH CAUSE OF ACTION
## Civil Penalties Under The
## California Private Attorneys General Act
## (Labor Code §§ 2699, *et seq.*)

### (By Plaintiffs and the California Class Against All Defendants)

158.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

159.    This action arises out of the allegedly unlawful labor practices of Defendants in California. Through this private attorneys general action, Plaintiffs represent themselves, and other aggrieved employees of Defendants that were in California, against whom Defendants have allegedly committed labor law violations alleged herein. As a result of the allegedly unlawful conduct described herein, Plaintiffs now seek to recover civil penalties, including the value of unpaid wages, attorneys' fees and costs, pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 558 and 2698, *et seq.*

160.    Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

161.    This PAGA claim is also brought against Defendants pursuant to provisions of the Labor Code including § 558 which permits liability of persons or employers who violate or cause to be violated Labor Code and IWC regulations. Labor Code § 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to any amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to

1   an amount sufficient to recover underpaid wages....

2   162.   Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiffs and the other

3   aggrieved employees of Defendants are entitled to, and seek to, recover civil penalties for

4   Defendants' violations of California Labor Code §§ 200, 201, 202, 203, 226, 226.7, 512, 1174,

5   1198, and 2802, during the applicable limitations period in the following amounts:

6       a.   For violations of California Labor Code §§ 200, 201, 202, 203, 226.7, and 2802,

7           one hundred dollars ($100.00) for each aggrieved employee per pay period for

8           each initial violation and two hundred dollars ($200.00) for each aggrieved

9           employee per pay period for each subsequent violation (penalty amounts

10          established by California Labor Code § 2699(f)(2));

11      b.   For violations of California Labor Code §1197, one hundred dollars ($100.00) for

12          each aggrieved employee per pay period for each initial violation and two

13          hundred dollars and fifty ($250.00) for each aggrieved employee per pay period

14          for each subsequent violation regardless of whether the initial violation is

15          intentionally committed (penalty amounts established by California Labor Code §

16          1197.1);

17      c.   For violations of California Labor Code §§ 221 and 223 one hundred dollars

18          ($100.00) for each aggrieved employee for each initial violation and two hundred

19          dollars ($200.00) for each aggrieved employee for each subsequent or willful

20          violation (penalty amounts established by California Labor Code §225.5);

21      d.   For violations of California Labor Code § 1174, five hundred dollars ($500.00)

22          for each of Defendants' violations in addition to any other penalties or fines

23          permitted by law (penalty amounts established by California Labor Code §

24          1174.5);

25      e.   For violations of California Labor Code §226, two hundred fifty dollars ($250.00)

26          per employee for initial violation and one thousand dollars ($1,000.00) per

27

28

Consolidated First Amended Complaint

employee for each subsequent violation (penalty amounts established by
California Labor Code §226.3);

f.  For violations of California Labor Code § 1174, five hundred dollars ($500) for
each of Defendants' violations in addition to any other penalties or fines permitted
by law (penalty amounts established by California Labor Code Section 1174.5);

g.  For violations of California Labor Code § 512 and, Wage Order 4-2001 Sections
9, 11, and 12, fifty dollars ($50.00) for each aggrieved employee for each initial
violation for pay period for which the employee was underpaid in addition to an
amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for
each underpaid employee for each pay period for which the employee was
underpaid in addition to an amount sufficient to recover unpaid wages (penalty
amounts established by California Labor Code §558).

h.  For violations of California Labor Code §558, fifty dollars ($50.00) for initial
violation, fifty dollars ($50.00) for each underpaid employee for each pay period
for which the employee was underpaid in addition to an amount sufficient to
recover unpaid wages; for each subsequent violation, one hundred dollars
($100.00) for each underpaid employee for each pay period for which the
employee was underpaid in addition to an amount sufficient to recover underpaid
wages.

163.    Pursuant to California Labor Code § 2699(g), Plaintiff, on behalf of himself and
the other aggrieved employees, are entitled to an award of reasonable attorneys' fees and costs.

164.    Plaintiffs seek the aforementioned penalties on behalf of the State, other
aggrieved employees, and themselves as set forth in Labor Code § 2699(h).

165.    Defendants are liable to Plaintiffs, the and the State of California for the civil
penalties set forth in this Complaint, with interest thereon. Plaintiffs are also entitled to an award
of attorneys' fees and costs as set forth below.

166.    Wherefore, Plaintiffs and the other aggrieved employees request relief as
hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Class, the Putative California Class and Subclass and other aggrieved employees pray for judgment against Defendants as follows:

    a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

    b. For a declaratory judgment that Defendants have violated the FLSA and California Labor Code and public policy as alleged herein;

    c. For a declaratory judgment that Defendant have violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

    d. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

    e. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

    f. For an order awarding Plaintiffs ,the members of the putative California Class and the members of the FLSA Class compensatory damages, including lost wages, earnings, and other employee benefits, restitution, treble damages, and all other sums of money owed together with interest on these amounts, according to proof;

    g. For an order awarding Plaintiffs, the members of the putative California Class and the members of the FLSA Class civil penalties pursuant to the FLSA and Labor Code provisions cited herein, with interest thereon.

    h. For an order awarding Plaintiffs, the members of the putative California Class and the members of the FLSA Class civil penalties pursuant to the FLSA and Labor Code provisions cited herein, with interest thereon.

1       i.  For an award of reasonable attorneys' fees as provided by the FLSA; California

2            Labor Code; California Code of Civil Procedure §1021.5; and/or other applicable

3            law;

4       j.  For all costs of suit;

5       k.  For interest on any damages and/or penalties awarded, as provided by applicable

6            law; and

7       l.  For such other and further relief as this Court deems just and proper.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Consolidated First Amended Complaint

**JURY DEMAND**

Plaintiffs, on behalf of themselves and all other similarly situated, hereby demand a trial by jury in this case.

Dated: November 11, 2015                           Respectfully Submitted,

By:     */S/ Christina A. Humphrey*                 .

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman
Christina A. Humphrey
Leslie H. Joyner

**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
Carolyn Hunt Cottrell
Nicole N. Coon

**UNITED EMPLOYEES LAW GROUP, P.C.**
Walter Haines

Attorneys for Plaintiff and
the Putative Class, Subclass and Collective

Consolidated First Amended Complaint