Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
Tina Mehr, Esq. (SBN 275659)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com
tmehr@marlinsaltzman.com

Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone:   (415) 421-7100
Facsimile:    (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Walter Haines, Esq. (SBN 71075)
UNITED EMPLOYEES LAW GROUP, P.C.
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone:   (888) 474-7242
Facsimile:    (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>                    Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF CAROLYN HUNT COTTRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>DATE:         August 18, 2016<br>TIME:         1:30 p.m.<br>CTRM:        5 |

---

1

Declaration of Carolyn Hunt Cottrell in Support of Plaintiffs' Motion For Preliminary Approval of Class and Collective Action Settlement, CASE NO. 3:15-cv-02198-EMC

**DECLARATION OF CAROLYN HUNT COTTRELL**

I, Carolyn Hunt Cottrell, declare:

1. I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would testify competently as to these facts.

2. This Declaration is submitted in support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement.

**QUALIFICATIONS, EXPERIENCE, AND EXPERTISE**

3. I am attorney duly licensed to practice law in the State of California (No. 166977). I am a member in good standing of the State Bar of California, I am admitted to the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California. I am admitted to the Ninth Circuit Court of Appeals, and I am a member of the Bar of the United States Supreme Court.

4. I am a partner at Schneider Wallace Cottrell Konecky Wotkyns LLP ("SWCKW"). SWCKW specializes in class action litigation in state and federal court.

5. SWCKW is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions.

6. SWCKW has acted or is acting as class counsel in numerous cases. A partial list of cases which have been certified and/or settled as class actions includes: *Guilbaud, et al. v. Sprint Nextel Corp. et al.,* (Case No. 3:13-cv-04357-VC) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes, et al v. Xpress Global Systems, Inc.,* (Case No. 34-2015-00180822 (Sacramento Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Jeter-Polk, et al. v. Casual Male Store, LLC, et al.,* (Case No. 5:14-CV-00891) (Central District of California) (final approval of class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid wages and waiting time penalties, and failure to provide itemized wage statements); *Meza, et al. v. S.S. Skikos, Inc., et al.,*

2

Declaration of Carolyn Hunt Cottrell in Support of Plaintiffs' Motion For Preliminary Approval of Class and Collective Action Settlement, CASE NO. 3:15-cv-02198-EMC

(Case No. 15-cv-01889-TEH) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina, et al. v. Railworks Track Systems, Inc.,* (Case No. BCV-15-10135) (Kern County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen, et al. v. County of Monterey, et al.*, (Case No. 5:13-cv-01659) (Northern District of California) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corporation*, (Case No. 3:07-052222) (Northern District of California) (settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted disabilities); *Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v.*

3

Declaration of Carolyn Hunt Cottrell in Support of Plaintiffs' Motion For Preliminary Approval of Class and Collective Action Settlement, CASE NO. 3:15-cv-02198-EMC

*First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); *Villalpando v. Exel Direct Inc., et al.* (Case Nos. 3:12-cv-04137 and 4:13-cv-03091) (Northern District of California) (certified class action on behalf of delivery drivers allegedly misclassified as independent contractors); *Choul, et al. v. Nebraska Beef, Ltd.* (Case Nos. 8:08-cv-90, 8:08-cv-99) (District of Nebraska) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Morales v. Farmland Foods, Inc.* (Case No. 8:08-cv-504) (District of Nebraska) (FLSA certification for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Barlow, et al. v. PRN Ambulance Inc.* (Case No. BC396728) (Los Angeles County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to and for off-the-clock work by certified emergency medical technicians); *Espinosa, et al. v. National Beef, et al.* (Case No. ECU0467) (Imperial Superior Court) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Wolfe, et al. v. California Check Cashing Stores, LLC, et al.* (Case Nos. CGC-08-479518 and CGC-09-489635) (San Francisco Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work by, employees at check cashing stores); *Carlson v. eHarmony* (Case No. BC371958) (Los Angeles County Superior Court) (final approval of class action settlement on behalf of gays and lesbians who were denied use of eHarmony); *Salcido v. Cargill* (Case Nos. 1:07-CV-01347-LJO-GSA,1:08-CV-00605-LJO-GSA) (Eastern District of California) (final approval of class action settlement for off-the-clock work by production-line employees of meat-packing plant); *Elkin v. Six Flags* (Case No. BC342633) (Los

