Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
Tina Mehr, Esq. (SBN 275659)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com
tmehr@marlinsaltzman.com

Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone:    (415) 421-7100
Facsimile:    (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Walter Haines, Esq. (SBN 71075)
UNITED EMPLOYEES LAW GROUP, P.C.
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone:    (888) 474-7242
Facsimile:    (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>            Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AS TO CALIFORNIA CLASS AND APPROVAL OF SETTLEMENT AS TO FLSA CLASS** |

The Motion for Preliminary Approval of Settlement as to California Class and Approval of Settlement as to FLSA Class, filed by Plaintiffs Edgar Viceral and David Krueger ("Plaintiffs") in the matter of lead case *Viceral and Krueger, et al. v. Mistras Group, Inc., et al.*, Case No. 3:115-cv-02198-EMC, came on for hearing regularly in Courtroom 5 of the above captioned court, the Honorable Edward M. Chen presiding. Defendant Mistras does not oppose the motion.

On April 13, 2015, Plaintiff Edgar Viceral filed a class and collective action complaint against Defendant Mistras in the San Francisco County Superior Court, entitled *Edgar Viceral, et al. v. Mistras Group, Inc., et al.*, No. CGC-15-545291. (Cal. Super. Ct., San Francisco filed April 13, 2015) ("*Viceral*"). Defendant removed the *Viceral* action to the United States District Court for the Northern District of California, on May 15, 2015. Thereafter Defendant filed a Notice of Other Action or Proceeding on May 27, 2015, alerting the Court and parties of a related class action: *David Krueger v. Mistras Group, Inc.,* No. 2:15-cv-01069 (E.D. Cal. 2015) proceeding in the United States District Court for the Eastern District of California ("*Krueger*"), which action had been filed on April 10, 2015, in the Kern County Superior Court, only three days prior to the *Viceral* action. Subsequently, Plaintiffs Viceral and Krueger and Defendant (hereafter "the Parties") met and conferred and agreed to coordinate the two actions. On November 20, 2015, Plaintiffs filed the Consolidated First Amended Complaint ("FAC") in this case that included the *Krueger* claims, parties, and counsel.

The FAC alleges nine causes of action, including claims under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Orders, and California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiffs assert the first cause of action on behalf of themselves and the FLSA Class for failure to compensate all hours worked, including training and overtime hours. Plaintiffs assert the remaining eight causes of action under California law, namely: (2) failure to compensate for all hours worked, including but not limited to attending pre-work meetings, completing required training programs, traveling to and from Mistras's offices to worksites, and engaging in other off-the-clock work; (3) failure to pay overtime wages; (4) failure to authorize, permit, and/or make available meal periods; (5) failure to authorize, permit, and/or make available rest periods; (6) failure to provide

accurate itemized wage statements; (7) failure to timely pay all earned wages at the end of employment; (8) violation of the UCL for unlawful, unfair, and/or fraudulent business acts or practices; and (9) penalties pursuant to § 2698, *et seq.* of the California Private Attorney General Act ("PAGA").

After extensive exchanges of information and discovery, the Parties attended a private mediation before respected neutral mediator Mark S. Rudy to try to resolve the claims on April 5, 2016. Thereafter, through Mr. Rudy's ongoing efforts, the Parties continued to discuss possible resolution of the Action. After over a month of such discussions, the Parties eventually agreed to broad settlement terms. The Parties then entered in a Joint Stipulation of Settlement and Release of Claims (the "Settlement Agreement" or the "Settlement").

A hearing was held before this Court on August 18, 2016, at 1:30 p.m. for the purpose of determining, among other things, whether the proposed Settlement was within the range of possible approval, and whether notice to the California Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing as well as notice to the FLSA Class of the terms and conditions will be appropriate. Appearing at the hearing was counsel for Littler Mendelson, P.C. for Defendant and counsel for Schneider Wallace Cottrell Konecky Wotkyns LLP, and Marlin & Saltzman, LLP on behalf of Plaintiffs and the Classes.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS Preliminary Approval of the terms and conditions contained in the Settlement as to the California Class. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the California Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the

further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Stipulation of Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the provisional California Class, in accordance with the Settlement, for the purposes of this Settlement only. The California Class is defined as "all current and former hourly, non-exempt Technicians, Inspectors, and Examiners employed by Defendant in California at any time between April 10, 2011 up through the date of Final Approval."

4. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Class. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the Federal Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby GRANTS certification of the provisional FLSA Class, in accordance with the Settlement, for the purposes of this Settlement only. The FLSA Class is defined as "all current and former hourly, non-exempt Technicians, Inspectors and Examiners who were employed by Defendant in the United States at any time between April 10, 2012 through the date of Final Approval."

7. The Court hereby authorizes the retention of Simpluris as Settlement Administrator for the purpose of the Settlement with reasonable administration costs estimated not to exceed $50,000.00.

8.  The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky Wotkyns LLP, Marlin & Saltzman, LLP, and United Employees Law Group, P.C. as Counsel for the California Class, and Plaintiffs as Class Representatives for the California Class.

9.  The Court hereby appoints Schneider Wallace Cottrell Konecky Wotkyns LLP, Marlin & Saltzman, LLP, and United Employees Law Group, P.C. as Counsel for the FLSA Class, and Plaintiffs as FLSA Class Representatives for the FLSA Class.

