UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR VICERAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MISTRAS GROUP, INC.,<br><br>    Defendant. | Case No. 15-cv-02198-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Docket No. 70 |

The Court has reviewed Plaintiffs' motion for preliminary approval, and hereby orders the parties to provide a joint supplemental brief regarding the following issues. The supplemental briefing should be filed no later than **August 9, 2016** at **12:00 PM PST**.

1.     <u>Attorney's Fees</u>

Plaintiffs' counsel intends to seek an award of one-third (33⅓%) of the Gross Settlement Fund ($2,000,000) as the Fee Award, plus reimbursement of reasonable and actual expenses, not to exceed $42,000, as the Expense Award. *See* Docket No. 70-1 (Saltzman Dec.) at ¶ 21. Plaintiffs should provide specific, non-conclusory information as to why a departure from the 25% benchmark is appropriate (*e.g.*, how the issues in this case were particularly difficult, complex, or novel, and given the early procedural posture of this case). *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2012).

Further, to assess the fee request, even for purposes of preliminary approval only, the Court is in need of information as to the lodestar claimed -- *i.e.*, the number of hours incurred in the case and the hourly rates claimed. Plaintiffs' attorneys shall file with this Court, *ex parte* and under seal, one (1) declaration that states the total number of hours worked on this litigation, and which breaks the number of hours down by task (*e.g.*, "Initial Case Investigation," "Settlement

Negotiations and Mediation," etc.). Counsel shall attach their actual time records to the declaration. The declaration and associated records shall be filed with the Court no later than **August 9, 2016**. The parties should also ensure that the fee motion is filed and available on the Class Administrator's website at least twenty-one (21) days before objections to the proposed settlement are due.

2. <u>Expected Recovery Per Class Member</u>

The parties must clarify whether Plaintiffs' estimate that a California Class member will receive up to $1,248/year worked and a FLSA Class member will receive up to $263/year is based on the Net Settlement Amount or the Gross Settlement Amount. *Compare* Docket No. 70 (Mot.) at 9 (discussing recovery based on Net Settlement Amount and estimating that a California Class member will receive up to $1,248/year) with *id.* at 10 (stating that the stated recovery of $1,248 is a significant result but that "this number does not take into account reductions for fees and costs of at least 35%").

3. <u>Full Verdict Value of the Case</u>

Plaintiffs emphasize that the Settlement Agreement "represents a significant recovery for the Class Members." *Id.* at 18. However, Plaintiffs do not appear to provide an estimate of what the potential recovery of the case is, instead only providing the expected range of a California class member's recovery for an overtime/off the clock claim ($0 to $4,600/year), a California class member's recovery for a meal and rest break claim ($0 to $2,300/year), and a FLSA class member's recovery for an overtime/off the clock claim ($0 to $4,600/year). *See id.* at 10-11. Plaintiffs do not provide a *total* estimate of what the full aggregate verdict value of these claims will be, and provide no estimates as to the California waiting time penalty claim, or the California Private Attorney General Act (PAGA) claim. Thus, the Court has no point of comparison to determine that this settlement is in fact a significant recovery for the class.

The parties must provide an estimate of the full aggregate verdict value of each of these claims. Further, with respect to the FLSA claims, Plaintiffs suggest that there is only one FLSA cause of action, namely off-the-clock overtime. *Id.* at 9 n.13. However, the "FLSA Class Released Claims" includes not only overtime, but minimum wage and recordkeeping violations.

2

Saltzman Dec., Exh. 1 (Settlement Agreement) at ¶ 21. Thus, the parties must provide an estimate of the full verdict value of *each* of the FLSA claims being released, not simply the overtime claims. Otherwise, the Court cannot determine if the settlement falls within the range of possible approval.

### 4. Distribution of the Settlement Fund

The Settlement Agreement creates two separate classes: (1) a California class that pursues claims under California labor law (California class), and (2) a national class that pursues claims under the FLSA (FLSA class). *See* Settlement Agreement at ¶¶ 2, 19. An individual can be a member of both the California and FLSA class. The Settlement Agreement distributes the Net Settlement Fund (estimated at $3,888,559.65) by allocating 65% of the Net Settlement Fund to the California Class and 35% to the FLSA Class. Mot. at 9; *see also* Settlement Agreement at ¶ 53(b).

