Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
Tina Mehr, Esq. (SBN 275659)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:     (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com
tmehr@marlinsaltzman.com

Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone:    (415) 421-7100
Facsimile:     (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Walter Haines, Esq. (SBN 71075)
UNITED EMPLOYEES LAW GROUP, P.C.
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone:    (888) 474-7242
Facsimile:     (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**SECOND JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT PURSUANT TO COURT'S AUGUST 23, 2016 ORDER**<br><br>DATE:           August 18, 2016<br>TIME:           1:30 p.m.<br>CTRM:         5 |

SECOND JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT PURSUANT TO COURT'S AUGUST 23, 2016 ORDER
CASE NO. 3:15-cv-02198-EMC

## I. INTRODUCTION

On July 19, 2016, Plaintiffs Edgar Viceral and David Krueger, individually and on behalf of all others similarly situated, ("Plaintiffs") filed their Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (ECF Doc. No. 70). Thereafter, on August 2, 2016, the Court issued an Order RE Supplemental Briefing on Plaintiffs' Motion for Preliminary Approval (ECF Doc. No. 71). The Court ordered the Parties to provide a joint supplemental brief addressing 11 issues. On August 9, 2016, the Parties submitted a supplemental brief addressing those issues. (ECF Doc. No. 72). On August 18, 2016, the Court heard argument oral argument on the motion. On August 23, 2016, the Court ordered the Parties to provide a joint supplement brief addressing the practice of courts exercising their discretion to reduce verdicts in cases seeking penalties under California's Private Attorney General Act (PAGA), including by providing details regarding one case identified by Counsel at oral argument.  (ECF Doc. No. 81). Accordingly, the Parties hereby submit this supplemental brief.

## II. THE PROPOSED SETTLEMENT FAIRLY ALLOCATES $20,000.00 TO THE PAGA CLAIM IN LIGHT OF THE UNCERTAINTY SURROUNDING THE COLLECTION OF CIVIL PENALTIES.

Plaintiffs estimated the maximum possible PAGA civil penalty to be $12,952,000.00.  The proposed settlement allocates $20,000.00 to the PAGA claim.  Just as was true of the allocation between California and Federal claims, the PAGA allocation here, as in all cases, was the product of a legal analysis of the factual landscape presented by this case.  The analysis is tied to counsel's legal knowledge and experienced valuations as to the strength of the claim.  Moreover, counsel must attempt to account for the sitting judge's potential exercise of discretion.  As was discussed in detail at the hearing on August 18, 2016, a prevailing plaintiff's PAGA award is decided by the Court, not by counsel.  Courts are expressly granted discretion, by statute, to reduce the civil penalty awarded pursuant to PAGA after a plaintiff prevails.  Courts have regularly exercised that discretion.

### III. DISCUSSION

#### 1. PAGA Expressly Authorizes Courts to Award Less than the Maximum Statutory Penalty.

Recovery of civil penalties under the asserted PAGA claims is uncertain. A plaintiff must succeed at several steps to recover for a civil penalty pursuant to PAGA. First, the plaintiff must prove a violation of the underlying statute. Second, plaintiff must prove the scope of the violation. Third, the plaintiff must rebut any argument that the civil penalty should be reduced under the amorphous statutory text.

"[U]nder section 2699, subdivision (e)(2) a trial court may 'exercise its discretion *to award lesser* penalties based on the enumerated considerations.'" *Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal.App.4th 1112, 1135 (2012). Specifically, the trial court may reduce the civil penalty if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary, oppressive, or confiscatory. *Id.* Although relatively few PAGA claims have proceeded to trial, numerous courts have reduced civil penalties. *See*, *e.g.*, *Thurman*, 203 Cal.App.4th at 1135-36 (affirming 30% reduction under specified PAGA claim where the employer produced evidence that it took its obligations seriously); *Elder v. Schwan Food Co.*, 2011 WL 1797254, at *5-*7 (Cal. Ct. App. May 12, 2011) (reversing trial court decision denying any civil penalties where violations had been proven, remanding for the trial court to exercise discretion to reduce, but not wholly deny, civil penalties); *Li v. A Perfect Day Franchise, Inc.*, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012) (denying PAGA penalties for violation of California Labor Code § 226 as redundant with recovery on a class basis pursuant to California Labor Code § 226, directly); *Fleming v. Covidien Inc.*, 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011) (reducing PAGA penalties from $2.8 million to $500,000.00); *Aguirre v. Genesis Logistics*, 2013 WL 10936035 at *2-*3 (C.D. Cal. Dec. 30, 2013) (reducing penalty for past PAGA violations from $1.8 million to $500,000.00, after rejecting numerous other PAGA claims). In this context, Plaintiffs have grounds to consider the risk of a reduction of the PAGA penalties in evaluating a potential settlement.