Angeles County Superior Court) (final approval of class action settlement for missed meal and rest periods on behalf of hourly workers at Six Flags amusement parks); *Jimenez v. Perot Systems Corp.* (Case No. RG07335321) (Alameda County Superior Court) (final approval of class action settlement for misclassification of hospital clerical workers); *Chau v. CVS RX Services, Inc.* (Case No. BC349224) (Los Angeles County Superior Court) (final approval of class action settlement for failure to pay overtime to CVS pharmacists); *Reed v. CALSTAR* (Case No. RG04155105) (Alameda County Superior Court) (certified class action on behalf of flight nurses); *National Federation of the Blind v. Target* (Case No. C 06-01802 MHP) (N.D. Cal.) (certified class action on behalf of all legally blind individuals in the United States who have tried to access Target.com); *Bates v. United Parcel Service, Inc.* (2004 WL 2370633) (N.D. Cal.) (certified national class action on behalf of deaf employees of UPS); *Satchell v. FedEx Express, Inc.* (Case No. 03-02659 SI) (N.D. Cal.) (certified regional class action alleging widespread discrimination within FedEx); *Siddiqi v. Regents of the University of California* (Case No. C-99-0790 SI) (N.D. Cal.) (certified class action in favor of deaf plaintiffs alleging disability access violations at the University of California); *Lopez v. San Francisco Unified School District* (Case No. C-99-03260 SI) (N.D. Cal.) (certified class action in favor of plaintiffs in class action against school district for widespread disability access violations); *Campos v. San Francisco State University* (Case No. C-97-02326 MCC) (N.D. Cal.) (certified class action in favor of disabled plaintiffs for widespread disability access violations); *Singleton v. Regents of the University of California* (Case No. 807233-1) (Alameda County Superior Court) (class settlement for women alleging gender discrimination at Lawrence Livermore National Laboratory); *McMaster v. BCI Coca-Cola Bottling Co.* (Case No. RG04173735) (Alameda County Superior Court) (final approval of class action settlement for drive-time required of Coca-Cola account managers); *Portugal v. Macy's West, Inc.* (Case No. BC324247) (Los Angeles County Superior Court) (California statewide wage and hour "misclassification" class action resulting in a class-wide $3.25 million settlement); *Taormina v. Siebel Systems, Inc.* (Case No. RG05219031) (Alameda County Superior Court) (final approval of class action settlement for misclassification of Siebel's inside sales employees); *Joseph v. The Limited, Inc.* (Case No. CGC-04-437118) (San Francisco County Superior Court) (final approval of class action settlement for failure to provide

5

Declaration of Carolyn Hunt Cottrell in Support of Plaintiffs' Motion For Preliminary Approval of Class and Collective Action Settlement, CASE NO. 3:15-cv-02198-EMC

meal and rest periods to employees of The Limited stores); *Rios v. Siemens Corp.* (Case No. C05-04697 PJH) (N.D. Cal.) (final approval of class action settlement for failure to pay accrued vacation pay upon end of employment); *DeSoto v. Sears, Roebuck & Co.* (Case No. RG0309669) (Alameda County Superior Court) and *Lenahan v. Sears, Roebuck & Co.* (Case No. 3-02-CV-000045 (SRC) (TJB)) (final approval of class action settlement for failure to pay Sears drivers for all hours worked); among many others.