10. The Court hereby APPROVES the California Class Notice attached to the Settlement Agreement. The Court finds that the Class Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice appears to fully and accurately inform the California Class Members of all material elements of the proposed Settlement, of the California Class Members' right to be excluded from the Settlement, and of each California Class Member's right and opportunity to object to the Settlement. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Class Notice that are consistent with the terms of the Settlement and this Order.

11. The Court hereby APPROVES the proposed procedure for California Class Member exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than forty-five (45) days following the date on which the Settlement Administrator first mails the Notice Packet to California Class Members. Any California Class Member who submits an Exclusion Letter shall not be a Member of the California Class, shall be barred from participating in the California Class Settlement and shall receive no benefit from the California Class Settlement.

12. The Court hereby APPROVES the FLSA Class Notice attached to the Settlement Agreement. The Court finds that the FLSA Class Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due

process. The Court further finds that the FLSA Class Notice appears to fully and accurately inform the FLSA Class Members of all material elements of the Settlement and of the FLSA Class Members' rights, including to be excluded from the Settlement. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each FLSA Class Member within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed FLSA Class Notice that are consistent with the terms of the Settlement and this Order.

13. The Court hereby APPROVES the proposed procedure for FLSA Class Member exclusion from the Settlement, which is to not cash the check enclosed with the FLSA Class Notice (within one hundred eighty (180) days). Any FLSA Class Member who fails to cash the FLSA Class Settlement check shall not be bound by the FLSA Class Settlement and not release the FLSA Class Member's FLSA claims.

14. The Court further PRELIMINARILY APPROVES Class Counsel's ability to request attorneys' fees and costs, fees of up to one-third of the Gross Settlement Amount, $2,000,000.00, plus costs currently estimated to be $42,000.00.

15. The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Service Payment, with the appropriate declarations and supporting evidence, pursuant to the Northern District's fourteen (14) day motion notice period, which will be heard at the same time as the motion for Final Approval of the Settlement.

16. The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any California Class Members who request exclusion from the Settlement, by_____.

17. The Court further ORDERS that each California Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on _____ at 1:00 p.m. in Courtroom 5 of the United States District Court, Northern District of California, San Francisco Division. Any California Class Member seeking to object to the proposed Settlement may

file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel or may appear at the Final Approval Hearing to make the objection.

18. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed California Class Notice and FLSA Class Notice and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to California Class and approval of the Settlement as to the FLSA Class | |
| Defendant to provide the Settlement Administrator the most recent names, last known residence addresses and telephone numbers, social security numbers for all Class Members, as well as any relevant information regarding their dates of employment in Covered Positions including but not limited to work week information. | Within 15 Calendar following the Date of Preliminary Approval |
| Mail Notice Packets to California Class by first class mail.<br><br>Prior to Mailing, Settlement Administrator to complete any skip trace or other address searched for all Class Members, including updating any contact information. | Within 10 Calendar days after receiving the Class Member List And Contact Information |
| Deadline for:<br><br>*** California Class Members to opt-out of Settlement.<br><br>*** California Class Members to file any objections to the settlement.<br><br>*** California Class Members to file a notice of intention to appear at the Final Approval Hearing. | 45 days after Notice Packets are mailed. |
| Settlement Administrator to provide Declaration Re: Administration of the Settlement | 7 Calendar days prior to Final Approval Hearing |
| Hearing on Motion for Final Approval | |
| Effective Date | The latter of: (a) the date of final affirmance of an appeal of the Order and Final Judgment; (b) |

| | | |
|---|---|---|
| | | the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; (c) if objections to the Settlement are filed that are not subsequently withdrawn, and no appeal is filed, five days after the expiration date of the time for the filing or noticing of any appeal from the Order and Final Judgment; or (d) if no objections to the Settlement are filed, or if any objections are filed but subsequently withdrawn, the date the Court enters the Final Approval Order and Judgment |
| | Defendant will provide the Settlement Administrator with sufficient funds to make all payments due to Plaintiff, Class Counsel, the LWDA, the Settlement Administrator, and the Claimants, plus any owed Payroll Taxes | No later than 3 business days after the Effective Date |
| | Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final statement listing all FLSA Class Members and identifying the number of weeks worked by each FLSA Class Member, and the approximate Settlement award to each FLSA Class Member | 5 business days before the FLSA Class Notices are sent |
| | FLSA Settlement Awards shall be paid by the Settlement Administrator to FLSA Class Members and checks to be accompanied by the FLSA Class Notice.

Prior to Mailing, Settlement Administrator to complete any skip trace or other address searched for all Class Members, including updating any contact information. | 15 Calendar days after the occurrence of the Effective Date |
| | Simpluris to stop payment on uncashed checks for Class Members that and transmit funds to the State of California's Unclaimed Property Fund | 180 days after issuance of awards |

19. The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Settlement, are stayed.

20. The Court further ORDERS that to facilitate administration of this Settlement, all California Class Members and FLSA Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such California Class Members have submitted Exclusion Letters with the Settlement Administrator and/or until such FLSA Class Members have received their Settlement FLSA Class checks and not cashed them.

21. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

22. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

IT IS SO ORDERED.

Dated:_____          _____
                                       HON. EDWARD M. CHEN
                                       United States District Judge,
                                       Northern District of California