The parties do not adequately explain the basis of this 65-35 split, especially when this split ultimately results in a FLSA Class member receiving approximately one-fifth of what a California Class member would receive (as there are nearly three times as many FLSA Class members as California Class members). *See* Settlement Agreement at 4 (number of individuals per class); 9 (maximum individual settlement amount for California Class member is $1,248/year, and maximum individual settlement amount for FLSA Class member is $263/year). To the extent that Plaintiffs suggest that the split is justified because the FLSA action alleges only one cause of action for off-the-clock overtime, this ignores the fact that the FLSA Class is being required to release their minimum wage and recordkeeping violations claims. Settlement Agreement at ¶ 21. Further, while Plaintiffs state that the FLSA action had a risk of being less likely to obtain certification or survive a decertification motion, Plaintiffs provide no factual or legal basis for this assertion. *See* Mot. at 10. At most, Plaintiffs state that "the FLSA only provides for overtime when an employee works more than 40 hours in a week, as opposed to California's more favorable '8 hour per-day rule,'" yet estimates both the FLSA and California claim at being between $0 to $4,600/year per class member. Plaintiffs also repeatedly cite to "more than 500 declarations Defendant amassed from class members to defend against this case," but provide no information on what these declarations said and why they would relate only to the FLSA claims but not the

3

California claims. In short, there is inadequate information explaining why a California Class member is entitled to five times the amount of a FLSA Class member.[1] Without this information, the Court cannot determine if there is preferential treatment.

5. Risks of Litigation

Plaintiffs provide no explanation of what risks of litigation they face moving forward, and therefore the Court cannot has no basis to decide the strength of Plaintiffs' case; the risk, expense, and duration of further litigation; and the risk of maintaining class action status. Again, Plaintiffs only state that Defendant was able to obtain 500 putative class member declarations, but do not discuss what is in these declarations or what effect (if any) these declarations have on the legal claim. The parties must provide legal authority and an explanation of the facts as to what risks exist.

With respect to the PAGA claim, the parties must also explain why the $20,000 PAGA allocation is not an arbitrary reduction of the statutory penalties that would be due. The parties should provide case authority justifying any discount.

6. FLSA Affirmative Opt-In

The FLSA states: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Various courts have found that "it is contrary to § 216(b) to bind class members to a release of FLSA claims where, as here, the members have not affirmatively elected to participate in the lawsuit by filing a written consent form." *See Tijero v. Aaron Bros., Inc.*, No. C 10-01089 SBA, 2013 WL 60464, at *8 (N.D. Cal. Jan. 2, 2013); *La Parne v. Monex Deposit Co.*, No. SACV 08-0302 DOC (MLGx), 2010 WL 4916606, at *3 (C.D. Cal. Nov. 29, 2010) (agreeing with the courts which "have determined that it would be contrary to the [FLSA] to bind class members who do not affirmatively elect, through opt-in procedures, to participate in the FLSA suit," and that "[t]herefore, only class members who affirmatively „opt-in"

---

[1] Arguably, the disparity is even greater, as an individual can be both a member of the California Class and FLSA Class. Thus, a California Class member who is a member of both classes would be entitled to up to $1,511/year, in contrast to a FLSA member receiving $263/year.

4

to the Settlement should be bound by the Settlement's release of FLSA liability"); *Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *7 (N.D. Cal. June 19, 2007) (finding that "[t]he settlement agreement would violate the [FLSA] because it "is unconscionable to try to take away the FLSA rights of *all* workers, whether or not they choose to join in affirmatively"). Here, there is no affirmative opt-in, as the FLSA Class members are deemed to have "opted in" by cashing the check; for example, there is no notation on the check stating that by endorsing the check, the FLSA Class member is consenting to join the collective action and thereby release the claims in this action. The parties should address whether an additional mechanism is required to satisfy the opt-in requirement.

### 7. Notice to FLSA Class Members

The parties must explain why notice to the FLSA Class members is not being given prior to the Final Approval proceedings, thus preventing the FLSA Class members from having any opportunity to object. *See* Saltzman Dec., at ¶ 36 (stating timetable of events, and explaining the FLSA Class notice will not be sent until after the Final Approval Hearing); Settlement Agreement, Exh. 2 (FLSA Class Notice) at 2, 4 (stating that the Settlement Agreement was already approved by the Court).

### 8. Response to Objections from Class Members

If the parties have any responses to objections from class members, the parties should file their responses fourteen (14) days before the final approval hearing.

### 9. CAFA Notice

The parties should address when CAFA notice was given. *See* 28 U.S.C. § 1715(b).

### 10. Class Notice for California Class (Exhibit 1 of Settlement Agreement)

#### a. Notice of Class Action Settlement (Page 1)

On the first page of the notice, there should be a short statement regarding the expected average recovery per class member. It must be bolded.