## 2. The Potential Risk that a Court May Exercise its Discretion to Reduce the Civil Penalty is Just One of the Risks in Pursuing the PAGA Claim

The analogy between this case and a PAGA verdict is strained. In the settlement context, the comparison is between the maximum possible recovery and the ultimate settlement. At the time a verdict is reached, the plaintiff is quite possibly recovering far less than the best possible recovery on all claims, and may yet face further discretionary reductions.

To obtain a PAGA verdict the plaintiff must prove violations throughout an employer's operations. This is no small feat. Defendant does not admit liability. Moreover, Defendant will argue that this case cannot proceed as either a class or a representative action. Plaintiffs here would need to overcome the argument that the PAGA claims should not even be considered on the merits because they create unmanageable individual issues. *See Brown v. American Airlines, Inc.*, 2015 WL 6735217, at *3-*4 (C.D. Cal. Oct. 5, 2015) (striking those PAGA claims the court determined would create unmanageable individual issues); *but see Zackaria v. Wal-Mart Stores, Inc.*, 142 F.Supp.3d 949, 958-60 (C.D. Cal. 2015) (refusing to apply manageability standard to strike PAGA claim). On the merits, Plaintiffs may obtain a substantially diminished verdict if they are unable to prevail on all claims, or are unable to prevail as to all aggrieved employees. Defendant may well attempt to litigate the PAGA claim employee by employee and pay period by pay period. Plaintiffs recognize the costs and risks such a litigation strategy could create.

The *Aguirre* case, discussed in more detail below, exemplifies the risks posed by protracted PAGA litigation – four of the five claims asserted therein resulted in zero dollars being awarded, as they were dismissed on various grounds. Even after the value of the case had been substantially reduced through contentious litigation, the Court further reduced the civil penalties below the statutory maximum on the sole PAGA claim on which the plaintiffs prevailed. This case presents the same risks. Neither liability on Plaintiffs' causes of action nor class certification can be taken for granted. The threat of a post-verdict reduction in the civil penalty simply creates one additional layer of risk Plaintiffs must consider in valuing their PAGA claim for settlement purposes.

As Plaintiffs have articulated in their prior briefing, each of the above reasons supports the conclusion that the $20,000.00 PAGA allocation here is reasonable in the settlement context. *See*

*e.g., Chu v. Wells Fargo Investments, LLC*, No. C 2011 WL 672645, at * 1 (N.D. Cal. Feb. 16, 2011) (approving PAGA settlement payment of $7,500.00 to the LWDA out of $6.9 million common-fund settlement); *Franco v. Ruiz Food Products, Inc.*, 2012 WL 5941801, at *14 (E.D. Cal. Nov. 27, 2012) (approving $10,000.00 award out of $2,500,000.00 settlement); *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575, at *3 (E.D. Cal. Oct. 31, 2012) (approving $10,000.00 award out of $3.7 million common-fund settlement); *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1330 (N.D. Cal. 2014) (granting preliminary approval where the total gross settlement amount was $1,250,000.00 and the LWDA payment was $10,000.00); *Ceja-Corona v. CVS Pharmacy, Inc.*, 2015 WL 222500, at *2-*3 (E.D. Cal. Jan. 14, 2015) (recommending that preliminary approval be granted where a $7,500.00 of a $900,000.00 settlement was allocated to the LWDA, where the Plaintiffs gave the LWDA notice of the settlement) *report and recommendation adopted by Ceja-Corona v. CVS Pharmacy, Inc.*, 2015 WL 925598 (E.D. Cal. Mar. 3, 2015).