7. I have been a member of this firm since 1995. Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012 I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I earned my Bachelor's degree from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

8. In the prosecution of this case, my firm and my co-counsel, Marlin & Saltzman, LLP, a firm also experienced in wage and hour class actions, efficiently prosecuted this litigation and conducted relevant discovery. Our firms worked together to divide assignments, avoid duplication of efforts, and accomplish all tasks in the most efficient manner possible.

## PROCEDURAL HISTORY

9. Plaintiff alleges nine causes of action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Order, Business and Professions Code §§ 17200, *et seq.* ("UCL"), and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). In his first cause of action, Plaintiff

alleges, on behalf of an FLSA collective (the "FLSA Class"), that Defendants violated the FLSA by knowingly failing to maintain records of all hours worked, knowingly failing to compensate employees for all hours worked, including overtime and training hours. Plaintiff's remaining eight causes of action arise under California law: (1) failure to compensate for all hours worked, including but not limited to attending pre-work meetings, completing required training programs, traveling to and from Mistras's offices to worksites, and engaging in other off-the-clock work; (2) failure to pay overtime wages; (3) failure to authorize, permit, and/or make available meal periods; (4) failure to authorize, permit, and/or make available rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to timely pay all earned wages at the end of employment; (7) violation of the UCL for unlawful, unfair, and/or fraudulent business acts or practices; and (8) penalties pursuant to § 2698, *et seq.* of the California Private Attorney General Act ("PAGA").

10. The Parties engaged in an informal investigation and informal discovery. Class Counsel conducted numerous in-depth interviews of Class Members to validate the merits of the case. Plaintiffs prepared and served extensive written discovery. The Parties conducted numerous meet and confer sessions regarding the discovery. These efforts resulted in the production of additional documents and supplemental interrogatory responses. Specifically, Defendant produced thousands of pages of documents including: class lists, a list of Mistras offices, numerous handbooks and policies, payroll and timekeeping data, training records, alternative workweek documentation, and the documents for the Named Plaintiffs. Numerous depositions also took place. Plaintiffs deposed Defendant pursuant to FRCP 30(b)(6), including taking the depositions of Julie Marini (Mistras Group Vice President of Human Resources) and Dennis Bertolotti (Mistras President of Group Services/Interim CEO). Plaintiff Krueger was also deposed on March 10, 2016. ClassCounsel have also made a thorough study of the legal principles applicable to the claims asserted against Defendants.

11. Plaintiff's Counsel based their damages analysis and settlement negotiations on the formal

informal discovery described above. The approximate net amount being disbursed to Class Members is $3,888,559.65[1].

12. The settlement amount is fair, reasonable, and adequate. The settlement amount takes into account the substantial risks inherent in any class and collective action wage-and-hour case, the status of the litigation, and the specific defenses asserted by Defendants. Settlement awards will be distributed to Settlement Class Members on a proportional basis based on the amount of weeks each Class Member worked.

13. The Parties mediated this dispute on April 5, 2016 before Mark Rudy, a respected and experienced wage and hour mediator. The Parties' engaged in arm's-length negotiations. After over 10 hours of extensive negotiations, the mediation concluded without a settlement, but with clear progress having been made. Thereafter, through Mr. Rudy's ongoing efforts, the Parties continued to discuss possible resolution of the Action. After over a month of such discussions, the Parties eventually agreed to broad settlement terms. The Parties then began to work through the drafting of a Settlement Agreement, which was finally executed by the Parties shortly before this motion was filed.

### THE SETTLEMENT

14. The Parties have resolved this matter in a Joint Stipulation of Settlement and Release ("Stipulation of Settlement or "Settlement"), a true and correct fully-executed copy of which is attached as **Exhibit 1** to the Declaration of Stan Saltzman. In addition, a true and correct copy of the Notice Packet is attached as **Exhibits 1-2** to the Stipulation of Settlement.