In the paragraph stating "You may be a member of both the California Class and also the FLSA Class," the Notice should specify that this notice is specific only to the California Class.

b. <u>What Are My Options (Pages 3-4)</u>

The paragraph discussing "Option 1 -- Do nothing" should remove the phrase "and you are a California Class Member" as this Notice is only going to California Class members. Therefore, inclusion of this phrase is potentially confusing.

The paragraph discussing "Option 2 -- Request exclusion" must explain the purpose of exclusion, *i.e.*, to not relinquish the claims and therefore retain the right to bring suit against Defendant. Currently, this paragraph only explains how to request exclusion, without stating the consequence of exclusion. The parties should address whether an opt-out form is warranted, rather than requiring an individual class member to submit a letter with the following statement (or something similar): "I request to be excluded from the class action proceedings taking place in the matter of *Viceral and Krueger, et al. v. Mistras Group, Inc., et al.*, United States District Court, Northern District of California, Case No. 3:15-cv-02198-EMC."

The paragraph discussing "Option 3 -- Object to the Class portion of the Settlement" is misleading, as it states that an individual "cannot ask the Court to order a larger settlement." This may cause objectors to believe that they cannot object to the settlement based on, for example, a challenge to the payment terms that apply generally to the class. Further, this paragraph states that the objection must be sent to the Class Administrator, before stating that the objection should be sent to the *Court*. This paragraph must clarify that the objections are to be sent to the Class Administrator, not the Court.

c. <u>What am I Giving Up In Exchange For the Settlement Benefits (Pages 4-5)</u>

The first paragraph explaining the "California Released Claims" ends by stating "at any times during the California Class Period." However, the Notice does not appear to define what the "California Class Period" is, *i.e.*, the period beginning April 10, 2011 through the date of Final Approval. This term must be explained.

The second paragraph states "Upon the Effective Date," but never defines what the "Effective Date" is. This term must be explained.

The final paragraph of this section states: "This Settlement is conditioned upon the Court entering an order at or following the Final Approval hearing approving the Settlement as fair,

6

reasonable, adequate, and in the best interests of the Class Members." The phrase "in the best interests of the Class Members" must be removed.

          d.      Additional Information

The Notice states that the Settlement Agreement will be available at a website (to be added). The website must include not only the Settlement Agreement, but the operative complaint, as well as -- in the event of preliminary approval -- the Court's order granting preliminary approval, the motion for final approval, and Plaintiffs' motion for attorney's fees and representative awards.

          e.      California Class Form

The Class Form must include the Settlement Administrator's contact information.

11.      Class Notice for FLSA Class (Exhibit 2 of Settlement Agreement)

          a.      Notice of Collective Action Settlement (Page 1)

In the paragraph stating Re: Settlement of claims for alleged wage-hour violations, the Notice should be limited to the FLSA Action, and not state that the settlement includes "California wage and hour laws," as that is potentially confusing given that a separate notice is being sent for the California Class settlement.

          b.      What are My Options (Page 3)

"Option 1 -- do nothing" is confusing because the FLSA Class member is being required to act, *i.e.*, to cash the check.

Again, the parties must explain why FLSA Class members are not being given any opportunity to object to the Settlement Agreement.

          c.      What am I Giving Up In Exchange For the Settlement Benefits (Pages 4-5)

The first paragraph explaining the "FLSA Class Released Claims" ends by stating "at any times during the FLSA Class Period." The Notice should re-define what the "FLSA Class Period" is, *i.e.*, the period beginning April 10, 2012 through the date of Final Approval.

The second paragraph states "Upon the Effective Date," but never defines what the "Effective Date" is. This term must be explained.

The final paragraph of this section states: "This Settlement has been approved by the

Court. The Court found that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members." The phrase "in the best interests of the Class Members" must be removed.

### d. Additional Information

The Notice states that the Settlement Agreement will be available at a website (to be added). The website must include not only the Settlement Agreement, but the operative complaint, as well as -- in the event of preliminary approval -- the Court's order granting preliminary approval, the motion for final approval, and Plaintiffs' motion for attorney's fees and representative awards.

### e. FLSA Class Form

The FLSA Class Form does not provide any mechanism for disputing the number of individual work weeks, unlike the California Class Form. This is contrary to the Settlement Agreement, which provides that a FLSA Class Member can dispute the individual work weeks shown on his or her form by "produc[ing] evidence to the Settlement Administrator establishing the dates he or she contends to have worked for Defendant." Settlement Agreement at ¶ 70.

The FLSA Class Form should also include the Settlement Administrator's contact information.

**IT IS SO ORDERED**.

Dated: August 2, 2016

_____
EDWARD M. CHEN
United States District Judge

8