### 3. Numerous Courts Have Reduced PAGA Civil Penalties

Plaintiffs' concern that the court may reduce the award of PAGA civil penalties below the statutory maximum after trial is well-founded. Although few PAGA cases have gone to trial, several courts have exercised their discretion to reduce the PAGA civil penalties.

#### a. *Thurman v. Bayshore Transit*

In *Thurman*, plaintiff Leander Thurman proceeded to a bench trial on (1) PAGA claims; and (2) individual claims pursuant to California's unfair competition law (UCL). *Thurman*, 203 Cal.App.4th at 1119. After the bench trial, the trial court entered a judgment imposing civil penalties, including unpaid wages, in a total amount of $358,588.22; restitution to Thurman in the amount of $28,605.00 pursuant to the UCL, and (3) prejudgment interest. *Id*. The parties filed cross-appeals. *Id*. For his part, Thurman contended, among other things, that the trial court committed reversible error by reducing defendants' civil penalties. *Id*.

Thurman recovered PAGA penalties pursuant to California Labor Code § 558. *See id*. at 1135. The trial court calculated the maximum civil penalties under that statute to be $50 per pay period per employee for each pay period during which either a missed meal period or a missed rest period was identified in the relevant time period. *Id*. The trial court reduced the award by 30%. *Id.*

The Court of Appeal affirmed the 30% reduction. *Id*. at 1136. The Court of Appeal ruled that the trial court cited sufficient evidence to support the reduction. *Id*. The evidence showed that defendants "took their obligations … seriously and attempted to comply with the law." *Id*. At the same time, the employees and their union opposed certain measures that were intended to ensure compliance with meal and rest period requirements. *Id*.

### b. *Elder v. Schwan Food Co.*

Plaintiff, who was misclassified as an exempt employee, obtained a judgment for unpaid overtime wages and interest following a jury trial. *Elder*, 2011 WL 1797254, at *1. Plaintiff also sought civil penalties pursuant to California Labor Code §§ 558 and 1194 as a result of the underpayment of wages. *Id*. at *5. Plaintiff calculated the civil penalties to amount to $15,000.00. *Id*. The employer raised a good faith defense. *Id*. On the basis of the good faith defense, the trial court declined to award any civil penalties. *Id*. Plaintiff appealed the judgment, arguing that he was improperly denied civil penalties under PAGA, among other relief. *Id*. at *1.

In an unpublished decision, the Court of Appeal ruled that civil penalties pursuant to PAGA are mandatory, but whether to award the maximum amount is left to the trial court's discretion. *Id*. at *5-*6. The Court of Appeal remanded the matter to the trial court to permit the trial court to exercise its discretion to reduce, but not wholly deny, the civil penalties. *Id*. at *7. On remand, the trial court awarded plaintiff only $2,500.00 in civil penalties. *Elder v. Schwan Food Co.*, 2013 WL 696128, at *4 (Cal. Ct. App. Feb. 27, 2013).

### c. *Li v. A Perfect Day Franchise*

Plaintiffs alleged extensive Labor Code violations in a putative class and representative action. Following extensive litigation, numerous defendants defaulted. *See Li*, 2012 WL 2236752, at *1-*3. Plaintiffs moved for a default judgment in the amount of $11,711,499.83, plus attorneys' fees and costs, against those defendants. *See id*. at *11. The Court awarded $325,173.00 to the class in statutory penalties pursuant to California Labor Code § 226. *Id*. at *16. The Court denied any

5
SECOND JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT PURSUANT TO COURT'S AUGUST 23, 2016 ORDER
CASE NO. 3:15-cv-02198-EMC

PAGA penalties for violations of California Labor Code § 226, ruling that granting such penalties would result in an impermissible double recovery.  *Id*. at *17.[1]

### d.  *Fleming v. Covidien Inc.*

After denial of class certification, plaintiffs pursued claims for violations of California Labor Code § 226 as a representative action under PAGA.  *Fleming*, 2011 WL 7563047, at *1.  Following a bench trial, the Court ordered defendants to pay $500,000.00 in PAGA penalties.  *Id*.