15. Defendants have agreed to pay a total of $6,000,00.00, the "Maximum Settlement Amount," to settle all aspects of this case. The "Net Settlement Proceeds," the amount that will be available to pay settlement awards to the Classes, is defined as the Maximum Settlement Amount less the Fee and Expense Award (Plaintiff will seek a fee award not to exceed 33 1/3% of the Maximum Settlement Amount, and an expense award for total costs, currently which total $42,000.00), the Service Payment (up to $7,500.00 for Plaintiff Viceral and $1,000.00 to Plaintiff Krueger), the

---

[1] This approximate amount is based on Simpluris's total current estimate.

8

Declaration of Carolyn Hunt Cottrell in Support of Plaintiffs' Motion For Preliminary Approval of Class and Collective Action Settlement, CASE NO. 3:15-cv-02198-EMC

PAGA Payment to the Labor and Workforce Development Agency based on the $20,000.00 allocated for the PAGA claims ($15,000.00), and Administration Costs (which are not to exceed $50,000.00[2]). At this time, the approximate Net Settlement Proceeds are estimated to be $3,888,559.65.

16. The "California Class" is defined to mean "all current and former hourly, non-exempt Technicians, Inspectors, and Examiners employed by Defendant in California at any time between April 10, 2011 up through the date of Final Approval."

17. The "FLSA Class" is defined as "all current and former hourly, non-exempt Technicians, Inspectors and Examiners who were employed by Defendant in the United States at any time between April 10, 2012 through the date of Final Approval."

18. 65% of the net settlement amount ("NSA") will be allocated to the California Class Fund and 35% will be allocated to the FLSA Class Fund, recognizing that the FLSA action alleged only one cause of action for off –the-clock overtime.  By contrast, even though the California Class was smaller than the FLSA Class, it not only alleged a failure to pay off-the-clock overtime, but also alleged causes of action under the California Labor Code for failure to pay minimum wages, failure to provide and pay for missed meal breaks, failure to provide and pay for missed rest breaks, failure to provide proper wage statements, waiting time penalties for failing to pay all wages due at the termination of employment, violation of California Business and Professions Code § 17200, *et seq*., and asserted claims under PAGA.  Moreover, data analysis, as well as interviews with Class Members, indicated that the amount of damage hours per week to be claimed were higher for the California Class Members as compared to those who worked outside of California.  The Parties further factored in the difficulty in proving the FLSA claims both from a merits and certification standpoint and the unique defenses asserted to that cause action by Defendant. With these factors in mind, and based on Class Counsels' belief that the California Class Members' damages were

---

[2]   Simpluris currently estimates administration costs to be about $41,000.00 plus $2,500.00 for Class Action Fairness Act ("CAFA") notice.

1  potentially twice the value of the FLSA Class Members, the two-to-one allocation was arrived at as
2  a reasonable reflection of the value of the claims.

3  19. California Class Members who do not opt out of the Settlement will be eligible to receive
4  their share of the Net Settlement Proceeds allocated to the California Class.  To recover a share of
5  the Net Settlement Proceeds allocated to the FLSA Class, a potential California FLSA Class
6  Member must opt in by timely cashing his or her settlement award.

7  20. Settlement awards will be distributed to Settlement Class Members on a proportional basis
8  based on the amount of weeks each Class Member worked. Pursuant to this formula a California
9  Class Member will receive approximately $1,248.00 for each year worked (estimated $24.00 per
10 week multiplied by 52 work weeks per year) for each year worked.  Thus, a California Class
11 Member that was employed the entire class period of 5.5 years stands to recover $6,864.00.  An
12 FLSA Class Member will receive approximately $263.00 for each year worked (estimated $5.06 per
13 week multiplied by 52 work weeks per year) and if employed for the entire class period of 4.5 years
14 stands to receive $1,183.00.

15 21. For tax purposes, one-third (1/3) of each Individual Settlement Payment shall be treated as
16 settlement for wage claims, which will be subject to required tax withholdings, and reported on an
17 IRS W¬2, one-third (1/3) shall be treated as settlement for penalties, and one-third (1/3) shall be
18 treated as interest, which will be paid without withholding any amount, and reported on a Form
19 1099.