The Court noted that the maximum penalty available under PAGA was $2.8 million.  *Id*. at *4.  In reducing the penalty, the Court ruled:  (1) the aggrieved employees suffered no injury due to the erroneous wage statements; (2) the aggrieved employees made no complaints regarding the erroneous wage statements before filing suit; and (3) defendants were not aware that the wage statements violated the law and took prompt corrective action upon learning of the violations.  *Id*.

### e.  *Aguirre v. Genesis Logistics*

*Aguirre* is the case to which counsel (Saltzman) referred during the August 18, 2016 oral argument.  This case clearly demonstrates the risks posed by PAGA litigation.  On cross-motions for summary judgment, the Court granted judgment on liability for plaintiffs for their wage statement claims under California Labor Code § 226, held that the plaintiffs had viable PAGA and UCL claims for the violation of California Labor Code § 1174 and could thus proceed to trial on those claims, and granted judgment for defendant on several other PAGA claims Plaintiffs had asserted.  *Aguirre*, 2013 WL 10936035, at *1.[2]  Following the court's ruling, there remained only two claims:  (1) plaintiffs' claim for PAGA penalties for the violations of California Labor Code § 226; and (2) a claim predicated on violation of California Labor Code § 1174.  *Id*.

At trial, the Court held that the maximum penalty of $1.8 million for the California Labor Code § 226 violations would be punitive.  *Id*. at *2.  Instead, the Court imposed a PAGA penalty of $500,000.00.  *Id*. at *3.  Further, because the defendant was still not in compliance, the Court

---

[1] The Court did, however, award other PAGA penalties.

[2] Mr. Saltzman was not aware of most of the detail in the *Aguirre* decision at the time of the hearing, and for that reason he offered the case as "information" that he believed related to the issues before this Court at the hearing.

imposed an additional penalty of $100,000.00 per month following a date certain during which the employer remained out of compliance with statutory requirements, with the total additional penalty capped at $500,000.00.  *Id*.  In imposing this penalty, the Court took into account:  (1) that the data missing from the itemized wage statements was available to employees elsewhere; (2) that the maximum penalty would be punitive in the absence of evidence that the employer concealed information from employees; (3) PAGA penalties were duplicative of, but greater than, the penalty available directly pursuant to and Labor Code § 226; and (4) the need to convey to the employer that it must comply with its statutory violations.

On its face, then, it appears that the Court awarded 27.7% of the value of the PAGA claims.  But this does not fully describe the actual result, because the decision reveals that significant reductions were made to the potential PAGA award during the life of the case.  Specifically, because the defendant prevailed on summary judgment on three of the PAGA claims, and prevailed at trial on one of the two remaining claims that were tried to the Court, Plaintiff recovered zero dollars on four of the five PAGA claims originally asserted.  This is the precise substantial risk that Plaintiffs here avoid through the settlement.  Moreover, litigation in the *Aguirre* case is ongoing, following appeals, three years after the verdict.  Through the settlement before this Court, Plaintiffs avoid such protracted litigation and delays.

## IV.  CONCLUSION

The Parties negotiated a fair and reasonable settlement of a case that provides relief that may very well have never have been realized but for this class action.  The PAGA allocation is reasonable.  Accordingly, Plaintiffs move the Court to preliminarily approve the Settlement as to the California Class and finally approve it as to the FLSA Class.

DATED:  August 30, 2016          SCHNEIDER WALLACE
                                 COTTRELL KONECKY WOTKYNS LLP

                                 By:  /s/  *Carolyn Hunt Cottrell*

                                 MARLIN & SALTZMAN, LLP

                                 UNITED EMPLOYEES LAW GROUP, P.C.
                                 Attorneys for Plaintiffs and the Settlement California
                                 Class and FLSA Class

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on August 30, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Date: August 30, 2016                    Respectfully Submitted,


/s/ *Carolyn H. Cottrell*
Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com

Attorney for Plaintiffs and the Settlement California Class and FLSA Collective