20 22. Each Class Member will be notified of the number of weeks Defendants' records show that
21 he or she worked and their estimated recovery assuming full participation. Should a Class Member
22 dispute Defendants' records, that Class Member may submit evidence to the Settlement
23 Administrator establishing the dates he or she contends to have worked for Defendants.  The
24 Settlement Administrator shall notify the Parties of any disputes, and shall finally resolve any
25 disputes.  In this process, Defendants' records will be presumed determinative.

26 23. The Stipulation of Settlement contains four releases: California Released Claims, FLSA
27 Released Claims, and the released claims of the Named Plaintiffs. Specifically, Mr. Viceral will
28 execute a full release of all claims, while Mr. Krueger will retain his right to continue with a separate

individual action ongoing against the Defendant, for claims not included in this class action. In all of the releases, the "Released Parties" are " Defendant Mistras Group, Inc., its past or present successors and predecessors in interest, subsidiaries, affiliates, parents, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys." The releases impacting the Classes and Named Plaintiffs are appropriately tailored to the claims in this case.

24. The Parties have agreed to use Simpluris as the Settlement Administrator. Simpluris has estimated that its costs will be approximately $47,010.00. These costs are reasonable given the estimated value of the average individual claims, as they are appropriate to ensure that Class Members have a full opportunity to learn about the Settlement and to obtain their share of the Settlement, if they desire to do so.

**PRELIMINARY APPROVAL OF THE SETTLEMENT AS TO THE CALIFORNIA CLASS**

25. This class action settlement satisfies the requirements of Rule 23(a) and (b), and it is fair, reasonable, and adequate in accordance with Rule 23(e)(2).

26. Numerosity is met as the combined California Class and FLSA Class includes over 4,500 members.

27. Common questions of law and fact predominate thereby satisfying paragraphs (a)(2) and (b)(3) of Rule 23, as alleged in the operative complaint. Defendant has uniform policies applicable to all non-exempt hourly employees. Specifically, Plaintiffs allege that non-exempt Examiners, Technicians, and Inspectors are subject to the same: hiring and training process; timekeeping, payroll, and compensation policies; meal and rest period policies and practices; and uniform requirements and reimbursement policies. Plaintiffs' other derivative claims will rise or fall with the primary claims. Because these questions can be resolved at the same juncture, Plaintiffs contend the commonality requirement is satisfied for the Class.

28. Plaintiffs' claims are typical of those of all other hourly employees. They were subject to the alleged illegal policies and practices that form the basis of the claims asserted in this case. Interviews with Class members and review of timekeeping and payroll data confirm that the

employees throughout California were apparently subjected to the same alleged illegal policies and practices to which Plaintiffs were subjected.

29. Plaintiffs' claims are not antagonistic to the claims of members of the Class. There is no conflict between Plaintiffs and the Class in this case; Plaintiffs' claims are in line with the claims of the Class. Plaintiffs have prosecuted this case with the interests of the California Class and FLSA Class in mind. Moreover, Class Counsel has extensive experience in class action and employment litigation, including wage and hour class actions, and do not have any conflict with the class.

30. Plaintiffs contend the common questions raised in this action predominate over any individualized questions concerning the California Class. The Class is entirely cohesive because resolution of Plaintiffs' claims all hinge on the uniform policies and practices of Mistras, rather than any treatment the Class Members experienced on an individual level. As a result, the resolution of these alleged class claims will be resolved through the use of common forms of proof, such as Mistras's uniform policies, and will not require inquiries specific to individual Class Members.

31. Plaintiffs contend the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. The Class Members do not have a strong interest in controlling their individual claims. If the Class Members proceeded on these claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation. In contrast, the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation.

### APPROVAL OF THE SETTLEMENT AS TO THE FLSA CLASS

32. The Plaintiffs contend that the FLSA Class Members in this case are similarly situated in that they: have the same employment setting, carried out the same basic employment duties, and were subject to the same policies. As such, certification of the FLSA collective action is appropriate. There are no individualized defenses that defeat certification. Moreover, considerations of fairness and procedural efficiency also militate in favor of maintaining this case as a collective action and approving the Settlement.

## THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

33. A review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. The Net Settlement Amount of approximately $3,888,559.65, derived from a Gross Settlement Amount of $6,000,000.00, will result in fair and just relief to Class Members. The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation. Furthermore, the final settlement amount takes into account the substantial risks inherent in any class action wage-and hour case, as well as the specific defenses asserted by Defendant, many of which were supported by the declarations gathered and produced by Defendant.

34. In an effort to further ensure fairness for the employees, the Parties have agreed to allocate the settlement proceeds amongst California Class and FLSA Class Members that track each of the substantive violations and some of the penalty claims, including the limitations period for each claims. The allocation was made based on Class Counsel's assessment of the risk of continued litigation and risk on certification and merits.

35. The Parties engaged in an extensive informal information exchange and discovery to enable both sides to assess the claims and potential defenses in this action. Through this informal cooperation, the Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. In addition, in reaching this settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. Class Counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay. Ultimately, facilitated by experienced mediator Mark Rudy, the Parties used this information and discovery to fairly resolve the litigation.

36. The monetary value of the proposed Settlement represents a fair compromise given the litigation risks and uncertainties posed by continued litigation. If this case were to go to trial as a class and collective action, Class Counsel estimates that fees and costs would well exceed $2,000,000.00. Litigating the class and collective action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous

documentary evidence and the preparation and analysis of expert reports. Recovery of the damages and penalties previously referenced would also require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of recent developments in wage and hour and class and collective action law as well as the legal and factual grounds that Mistras has asserted to defend this action. In contrast, resolving this case by means of an early settlement will yield a prompt, certain, and very substantial recovery for the Class Members. Such a result will benefit the Parties and the court system.

## PLAINTIFFS' SERVICE AWARDS

37.  The enhancement payments of $7,500.00 to Named Plaintiff Viceral and $1,000.00[3] to Named Plaintiff Krueger are intended to compensate Plaintiffs for the critical roles they played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the California Class and FLSA Class. In agreeing to serve as Class Representatives, Plaintiffs formally agreed to accept the responsibilities of representing the interests of all Class Members. The Class Representatives were always available to consult with, and regularly did consult with, counsel both in person and via telephone.  The Class Representatives were also actively involved in discussions regarding the resolution of this matter and approved the Settlement terms on behalf of themselves and the Class Members. Additionally, Mr. Krueger prepared for and had his deposition taken by Defendant.  Mr. Viceral prepared for his deposition which had been noticed, but the Parties agreed to attempt resolution by mediation prior to his deposition going forward.

38.  Mistras does not oppose the payments per Plaintiff as reasonable service awards. Moreover, the service awards are fair when compared to the payments approved in similar cases.

## REASONABLE ATTORNEYS' FEES AND COSTS

39.  In their fee motion to be submitted with the final approval papers, Class Counsel will request up to 33 1/3% of the Gross Settlement Amount, $2,000,000.00) plus reimbursement of costs, which currently total $42,000.00. In this case, given the results achieved, the effort expended

---

[3] Mr. Krueger will request an incentive award of $1,000, and will retain his right to continue with a separate individual action ongoing against the Defendant, for claims not included in this class action. Whereas, Mr. Viceral will execute a full release.

litigating the case, and the difficulties attendant to litigating this case, such a fee award is warranted. There was no guarantee of compensation or reimbursement. Rather, counsel undertook all the risks of this litigation on a completely contingent fee basis. These risks were front and center. Defendant's vigorous and skillful defense further confronted Class Counsel. Nevertheless, Plaintiffs and Class Counsel committed themselves to developing and pressing Plaintiffs' legal claims to enforce the employees' rights and maximize the class and collective recovery. During the litigation, counsel had to turn away other less risky cases to remain sufficiently resourced for this one. The challenges that Class Counsel had to confront and the risks they had to fully absorb on behalf of the class and collective here are precisely the reasons for multipliers in contingency fee cases.

## NOTICE

40. The proposed Notices and claims process are reasonable. The Class Notices, attached respectively as **Exhibits 1 and 2** to the Settlement Agreement, and manner of distribution negotiated and agreed upon by the Parties is the best notice practicable.

41. All Class Members have been identified and the Class Notices will be mailed directly to each Class Member. In addition, the proposed Notices are clear and straightforward, and provide information on the meaning and nature of the Class definitions, the class and collective action, the terms and provisions of the Settlement Agreement, and the monetary awards that the Settlement will provide Class Members.

42. The proposed Notices also fulfill the requirement of neutrality in class notices. They summarize the proceedings necessary to provide context for the Settlement Agreement and summarize the terms and conditions of the settlement, including an explanation of how the settlement amount will be allocated between the Named Plaintiffs, Class Counsel, the Settlement Administrator, and the Class Members, in an informative, coherent and easy-to-understand manner.

43. The California Class Notice clearly explains the procedures and deadlines for requesting exclusion from the Settlement, objecting to the estimated award, the consequences of taking or foregoing the various options available to Class Members, and the date, time and place of the final settlement approval hearing. The proposed Class Notice also sets forth the amount of attorneys' fees and costs sought by Plaintiffs, as well as an explanation of the procedure by which Class Counsel will apply for them. In addition, the Class Notice explains that Class Members have the opportunity

to object to Class Counsel's motion for attorneys' fees and costs. The Class Notice clearly states that the settlement does not constitute an admission of liability by Defendant. It makes clear that the final settlement approval decision has yet to be made.

44. Likewise, the FLSA Class Notice informs FLSA Class Members the details of the litigation, the Settlement, and their awards. It makes clear that in order to participate in the Settlement, they must timely cash their settlement checks.

45. Furthermore, reasonable steps will be taken to ensure that all Class Members receive the Notices. Before mailing, Defendant shall provide to the Settlement Administrator a Database that contains the last-known name, mailing address, and Social Security Number for all Class Members along with their qualifying workweeks for calculating their respective California Class Settlement Shares and/or FLSA Class Settlement Shares. The Settlement Administrator shall use one or more commercially-reasonable skip tracing methods to update the contact information in the Database. The Settlement Administrator will mail the Class Notice to each California Class Member.  With respect to Class Notices returned as undeliverable, the Settlement Administrator will promptly attempt to obtain a valid mailing address by use of one or more skip trace databases such as the Equifax, National Change of Address ("NCOA") database search, and skip trace.  If another address is identified, the Settlement Administrator will send the Class Notice to the new address. Class Members will have 45 days from the mailing of the Class Notice to opt-out, object to the Settlement, or dispute the information shown on his or her Class Notice.  Any Class Member who fails to submit a timely request to exclude themselves from the Settlement will be deemed a Class Member whose rights and claims are determined by any order the Court enters granting final approval, and any judgment the Court ultimately enters in the case.

46. Administration of the Settlement as to the FLSA Class will follow upon the occurrence of the Effective Date of the Settlement for the California Class. The Settlement Administrator will provide counsel for the Parties with a final statement listing all FLSA Class Members as well as identifying the number of weeks worked by each FLSA Class Member and the approximate Settlement award to each FLSA Class Member. Thereafter, the FLSA Class Notice will be mailed to all FLSA Class Members with their settlement checks.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and is based upon my own personal knowledge.  Executed in
3  Emeryville, California on July 19, 2016.

          */s/ Carolyn Hunt Cottrell*
          CAROLYN HUNT COTTRELL