Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com

Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone:    (415) 421-7100
Facsimile:    (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Walter Haines, Esq. (SBN 71075)
UNITED EMPLOYEES LAW GROUP, P.C.
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone:    (888) 474-7242
Facsimile:    (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF CAROLYN HUNT COTTRELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARDS**<br><br>DATE: February 2, 2017<br>TIME:  1:30 p.m.<br>CTRM: 5 |

## DECLARATION OF CAROLYN HUNT COTTRELL

I, Carolyn Hunt Cottrell, declare:

1. I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would testify competently as to these facts.

2. This Declaration is submitted in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards.

### CONTENTS AND STRUCTURE OF THIS DECLARATION

3. This declaration is organized into several parts. In the first part, I provide my professional background. Next, I introduce Class Counsel. Then, I provide a general overview of the background and procedural history of the case in which I highlight Class Counsel's work on the case.

4. I then address Class Counsel's fees and costs. I begin by providing a biographical summary of the attorneys and staff members from my firm who worked on the case. Next, I discuss the reasonableness of our fees. To confirm the reasonableness, I address the lodestar, focusing on both the reasonableness of hourly rates as well as the number of hours expended on this litigation. I provide documentation and a discussion of counsel's billing rates showing that these billing rates are well within the market range of hourly rates charged by attorneys of comparable skill and experience, working on similar matters. I also provide a summary breakdown of the lodestar, with supporting documentation. I likewise address the reasonableness of the costs incurred in this litigation, and I provide documentation to account for these out-of-pocket costs.

5. Lastly, I address the Named Plaintiffs' enhancement awards.

### QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

6. I am an attorney duly licensed to practice law in the State of California (No. 166977). I am a member in good standing of the State Bar of California, I am admitted to the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California. I am a member of the Bar of the United States Supreme Court.

7. I am a partner at Schneider Wallace Cottrell Konecky Wotkyns LLP ("SWCKW"). SWCKW specializes in class action litigation in state and federal court.

8. SWCKW is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions.

9. SWCKW has acted or is acting as class counsel in numerous cases. A partial list of cases which have been certified and/or settled as class actions includes: *Guilbaud, et al. v. Sprint Nextel Corp. et al.,* (Case No. 3:13-cv-04357-VC) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes, et al v. Xpress Global Systems, Inc.,* (Case No. 34-2015-00180822 (Sacramento Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Jeter-Polk, et al. v. Casual Male Store, LLC, et al.,* (Case No. 5:14-CV-00891) (Central District of California) (final approval of class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid wages and waiting time penalties, and failure to provide itemized wage statements); *Meza, et al. v. S.S. Skikos, Inc., et al.,* (Case No. 15-cv-01889-TEH) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina, et al. v. Railworks Track Systems, Inc.,* (Case No. BCV-15-10135) (Kern County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen, et al. v. County of Monterey, et al.*, (Case No. 5:13-cv-01659) (Northern District of California) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of

Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corporation*, (Case No. 3:07-052222) (Northern District of California) (settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted disabilities); *Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v. First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); *Villalpando v. Exel Direct Inc., et al.* (Case Nos. 3:12-cv-04137 and 4:13-cv-03091) (Northern District of California) (certified class action on behalf of delivery drivers allegedly misclassified as independent contractors); *Choul, et al. v. Nebraska Beef, Ltd.* (Case Nos. 8:08-cv-90, 8:08-cv-99) (District of Nebraska) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Morales v. Farmland Foods, Inc.* (Case No. 8:08-cv-504) (District of Nebraska) (FLSA certification for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Barlow, et al. v. PRN Ambulance Inc.* (Case No. BC396728) (Los Angeles County Superior Court) (final approval of

class action settlement for failure to provide meal and rest breaks to and for off-the-clock work by certified emergency medical technicians); *Espinosa, et al. v. National Beef, et al.* (Case No. ECU0467) (Imperial Superior Court) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Wolfe, et al. v. California Check Cashing Stores, LLC, et al.* (Case Nos. CGC-08-479518 and CGC-09-489635) (San Francisco Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work by, employees at check cashing stores); *Carlson v. eHarmony* (Case No. BC371958) (Los Angeles County Superior Court) (final approval of class action settlement on behalf of gays and lesbians who were denied use of eHarmony); *Salcido v. Cargill* (Case Nos. 1:07-CV-01347-LJO-GSA,1:08-CV-00605-LJO-GSA) (Eastern District of California) (final approval of class action settlement for off-the-clock work by production-line employees of meat-packing plant); *Elkin v. Six Flags* (Case No. BC342633) (Los Angeles County Superior Court) (final approval of class action settlement for missed meal and rest periods on behalf of hourly workers at Six Flags amusement parks); *Jimenez v. Perot Systems Corp.* (Case No. RG07335321) (Alameda County Superior Court) (final approval of class action settlement for misclassification of hospital clerical workers); *Chau v. CVS RX Services, Inc.* (Case No. BC349224) (Los Angeles County Superior Court) (final approval of class action settlement for failure to pay overtime to CVS pharmacists); *Reed v. CALSTAR* (Case No. RG04155105) (Alameda County Superior Court) (certified class action on behalf of flight nurses); *National Federation of the Blind v. Target* (Case No. C 06-01802 MHP) (N.D. Cal.) (certified class action on behalf of all legally blind individuals in the United States who have tried to access Target.com); *Bates v. United Parcel Service, Inc.* (2004 WL 2370633) (N.D. Cal.) (certified national class action on behalf of deaf employees of UPS); *Satchell v. FedEx Express, Inc.* (Case No. 03-02659 SI) (N.D. Cal.) (certified regional class action alleging widespread discrimination within FedEx); *Siddiqi v. Regents of the University of California* (Case No. C-99-0790 SI) (N.D. Cal.) (certified class action in favor of deaf plaintiffs alleging disability access violations at the University of California); *Lopez v. San Francisco Unified School District* (Case No. C-99-03260 SI) (N.D. Cal.) (certified class action in favor of plaintiffs in class action against school district for widespread disability access violations); *Campos v. San Francisco State University* (Case No. C-

97-02326 MCC) (N.D. Cal.) (certified class action in favor of disabled plaintiffs for widespread disability access violations); *Singleton v. Regents of the University of California* (Case No. 807233-1) (Alameda County Superior Court) (class settlement for women alleging gender discrimination at Lawrence Livermore National Laboratory); *McMaster v. BCI Coca-Cola Bottling Co.* (Case No. RG04173735) (Alameda County Superior Court) (final approval of class action settlement for drive-time required of Coca-Cola account managers); *Portugal v. Macy's West, Inc.* (Case No. BC324247) (Los Angeles County Superior Court) (California statewide wage and hour "misclassification" class action resulting in a class-wide $3.25 million settlement); *Taormina v. Siebel Systems, Inc.* (Case No. RG05219031) (Alameda County Superior Court) (final approval of class action settlement for misclassification of Siebel's inside sales employees); *Joseph v. The Limited, Inc.* (Case No. CGC-04-437118) (San Francisco County Superior Court) (final approval of class action settlement for failure to provide meal and rest periods to employees of The Limited stores); *Rios v. Siemens Corp.* (Case No. C05-04697 PJH) (N.D. Cal.) (final approval of class action settlement for failure to pay accrued vacation pay upon end of employment); *DeSoto v. Sears, Roebuck & Co.* (Case No. RG0309669) (Alameda County Superior Court) and *Lenahan v. Sears, Roebuck & Co.* (Case No. 3-02-CV-000045 (SRC) (TJB)) (final approval of class action settlement for failure to pay Sears drivers for all hours worked); among many others.

10. I have been a member of this firm since 1995. Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012 I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I earned my Bachelor's degree

from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

## CLASS COUNSEL

11. Plaintiffs' Counsel in this case is comprised of SWCKW, Marlin & Saltzman, LLP ("MS"), and United Employees Law Group, P.C. ("United"). The firms are highly-regarded members of the wage and hour and employment class and collective action bar, with extensive experience in this highly-specialized type of litigation.

12. The qualifications and experience of Plaintiffs' Counsel as well as their firms' staff who worked on the cases and their costs and fees are respectively set forth in the supporting declarations submitted in support of this motion.

## SUMMARY OF FEES AND COSTS SOUGHT

13. Class Counsel now seek, as their reasonable attorneys' fees, 33 1/3% the total Gross Settlement award, or $2,000,000.00, and $44,575.02[1] as reimbursement for the actual costs of bringing this suit. As of December 7, 2016, the total combined lodestar for the firms prosecuting and resolving the class and collective claims in this action is approximately $1,242,107.00. A true and correct summary of Class Counsel's lodestar is attached as **Exhibit 1.** The portion of this total lodestar attributable to SWCKW is approximately $735,497.00 and is documented more fully below. The portion of the total lodestar attributable to MS is $506,610.00. This amount is documented in the declaration of Stan Saltzman.

14. Class Counsel has together incurred actual, out-of-pocket costs of $44,575.02. *See* **Exhibit 2.** The portion of the total costs attributable to the SWCKW is approximately $32,447.33 and is documented more fully below. The portion of the total costs attributable to MS is $12,127.69. This amount is documented in the declaration of Stan Saltzman.

## PROCEDURAL HISTORY

15. The brief in support of this Motion contains a detailed section entitled "Procedural History and Work Performed by Class Counsel." As its title suggests, this section of the brief details the

---

[1] In their preliminary approval motion, Plaintiffs noted their costs to be approximately $42,000.00. Class Counsel's actual costs to date are now $44,575.69.

major billable projects that took place over the course of this lawsuit, and also provides a summary of the necessary work performed by Class Counsel with respect to each project. Class Counsel compiled this section of the brief by: (1) reviewing the documents entered into the Court's record, along with any discovery propounded by either Party, to determine the major billable events that took place in this case; and (2) reviewing any correspondence and billing related to a particular billable event to determine the specific work performed by Class Counsel. In my opinion, and in the opinion of Class Counsel, this section truly and correctly summarizes the major billable events in this case for which (with a few exceptions) Plaintiffs seek recovery of their fees and costs, along with the work performed by Class Counsel to warrant such an award.

**Lodestar Breakdown by Major Billable Projects/Categories of Activities**

16. The major billable projects/categories of activities are as follows:

- Early litigation communications with class members
- Pleadings
- Tolling agreement
- Case management/conferences/status reports
- Discovery
- Class outreach
- Settlement negotiations and mediation
- Settlement approval motions
- Communicating with administrator
- Analysis/strategy
- Administrative communications
- Correspondence with counsel
- Administrative filings/matters
- Travel

//
//
//
//

A true and correct summary of Class Counsel's total hours worked by the above categories is attached as **Exhibit 3**[2]. In addition, a true and correct summary of SWCKW's lodestar broken down by the above categories is attached as **Exhibit 4**.

**Early Litigation Communications with Class Members**

17. Class Counsel conducted initial investigations and completed intake interviews of workers, including the Named Plaintiffs, who were interested in understanding their legal rights. These communications, intakes, and investigations were necessary to support filing an action against Defendant and inform litigation strategy.

18. **The total amount of hours expended by Class Counsel on these communications was 31.60. The total lodestar for SWCKW on these communications is $9,535.50.** A true and correct summary of SWCKW's lodestar for this project is attached as Exhibit 5.

**The Pleadings**

19. On April 13, 2015, Plaintiff Edgar Viceral filed a class action complaint against Defendant Mistras Group, Inc.in the San Francisco County Superior Court, entitled *Edgar Viceral, et al. v. Mistras Group, Inc., et al.*, No. CGC-15-545291. (Cal. Super. Ct., San Francisco filed April 13, 2015) ("*Viceral*"). Defendant removed the *Viceral* action to the United States District Court for the Northern District of California, on May 15, 2015. Defendant thereafter filed a Notice of Other Action or Proceeding on May 27, 2015, alerting the Court and Parties of a related class action: *David Krueger v. Mistras Group, Inc.,* No. 2:15-cv-01069 (E.D. Cal. 2015) proceeding before the Honorable Morrison C. England, Jr., in the United States District Court for the Eastern District of California ("*Krueger*"). *Krueger* was filed on April 10, 2015 in the Kern County Superior Court. On May 18, 2015, Defendant removed the *Krueger* action to the United States District Court for the Eastern District of California.

20. On May 27, 2015, Defendant filed notices alerting each Plaintiff to the parallel proceedings. On June 10, 2015, Plaintiff Krueger filed oppositions to both notices. Counsel for Plaintiff Viceral, Plaintiff Krueger, and Defendant met and conferred on numerous occasions to coordinate the two

---

[2] This Exhibit provides the breakdown through December 7, 2016. Plaintiffs are amenable to providing the Court with their updated lodestar in advance of the final approval hearing, should the Court request it.

cases. Ultimately, the Parties agreed to combine the proceedings in this Court by way of an amended complaint. To that end, Plaintiff Krueger requested dismissal of his class claims in the separate *Krueger* action, without prejudice, on September 4, 2015. Plaintiff Krueger's request was granted by Order dated September 9, 2015. Plaintiffs filed their First Amended Complaint on November 24, 2015 pursuant to this Court's Order of November 20, 2015.

21. **The total hours expended by Class Counsel on the pleadings total 152.50. The total lodestar for SWCKW on these matters is $40,739.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 6.**

**Tolling Agreement**

22. The Parties negotiated a tolling agreement with respect to FLSA Class Members, who had not yet opted in to the litigation, to preserve their statute of limitations. To memorialize their agreement, the Parties executed a Stipulation on Tolling on December 31, 2015.

23. **The total hours expended by Class Counsel on the tolling agreement total 20. The total lodestar for SWCKW on this matter is $4,196.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 7.**

**Case Management/ Conferences/ Status Reports**

24. Coordination of both cases in a single proceeding required the Parties to work together to manage the case. The Parties to the proceedings in the Eastern District of California entered two separate stipulations to continue the filing of a joint status report before entering a stipulation to vacate all deadlines upon Plaintiff Krueger's request for voluntary dismissal of that action on September 4, 2016. Similarly, the Parties to the proceedings in this action entered into two stipulations to continue the initial case management conference. The Parties ultimately prepared a Joint Case Management Statement in advance of the November 24, 2015 Case Management Conference in this Court. Following the Case Management Conference, the Parties submitted a Joint Proposed Schedule.

25. **The total hours expended by Class Counsel on case management matters total 125.00. The total lodestar for SWCKW on these matters is $30,553.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 8.**

**Discovery**

26. The Parties engaged in extensive and contentious discovery in this action, including formal written discovery, depositions, and informal discovery to facilitate mediation.

27. To facilitate discovery, the Parties Stipulated to a Protective Order, which the Court entered on March 11, 2016.

28. Plaintiffs propounded a combined total of four sets of Special Interrogatories, with a combined total of 42 Special Interrogatories. In addition, Plaintiffs propounded one Set of Requests for Production of Documents, with a total of 80 Requests. Defendant made numerous objections to Plaintiffs' written discovery. This necessitated numerous meet and confer sessions, which resulted in the production of additional documents and supplemental interrogatory responses. Defendant produced thousands of pages of documents in this action.

29. Plaintiff deposed Defendant pursuant to F.R.C.P. 30(b)(6), including taking the depositions of Julie Marini (Mistras Group Vice President of Human Resources) and Dennis Bertolotti (Mistras President of Group Services/Interim CEO). These depositions required significant preparation and coordination.

30. Plaintiffs also responded to written discovery propounded by Defendant in this action. Moreover, Defendant deposed Plaintiff Krueger. Defendant also noticed the deposition of Plaintiff Viceral, causing Class Counsel to conduct the initial pre-deposition preparation. However, the case resolved at mediation before Plaintiff Viceral was deposed.

31. In addition to formal discovery efforts, the Parties coordinated an informal exchange of information in connection with the mediation. To facilitate mediation, Defendant produced specific Class Member payroll and financial information, as well as, time records. In particular, Defendant provided Plaintiffs with state-by-state information for the statutory period(s) regarding the total number of California Class and the FLSA Class Members, their work locations, the number of weeks worked cumulatively by the California Class and FLSA Class Members, and their average hourly rate. Defendant further provided payroll and timekeeping data for Plaintiffs and all other Class Members.

32. Specifically, Defendant produced the Class and Collective lists on January 15, 2016, and February 19, 2016, respectively. In addition, Defendant produced: (1) the two Named Plaintiffs'

timekeeping documents, wage statements, training logs, and personnel files; (2) a list of the Mistras offices throughout the U.S.; (3) AWS documents; and (4) numerous handbooks and policies, including: its U.S. Employee Handbook, job descriptions, document retention polices, California meal and rest break policies, payroll policies, dispute resolution policy, meal period waiver, and examples of training materials; and numerous complaints filed against Mistras. Defendant also produced a sampling of information and documents for Class and Collective Members. Defendant produced: a sample of training logs, the number of hours worked by day, the number of days worked by year, and payroll data for Class and Collective Members[3]; and examples of weekly time summaries, handwritten timecards, pre-EPIP reports by employees, weekly payroll reports, timecard reports, punch cards, Mistras daily work reports, Mistras non-billable timesheets, earning statements, weekly customer timecards, weekly timesheets, vacation/PTO notification, Mistras weekly T&M reports, and training logs.

33. To engage in meaningful settlement negotiations, Class Counsel reviewed the discovery and conducted a damages analysis based on the discovery described above. This involved significant entry of data contained within the documents. This process was time-intensive, requiring input of information from thousands of documents for analysis. Once the information was inputted in a useable format, Class Counsel used the data to compute an hourly rate, the average number of work shifts in the relevant class periods, the average number of work weeks in the relevant class periods, and the average amount of overtime worked under both California law and the FLSA. Class Counsel also used this data to approximate the number of missed meal and rest periods under California law. Class Counsel used these

---

[3] Data Reviewed

| | |
|---|---|
| Mistras 001933 - FLSA EE Training | Date Range: 4/11/2012 - 3/15/2016 |
| Mistras 001934 - FLSA EE hours by day | Date Range: 4/2/2012 - 3/13/2016 |
| Mistras 001935 - FLSA EE days worked by year | Date Range: 2011 - 2016 |
| Mistras 001936 - CA EE Training | Date Range: 4/11/2011 - 3/15/2016 |
| Mistras 001937 - CA EE hours by day | Date Range: 4/1/2011 - 3/13/2016 |
| Mistras 001938 - CA EE days worked by year | Date Range: 2011 - 2016 |
| MISTRAS008540 Combined Payroll Data 2011-2015 | Date Range: 1/7/2011 - 12/31/2015 |
| MISTRAS008541 Payroll Data_Mistras_ 2012-2015_FLSA | Date Range: 1/6/2011 - 12/31/2015 |
| California Class List | |
| FLSA Collective Class List | |

figures to calculate total damages for missed meal periods and rest breaks, Labor Code § 226 penalties, PAGA penalties, waiting time penalties, and overtime under both California law and the FLSA.

34. **The total hours expended by Class Counsel on discovery total 428.60. The total lodestar for SWCKW on these matters is $118,479.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 9.**

## Class Outreach

35. Class Counsel spent extensive time communicating with putative California Class Members and FLSA Class Members in this case. In addition to the pre-filing investigation addressed above, this included substantial outreach efforts during the course of litigation in which Class Counsel conducted detailed interviews addressing the uniformity of job duties, daily work descriptions, pay policies and practices, overtime policies and practices, off the clock policies and practices, meal and rest break policies and practices, as well as other relevant areas of inquiry.

36. Class Counsel completed a substantial number of interviews. This was time-consuming, intensive, and a critical aspect of the case. This data informed Class Counsel's analysis of the damages in this action. Ultimately, this information was instrumental in negotiating a Settlement of this action. Moreover, this information would have been used in support of a certification motion as well as in response to a possible decertification motion filed by Defendant.

37. In addition, Class Counsel has engaged in continued communications with the California Class and FLSA Class responding to inquiries regarding the Settlement.

38. **The total hours expended by Class Counsel on class outreach and communications total 255.60. The total lodestar for SWCKW on these matters is $132,618.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 10.**

## Settlement Negotiations and Mediation

39. After analysis of the responsive discovery as well as other gathered data, and believing that this case was appropriate for consensual resolution given the high level of risk present for both sides, the Parties agreed to attend mediation. Thereafter, the Parties engaged in further in-depth informal discussions in anticipation of the mediation.

40. On April 5, 2016, the Parties attended a formal mediation in San Francisco with Mark S. Rudy, Esq. – a well-respected mediator who specializes in wage and hour class actions. After over 10 hours of extensive negotiations, the mediation concluded without a settlement, but with clear progress having been made. Thereafter, through Mr. Rudy's ongoing efforts, the Parties continued to discuss possible resolution of the Action. After over a month of such discussions, the Parties eventually agreed to broad settlement terms. The Parties then drafted and executed the Settlement.

41. **The total hours expended by Class Counsel on mediation and negotiations total 139.90. The total lodestar for SWCKW on these matters is $38,703.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 11.**

**Settlement Approval Motions**

42. On May 4, 2016, Class Counsel submitted a Joint Notice of Settlement, and Stipulation and [Proposed] Order to Vacate All Pending Deadlines. The Court set a briefing schedule on May 6, 2016. The Court subsequently modified the briefing schedule upon subsequent stipulations.

43. Class Counsel drafted and prepared appropriate moving papers and filed them on July 19, 2016. Thereafter, on August 2, 2016, the Court issued an order, requesting supplemental briefing on Plaintiffs' preliminary approval motion. The Court requested that the Parties address ten topics: (1) attorneys' fees, including submitted *ex parte* and under seal their billing records with a detailed description; (2) expected recovery per Class Member; (3) full verdict value of the case; (4) distribution of the settlement fund; (5) risks of litigation; (6) FLSA affirmative opt-in; (7) notice to FLSA Class Members; (8) response to objections from Class Members; (9) CAFA notice; and (10) Class notice for California Class. Class Counsel worked diligently to research and draft responses to the Court's inquiries. Class Counsel drafted a supplemental brief, revised Class notices and accompanying documents, and corresponding declarations as well as briefing and documentation supporting their fee request. These materials were filed with the Court on August 9, 2016. Class Counsel supplemented their preliminary approval motion on August 12, 2016, filing a Statement of Recent Decision to present the case *Laffitte v. Robert Half Int'l Inc.*, No. S222966, 2016 WL 4238619 (Cal. Aug. 11, 2016) to the Court's attention. The Court then held a hearing on Plaintiffs' motion on August 17, 2016, which Class Counsel attended and at which Class Counsel responded to

the Court's further inquiries. On August 23, 2016, the Court issued an order requesting further supplemental briefing regarding the PAGA recovery in this action. Plaintiffs drafted and filed a supplemental brief on August 30, 2016. On October 11, 2016, the Court issued an order granting Plaintiffs' motion, and also requested that the Parties submit a proposed order regarding the timeline for the remaining settlement motions and approval procedure in the matter. Class Counsel worked with Defendant to finalize a schedule. The proposed schedule was submitted to the Court on October 18, 2016, and the Court signed off on the schedule the next day.

44. Class Counsel also spent significant time preparing this fee motion. Beyond drafting this motion and researching applicable case law, Class Counsel also conferred with each other regarding the arguments to include herein and the most effective way to present Class Counsel's fees and costs to the Court. In addition, Class Counsel undertook the time-consuming project of reviewing each individual bill, or time entry, for this case and determining whether each entry warranted a request for recovery. Finally, rather than present a large, disorganized file of time entries to the Court, Class Counsel reasoned that the most effective way for the Court to review Class Counsel's attorneys' fees is on a project-by-project basis. Accordingly, Class Counsel assigned each time entry a "project code," which allowed them to filter from all of the time entries only those assigned to a particular project. For example, based on their coding system, Class Counsel was able to filter all the time entries associated with pleadings. Class Counsel also undertook the same time-consuming project to submit their billing records in obtaining preliminary approval.

45. Class Counsel is likewise obligated to request that the Court finally approve the Settlement following the administration process detailed in the Settlement. Class Counsel is drafting and preparing final approval papers that will be submitted to the Court by December 29, 2016.

46. **To date, the total hours expended by Class Counsel on settlement approval total 275.3. The total lodestar for SWCKW on these matters is $65,996.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 12.** Both the hours expended on settlement approval and Class Counsel's lodestar will continue to increase through the finalization of this litigation.

**Communications with Administrator**

47. To facilitate the administration of the Settlement, Class Counsel needed to secure an administrator. In addition to the time already spent communicating with the Administrator, Class Counsel must work with the Administrator regarding the distribution of notices, deadlines called for by the Settlement, and the disbursement of funds to the California Class and FLSA Class should the Court grant final approval.

48. **The total hours expended by Class Counsel communicating with the administrator total 19.00. The total lodestar for SWCKW on these matters is $4,499.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 13.**

**Analysis/Strategy**

49. Class Counsel regularly spent time strategizing regarding litigation tactics. This is necessary to succeed in contested and complex litigation.

50. **The total hours expended by Class Counsel on strategy and analysis total 111.20. The total lodestar for SWCKW on these matters is $34,458.50.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 14.**

**Administrative Communications**

51. Administrative communications includes those in-person and telephonic communications between Class Counsel and their staff to facilitate the progression of the litigation.

52. **The total hours spent by Class Counsel on such communications total 408.55. The total lodestar for SWCKW on these communications is $196,895.00.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 15.**

**Correspondence with Counsel**

53. Correspondence with Counsel includes those in-person and telephonic communications between Class Counsel as well as Class Counsel's communications with Counsel for Defendant. These communications were necessary litigation efforts.

54. **The total hours spent by Class Counsel on such communications total 209.60. The total lodestar for SWCKW on these communications is $48,638.00.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 16.**

**Administrative Filings/Matters**

55. Several administrative filings were required to litigate this action. This includes drafting and filing letters to the California Labor and Workforce Development Agency to pursue Private Attorneys General Act claims, completing a certificate of interested entities, completing a consent/declination to proceed before a United States Magistrate Judge, updating Class Counsel's address, noticing appearances and changes in counsel, completing ADR certification, and completing a stipulation and proposed order to continue the ADR deadline.

56. **The total number of hours expended by Class Counsel on administrative filings and matters are 31.80. The total lodestar for SWCKW on these matters is $9,084.00.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 17.**

**Travel**

57. Class Counsel was required to travel to litigate this action. This includes cross-country travel to depose Defendant through Ms. Marini and Mr. Bertolotti. This also includes travel to attend mediation and hearings.

58. **The total number of hours expended on travel are 32.70. The total lodestar for SWCKW on travel is $1,099.00.** A true and correct summary of SWCKW's lodestar for this project is attached as **Exhibit 18.**

### ATTORNEYS' FEES AND COSTS

59. This case was difficult to litigate and was work-intensive not only because of the scope of issues in dispute, but also because of Defendant's stalwart defense. This section discusses efforts by Class Counsel to minimize duplication of efforts and to assign attorneys to discrete tasks. In addition, I address litigation costs and attorney rates.

**SWCKW firm partners and their role in the case**

60. I was the lead partner on this case for SWCKW. I directed and supervised the work of the associates at my firm, conducted legal analysis of the facts presented by this case, and assisted in presenting legal arguments to opposing counsel. I was significantly involved in all aspects of the case, dictating the litigation strategy. I reviewed and revised all pleadings, submissions, and correspondence in this action, including the complaint and the motions; spearheaded discovery efforts, including the meet and confer process; took the 30(b)(6) depositions and defended Plaintiff

Krueger's deposition; managed the damages analysis to value the claims in the case and to facilitate certification as well as settlement negotiations; acted as the primary negotiator of mediation and settlement negotiation efforts; and attended and participated in all hearings and conferences before the Court. I also oversaw the Class Member outreach/interview process and reviewed the results of the interviews. My hourly rate is $795.00 per hour, which is line with that of attorneys with similar qualifications and experience.

61. Below is a partial list of the biographies of those attorneys and paralegals from my firm, who worked on the case.

62. Nicole N. Coon is a sixth-year associate at SWCKW. Ms. Coon's practices focuses on employment and civil rights individual and class actions, including wage and hour class actions. Ms. Coon is admitted to practice law in the states of California, Illinois, Wisconsin, and Massachusetts and before the United States District Court of Northern District of California, the United States District Court of the Eastern District of California, and the United States District Court of the Central District of California. Ms. Coon was a member of the Lawyers' Club of San Francisco - Inns of Court, where she served as MCLE Program Co-Chair. She was also a member of and Queen's Bench Bar Association and served as the Amicus Briefs Committee Co-Chair. Ms. Coon also held memberships with the San Francisco Trial Lawyers Association and the American Bar Association. She served as a mentor for adolescent girls in Juvenile Hall. Ms. Coon also regularly volunteers as a Moot Court Judge and Coach at local law schools. Ms. Coon graduated with Pro Bono Honors from the University of Iowa College of Law in 2010. She received her Bachelor of Arts in English and Legal Studies, with Comprehensive Honors, from the University of Wisconsin-Madison in 2006. Prior to joining Schneider Wallace Cottrell Konecky Wotkyns LLP, Ms. Coon was a judicial law clerk for the Honorable Maxine A. White, Milwaukee County Circuit Court. She also was a judicial law clerk for the San Francisco Superior Court in the Civil, Probate, and Appellate Divisions for Superior Court Presiding Judges Katherine Feinstein and Cynthia Ming-mei Lee and Appellate Division Presiding Judges Curtis E.A. Karnow and Anne-Christine Massullo. Ms. Coon's rate is $650.00 per hour, which is line with that of attorneys with similar qualifications and experience. Ms. Coon was the primary associate who researched and drafted pleadings and motions, drafted and

responded to discovery, communicated with Class Members regarding the status of the case as well as to prepare for settlement negotiations, and attended conferences and hearings.

63. Keenan Klein is a fourth-year associate at SWCKW. Mr. Klein's practice focuses on employment individual and class actions, including wage and hour class actions. Mr. Klein graduated from the University of California, Berkeley School of Law in 2012, where he is a member of the Order of the Coif. Mr. Klein received his B.A. from the University of California, Berkeley in 2008. Mr. Klein was a judicial law clerk for Magistrate Judge Joseph C. Spero in the United States District Court for the Northern District of California. Mr. Klein also served as a legal research assistant for Judge Curtis E.A. Karnow in the complex litigation department of the San Francisco County Superior Court. Mr. Klein's rate is $550.00 per hour. Mr. Klein assisted with drafting pleadings and discovery, communicating with Class Members, and preparing for settlement negotiations.

64. A. Chowning Poppler was formerly an associate at SWCKW. Ms. Poppler's practice focused on wage and hour class actions. Ms. Poppler received her B.A. from University of Southern California. In 2010, she received her Juris Doctor from University of San Diego School of Law. Ms. Poppler's rate was $475.00 per hour, which is in line with that of attorneys with similar qualifications and experience.

65. Vincent Fisher was formerly as associate at SWCKW. Mr. Fisher's practice focused on wage and hour class actions. Mr. Fisher received his B.A. from San Francisco State University. In 2010, he received his Juris Doctor from John F. Kennedy School of Law. In 2014, Mr. Fisher also earned an LLM from Santa Clara University School of Law. Mr. Fisher's rate was $450.00 per hour, which is in line which that of attorneys with similar qualifications and experience. Mr. Fisher assisted with early stage investigations and research as well

66. Krishna Desai is a contract attorney at SWCKW. She graduated from University of Illinois-College of Law in 2010, and obtained her Illinois Bar license the same year. She assists with document review and class outreach. Ms. Desai's rate is $650.00 per hour, which is in line which that of attorneys with similar qualifications and experience. Ms. Desai assisted with preparing for mediation as well as the settlement motions.

67. Justin Schultz is a contract attorney at SWCKW. He graduated from University of California Hastings College of Law in May 2015, and was admitted to the California Bar in 2016. Mr. Schultz's rate is $500.00 per hour, which is in line which that of attorneys with similar qualifications and experience. Mr. Schultz assisted with preparing for mediation as well as the settlement motions.

68. Sintia Saenz was a staff attorney/paralegal at SWCKW. She graduated from St. Thomas University School of Law, and obtained her Florida Bar license in 2008. She was a staff attorney/paralegal at our firm for over two years, and assisted in document review and has prepared declarations and pleadings in numerous class action matters, including several wage and hour cases. Our firm seeks the rate of $400.00 per hour for her work.

69. Christine Knowles was formerly a contract attorney at SWCKW. She graduated from Santa Clara University School of Law in 2013, and obtained her California Bar license the same year. She was a contract attorney at our firm for over one year. Our firm seeks the rate of $350.00 for her work.

**SWCKW firm paralegals and staff**

70. John Hwang is the Office Manager at SWCKW. He is a 1994 graduate of the State University of New York at Binghamton. Mr. Hwang previously worked as a paralegal for eighteen years. Mr. Hwang has experience in all aspects of class actions, including document review, class outreach, declaration preparation, opt-in consent form processing, damages analysis, and mediation preparation – among other experience. Mr. Hwang also speaks fluent Spanish, is conversant in Korean, and assists with Spanish translations for the firm's Spanish-speaking clients. Mr. Hwang also has extensive experience with data management, IT, and with project management. Our firm seeks the rate of $250.00 per hour for his work. In this matter, Mr. Hwang assisted with and oversaw class outreach, assisted with preparing for mediation and settlement negotiations, and helped with this fee motion.

71. Rebecca Rosales was an Office Manager at SWCKW. She attended City of College of San Francisco. Prior to working for SWCKW, she worked as a legal assistant for two years at another San Francisco law firm. Ms. Rosales has worked at SWCKW for approximately seven years. She has assisted with document review, conducted outreach, and prepared declarations in numerous class action matters, including several wage and hour cases. Ms. Rosales is also fluent in Spanish and

assists with Spanish translations for the firm's Spanish-speaking clients. Our firm seeks the rate of $250.00 per hour for her work.

72. Scott Gordon is a paralegal at SWCKW. He earned his B.S from the University of Colorado, Boulder in 2000. He is a 2010 graduate of Temple University, Beasley School of Law. He has worked at SWCKW for several years, and has assisted in document review and has prepared declarations in numerous class action matters, including several wage and hour cases. Our firm seeks the rate of $250.00 per hour for his work in this matter. Mr. Gordon assisted with legal research, document review, and other administrative matters.

73. Sam Marks is a law clerk at SWCKW. Our firm seeks the rate of $225.00 per hour for his work in this matter. In this matter, Mr. Marks conducted class outreach.

74. Tracy Eastman is a law clerk at SWCKW. Our firm seeks the rate of $150.00 per hour for her work in this matter. In this matter, Ms. Eastman conducted class outreach.

75. Rachel Steyer was formerly a law clerk at SWCKW. Our firm seeks the rate of $175.00 per hour for her work in this matter. In this matter, Ms. Steyer conducted class outreach.

76. Elizabeth Cheung is a member of SWCKW's clerical staff. Our firm seeks the rate of $200.00 per hour for her work in this matter.

77. Lourdes Castro is a member of SWCKW's clerical staff. Our firm seeks the rate of $200.00 per hour for her work in this matter.

**The Court should apply the common fund doctrine to award attorneys' fees.**

78. A common fund award of attorneys' fees and costs is appropriate here because Plaintiffs have created an ascertainable common fund from which reasonable attorneys' fees can be recovered. The proposed Settlement creates a common fund of $6,000,000.00 that will substantially benefit 5,140[4] Class Members. Each participating Class Member will receive an ascertainable, *pro-rata* share of the Settlement. In addition, Plaintiffs' requested fee award constitutes a fair charge to the

---

[4] In their preliminary approval motion, Plaintiffs noted that the class size was approximately 4,732. Based on the records produced by Defendant to the Administrator, the total number of Class Members is actually 5,140. There are 1,324 California Class Members. Not all California Class Members are FLSA Class Members: 111 are only California Class Members, 1,123 are both California and FLSA Class Members. 3,826 are only FLSA Class Members.

Class Members for excellent result obtained by the Settlement. The requested one-third of the fund is actually equal to the fee that Class Counsel would have expected if they had negotiated individual retainer agreements with each Class Member, which is typical in order to attract competent counsel in the marketplace for representation in wage and hour class actions of this nature. Thus, the award ensures that Class Counsel receive an appropriate fee award for the actual benefit conferred to the Class.

**Class Counsel's fee award is reasonable under the circumstances of this case.**

**The fee request is justified by the excellent monetary results.**

79. Plaintiffs recognize that the "benchmark" rate for attorneys' fees in class actions in the Ninth Circuit is 25%; however, the facts in this case support an upward adjustment to 33 1/3%.

80. The approximate Net Settlement Amount being disbursed to the Class Members is $3,885,984.63[5]. A California Class Member will receive approximately $1,248.00 for each year worked. Thus, a California Class Member that was employed the entire class period of 5.5 years stands to recover $6,864.00. A FLSA Class Member will receive approximately $263.00 for each year worked, and if employed for the entire class period of 4.5 years stands to receive $1,183.00. In addition, The Gross Settlement Fund to the California Class is approximately 12% of the estimated combined value of the California class claims. Further, the Gross Settlement Fund to the FLSA Class is approximately 5% of the combined value of the FLSA Class claims. The compensation that Class Members will receive under the settlement is reasonable in comparison to what they may have recovered at trial, assuming that the proposed class was able to obtain certification of these claims, and recognizing the other risks involved as well as Defendant's defenses – further discussed below. Moreover, because this is a non-reversionary settlement, the Court is assured that the entire net settlement amount will be distributed to the Class Members. A fee award of one-third of the common fund is appropriate in the context of the relief obtained on behalf of the Class Members here.

---

[5] This approximate amount is based on Simpluris's total current estimate of $45,904.35 (but not to exceed $50,000.00) and Class Counsel's actual costs to date of $44,575.02.

**The risks associated with this litigation justified the fee request.**

81. Class Counsel considered the uncertainty and risks of further litigation, the expense and duration of further litigation, and the burdens of proof necessary to achieve certification of the case, establish liability against Defendant, and defeat its defenses.

82. First, litigating this action would not only delay recovery, but also would be expensive, time-consuming and involve substantial risk. If this case were to go to trial as a class and collective action, Class Counsel estimate that fees and costs would well exceed $2,000,000.00. Litigating the class and collective action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. There is also the delay and duration of further litigation. The litigation was filed in April 2015. The matter has been pending for nearly one and a half years. Certification and dispositive motions have yet to be filed. The Court's previous Case Management and Pretrial Order for Jury Trial (ECF Doc. No. 43) scheduled nearly a year between class certification and trial. In light of the current posture of the case, Class Counsel would still need to prepare and file a class certification motion. Thus, the litigation would likely remain pending for nearly another year and a half, and potentially longer taking into consideration unforeseen delays and scheduling issues.

83. The risks of maintaining class action status in this case as well as demonstrating Defendant's ultimate liability at trial are also significant. Recovery of the damages and penalties would require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of recent developments in wage and hour and class and collective action law as well as the legal and factual grounds that Mistras has asserted to defend this action. Specifically, Mistras has asserted numerous complete liability defenses against Plaintiffs' claims, many of which were supported by the declarations gathered by Defendant. See generally Defendant's Answer to Consolidated First Amended Complaint (ECF Doc. No. 42); the declarations are discussed in detail below. For example, Mistras raised several defenses to Plaintiffs' off-the-clock claims, including that (1) Class Members did not perform work off-the-clock; (2) any off-the-clock work was de minimis; (3) Mistras properly paid Class Members for compensable training time; (4) Mistras properly provided

Class Members with legally compliant meal and rest breaks ; (5) Mistras paid Class Members for all hours worked, including overtime; and (5) Mistras properly implemented alternative workweek schedules in California, avoiding any overtime liability. Mistras also intended to raise several defenses against class certification, including (1) that individualized determinations regarding the type and amount of off-the-clock work, if any, completed by Class Members would overwhelm common issues; (2) that individualized determinations regarding the amount of wages owing, if any, would overwhelm common issues; and (3) whether Class Members actually took meal and rest breaks would overwhelm any common issues. If Mistras succeeded on any of these or other defenses to class certification, Mistras would likely further argue that its success would necessarily impact Plaintiffs' derivative claims. In the end, Plaintiffs would then be left with only their individual claims and the Class and Collective would potentially recover nothing.

84. Thus, the risks of litigation are significant. This is particularly true since Defendant has represented to Class Counsel that the declarations it has collected support its defenses. In particular, defense counsel has explained that the California Class Members and FLSA Class Members generally and overwhelmingly stated in individualized and non-cookie-cutter declarations that they: recorded all hours worked; were paid their standard and/or overtime rates for all hours recorded as worked; never worked unrecorded hours; were never instructed to work "off the clock"; recorded all mandatory online training; were paid for all such training; were paid overtime for all overtime recorded; that to the extent they attended voluntary trainings, they did so outside of their regularly scheduled work hours, they did not perform any other work duties during such training, that voluntary training involved topics related to new skills for a job other than their current job; and that they attended such trainings of their own accord and not at the behest of any supervisor; were not required to commute to work in any specific manner or vehicle; were allowed but not required to carpool; and did not perform work before or during commute to/from worksites. In addition, California Class Members also stated that they: were aware of Mistras's meal and rest break policy; were able to take meal periods according to the policy; were never prevented from taking breaks; were able to take breaks throughout a workday as desired; never reported missing a meal period or rest break; and regularly and personally reviewed their wage statements and found them correct.

85. Defendant further argues that an arbitration agreement distributed to employees in California removes from the lawsuit approximately one half of the California Class and the corresponding members of the FLSA Collective CLASS, irrespective of other defenses related to certification or liability. This further demonstrates the reasonableness of the total settlement value and the risks of further litigation.

**Class Counsel's skill and quality of work justify the fee request.**

86. Class Counsel have demonstrated substantial skill, diligence, and high quality of work in achieving the Settlement and its creation of a Settlement of $6,000,000.00. Moreover, Class Counsel are highly-regarded members of the Bar.

87. The case also raises complicated legal and factual issues that require intensive and careful analysis under the law, particularly as related to Plaintiffs' claims regarding compensation for training time and the adoption of and compensation for the time worked during alternative workweek schedules. Additionally, assessing the implementation of and compensation for time worked during alternative workweek schedules under California law is complex and requires extension work. With respect to this litigation, these questions raise difficult and complicated issues between the Parties that will not be quickly and easily decided because they have serious implications on overtime compensation and Defendant's potential exposure to liability.

**The contingency nature of the fee and financial burden carried by Class Counsel justifies the fee request.**

88. Class Counsel have worked on the present case since before April 2015, and in effect have loaned their services to the Class Members since that time. Class Counsel have prosecuted this case on a wholly contingent basis, and done so at a risk of never receiving any compensation due to the risky nature of class action litigation in general, and due to the developing law in this Circuit with respect to work "off-the-clock" and missed break claims, especially in the class action context.

**Class Members' positive reaction to the requested fee award supports its approval.**

89. Here, over 30 days after Notice of the Settlement was mailed to the Class, no Class Member has objected to the Settlement despite being informed of Plaintiffs' requested attorneys' fees and

costs award.[6] This positive reaction further underscores its reasonableness.

**The Lodestar Cross-Check Confirms the Reasonableness of the Fee Award.**

**A multiplier is justified.**

90. Based on (1) the risks presented by the contingent nature of the case, (2) the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly, (3) the nature of the opposition, (4) the preclusion of other employment by the attorney due to the acceptance of the case, and (5) the result obtained and the importance of the lawsuit to the public, the 1.6 multiplier requested here is reasonable.

**Class Counsel's hourly rates are reasonable.**

91. The hourly rate my law firm seeks for my own legal services in this case is $795.00. Having reviewed the market, my firm has determined that my rate is within the market range charged by attorneys of comparable experience, expertise, and reputation for similar services in the San Francisco Bay Area.

92. The 2015-2016 rates that are sought herein for the work of SWCKW attorneys represent only a modest increase over the rates that were approved by other courts as being reasonable in 2013, 2012, 2011, and 2010. Moreover, a Court in this District has granted a fee award based on my firm's 2015-2016 hourly rates.

93. The federal and state courts in California have consistently approved the rates charged by the attorneys in this case, including the hourly rates of SWCKW. For example, on June 29, 2016, the Hon. Virginia A. Phillips of the Central District of California issued an Order Approving Class Settlement and Attorneys' Fees and Cost, which granted a fee award sought on the basis of my firm's current 2015-2016 hourly rates. That Order was issued in *Jeter-Polk v. Casual Male, LLC, et al.,* Case No. 5:14-cv-00891-VAP-DTB (C.D. Cal.) A true and correct copy of the order is attached as **Exhibit 19**. On May 25, 2016, the Hon. Thelton E. Henderson of the Northern District of California issued an Order Granting Final Approval of Settlement, which granted a fee award sought

---

[6] The deadline for California Class Members to postmark requests to opt-out, objections to the Settlement, or dispute the information in the Notice is December 22, 2016. Plaintiffs will provide a further update to the Court after the opt-out, objection, and deadline passes.

on the basis of my firm's current 2015-2016 hourly rates. That Order was issued in *Meza v. S.S. Skikos, Inc.*, Case No. 3:15-cv-01889-TEH (N.D. Cal.). A true and correct copy of the order is attached as **Exhibit 20**. On March 22, 2013, the California Superior Court, County of Santa Cruz, approved our firm's 2013 hourly rates as within the prevailing range of rates charged by attorneys providing similar services in class action, wage-and-hour cases in California. That Order was issued in the case of *Perez, et al., v. rue21, inc.,* Case No. CISCV167815. A true and correct copy of the order is attached as **Exhibit 21.**

94. Class Counsel's hourly rates are reasonable in light of their significant experience, expertise, and skill.

95. Even without accounting for contingent risk, Class Counsel's rates are well within the range of rates charged by similarly experienced and qualified attorneys practicing in this area.

**The number of hours claimed is reasonable.**

96. Class Counsel, to date, have expended 2,331.55 hours of attorney and paralegal time to reach this Settlement and monitor the Settlement. These hours reflect reasonably spent time litigating this case, which Class Counsel sought to efficiently manage, staff, assign, and divide the work between the co-counsel firms and amongst lower and higher-level attorneys and to avoid duplication of effort.

97. In the prosecution of this case, my firm and my co-counsel efficiently prosecuted this litigation and conducted relevant discovery. Our firms worked together to divide assignments, avoid duplication of efforts, and accomplish all tasks in the most efficient manner possible.

98. Work was also performed efficiently within SWCKW. I managed this case from within SWCKW and personally oversaw and supervised the SWCKW attorneys, paralegal, and staff members who worked on this case. Generally speaking, legal theories, and case strategy were developed by me as the handling partner and then circulated to our associate attorneys for adaption or further development. Time-intensive projects such as written discovery, communicating with Class Members, and developing the factual record was performed for the most part by associates and paralegals. This internal allocation of work ensured that litigation tasks were performed at the appropriate billing rate.

99. My personal practice, and the practice at my firm, is to record time in tenth-of-an hour-increments, and to do so as contemporaneously as possible with the expenditure of the time by the attorney. This method of recording time is generally followed in the legal community in the San Francisco Bay Area, and is more accurate than recording time by quarter-hour increments, which tends to inflate the amount of time billed for short telephone conferences and other short tasks.

100. It should also be emphasized that Class Counsel's lodestar does not include all of the time they will spend moving for final approval of Settlement, attending the final approval hearing, supervising settlement administration, and communicating with California Class Members and FLSA Class Members in the future about the Settlement.

**Class Counsel's claim for attorneys' fees is fully documented.**

101. Plaintiffs' claim for attorneys' fees is fully documented by detailed time records that show when and how each hour was spent. Class Counsel's time was carefully recorded in tenth-of-an-hour increments, which is the most precise means of capturing the time expended. These time records are the best evidence of the time that this case has required. As shown in the declarations of Class Counsel submitted herewith, and as documented in billing records that have been prepared for *in camera* review that will be filed separately under seal, Class Counsel's hours are fully justified by the tremendous burden of intense litigation.

**The lodestar**

102. As noted above, the cumulative lodestar of Class Counsel, up to December 7, 2016, is $1,242,107.00, which is the result of approximately 2,331.55 hours on this litigation. *See* **Exhibit 1.**

**Breakdown of lodestar**

103. SWCKW's current lodestar is $735,497.00 based on 1,474 hours of work. A true and correct summary of the time attorneys, paralegals, and staff members at SWCKW spent on this case, along with their respective hourly billing rates is attached as **Exhibit 22.** The detailed records have not been provided here, but will be provided for the Court's *in camera* review separately under seal. To help illustrate the work that reasonably had to be done in order to achieve the excellent settlement result on behalf of the Class Members, I now summarize our firm's work:

| | YEAR ADMITTED | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| *Attorneys* | | | | |
| Carolyn H. Cottrell, Partner | 1993 | 292.1 | $795.00 | $232,219.50 |
| Nicole Coon, Associate | 2010 IL/2011 WI/2012 CA | 401.3 | $650.00 | $260,845.00 |
| Keenan Klein, Associate | 2012 | 118.9 | $550.00 | $71,340.00 |
| Vincent Fisher, Associate | 2011 | 34.30 | $500.00 | $15,435.00 |
| A. Chowning Poppler, Associate | 2010 | 0.10 | $475.00 | $47.50 |
| Christine Knowles, Contract Attorney | 2013 | 37.30 | $375.00 | $13,987.50 |
| Thomas McCarrick, Contract Attorney | 2015 | 5.60 | $350.00 | $1,960.00 |
| Serenity Wang, Contract Attorney | 2012 | 2.40 | $400.00 | $960.00 |
| Justin Schultz, Contract Attorney | 2016 | 28.6 | $500.00 | $14,300.00 |
| Sintia Saenz, Attorney/Paralegal | 2008 FL | 5.60 | $400.00 | $2,240.00 |
| Krishna Desai, Contract Attorney | 2010 IL | 20.1 | $650.00 | $13,065.00 |
| David Whitehead, Contract Attorney | 2007 MO | 2.40 | $650.00 | $1,560.00 |
| *Office Manager, Paralegals, Law Clerks & Clerical Staff* | | | | |
| John Hwang, Office Manager/Paralegal | N/A | 50.3 | $250.00 | $12,575.00 |
| Rebecca Rosales, Office Manager/Paralegal | N/A | 30.5 | $250.00 | $7,625.00 |
| Scott Gordon, Paralegal/Legal Assistant | N/A | 70.4 | $250.00 | $17,600.00 |
| Tracy Eastman, Outreach Specialist | N/A | 72.70 | $150.00 | $10,905.00 |
| Charles Greenlee, Paralegal | N/A | 9.00 | $200.00 | $1,800.00 |
| Tracey McClain, Paralegal | N/A | 0.4 | $250.00 | $100.00 |
| Eugenia Gueorguieva, Legal Assistant/Accounts Payable | N/A | 9.2 | $175.00 | $2,300.00 |
| Sam Marks, Law Clerk | N/A | 63.10 | $225.00 | $14,197.00 |
| Dolores Mayorga, Legal Secretary | N/A | 4.30 | $200.00 | $860.00 |
| Francine McGinity, Legal Secretary | N/A | 8.10 | $200.00 | $1,620.00 |
| Tejal Naik, Law Clerk | N/A | 1.20 | $250.00 | $300.00 |
| Edith Sanchez, Legal Secretary | N/A | 10.60 | $200.00 | $2,120.00 |
| Robert Shaw, Paralegal/Legal Assistant | N/A | 1.30 | $150.00 | $195.00 |

DECLARATION OF CAROLYN HUNT COTTRELL IN SUPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARDS
CASE NO. 3:15-cv-02198-EMC

| | | | | |
|---|---|---|---|---|
| Rachel Steyer, Law Clerk | N/A | 103.80 | $175.00 | $18,165.00 |
| Christopher Walker, Accounts Payable | N/A | 19.2 | $200.00 | $3,840.00 |
| Elizabeth Cheung, Legal Assistant | N/A | 63.7 | $200.00 | $11,860.00 |
| Lourdes Castro, Legal Assistant | N/A | 7 | $200.00 | $1,400.00 |
| Elisa Adams, Clerk | N/A | 0.5 | $150.00 | $75.00 |
| ***TOTAL HOURS & LODESTAR:*** | | **1,474.0** | | **$735,497.00** |

**Class Counsel's Costs are Reasonable and Compensable from the Settlement.**

104. A true and correct summary of the reasonable and necessary costs and expenses incurred by SWCKW in this matter is attached as **Exhibit 23.** Invoices supporting these costs are also included.

105. Class Counsel request the Court to grant their request for taxable costs and other litigation-related expenses reasonably and necessarily incurred in this litigation in the amount of $44,575.02. Any unclaimed costs will be reallocated to the Settlement and distributed to the CMs.

106. Here, Plaintiffs' reimbursable out-of-pocket expenses include the following: (1) filing fees, court fees, and service of process; (2) mediation; (3) legal research; (4) depositions and deposition transcripts; (5) overnight and bulk mail; (6) travel and travel expenses; and (7) copies and postage. The total reimbursable costs incurred by Class Counsel in this case amount to $44,575.02. SWCKW's total costs are $32,447.33 and are broken down as follows:

| Category | Costs |
|---|---|
| Filing Fees/Court Fees/Service of Process | $2,533.70 |
| Mediation | $3,125.00 |
| Legal Research | $2,211.95 |
| Depositions/Deposition Transcripts | $6,943.30 |
| Overnight and Bulk Mail | $932.25 |
| Travel and Travel Expenses | $6,908.70 |
| Copies and Postage | $9,191.30 |
| **Firm Total** | **$32,447.30** |

107. All of the expenses set forth above were reasonable, were necessary to the prosecution of the case, and are customarily billed to fee-paying clients.

108. **Travel Expenses.** Because Class Counsel's presence was required for court hearings and other necessary events (*e.g.*, client meetings, mediations, depositions), travel expenses were necessarily incurred. Class Counsel's travel are reasonable and were necessary to the prosecution of

the case. Such expenses are typically billed to fee-paying clients as incident to the representation and, therefore, should be reimbursed.

109. **Printing and Reproduction Costs.** Printing and copying costs are reasonable and necessary costs that are typically billed to a fee-paying client. Plaintiffs' copying and printing costs include printing drafts of briefs, memoranda, and court filings for review and editing. These out-of-pocket expenses are reimbursable nontaxable expenses under the FLSA.

110. **Postage.** Prosecution of this case required significant postage. Plaintiffs' documents and exchanges between the Parties required use of the mail and other freight services. Therefore, postage and freight delivery services are necessary and appropriate expenses that are customarily billed to fee-paying clients.

111. **Computer Legal Research.** Class Counsel's request for reimbursement of out-of-pocket costs for computer legal research is reasonable. This computer legal research, which was utilized to support legal briefs and memoranda and to guide Plaintiffs' legal strategy, was necessary to the effective representation of Plaintiffs. Such costs are not accounted for in Class Counsel's hourly rate and are customarily billed to fee-paying clients. Therefore, Plaintiffs' requested reimbursement of these expenses is appropriate.

112. **Mediation Costs.** Plaintiffs' mediation costs consist of amounts paid to the mediator as part of the mediation that led to the settlement of this action. These costs are recoverable under the FLSA because they are reasonable and are customarily billed to a fee paying client.

113. In summary, Plaintiffs are entitled to an award of all of the above-listed and described costs. These expenses are reasonable and were necessary to the representation of Plaintiffs in these actions. Such expenses should be reimbursed to Class Counsel.

## CLASS REPRESENTATIVE ENHAHCMENT AWARDS

114. The Court should approve the requested enhancement awards in the amount of $7,500.00 to Named Plaintiff Viceral and $1,000.00 to Named Plaintiff Krueger[7] because these awards are just, fair, and reasonable.

---

[7] Named Plaintiff Viceral requests an enhancement award of $7,500.00 and has executed a full release of all claims; named Plaintiff Krueger requests an enhancement award of $1,000, and will retain his right to
(footnote continued)

**Plaintiffs took extraordinary measures and invested substantial time and effort for the benefit of the Class Members.**

115. Plaintiffs invested well over 250 hours of their time helping to litigate this case. This includes substantial amounts of time: (1) locating and providing extensive documents to Class Counsel; (2) engaging in lengthy interviews with Class Counsel prior to filing; (3) reviewing the Complaint, the Court's Alternative Dispute Resolution Packet, and the Consolidated First Amended Complaint; (4) reviewing and responding to over written discovery; (5) preparing for and/or attending deposition; (6) making themselves available during settlement negotiations; and (7) remaining in continuous contact and communication with Class Counsel throughout this litigation. The extraordinary measures Plaintiffs have taken in their effort to benefit the Class Members weighs in favor of granting the enhancement awards requested.

**Class Members received a substantial benefit from Plaintiffs' efforts.**

116. The average individual settlement payment for California Class Members is estimated to be $1,987.31, and the highest is estimated to be $6,133.59. The average individual settlement payment for FLSA Class Members is estimated to be $284.45, and the highest is estimated to be $789.87. The substantial benefit Plaintiffs' efforts have secured for the Class weigh in favor of granting the requested enhancement awards. Here, the enhancement awards here are only approximately 0.14% of the Settlement.

//

//

//

//

//

//

//

//

continue with a separate individual action ongoing against the Defendant, for claims not included in this class action. The request for these Enhancement Awards are clearly disclosed in the proposed Notices.

**Plaintiffs took on substantial risk in bringing this class action.**

117. Plaintiffs took on substantial risk in bringing this class action and exposed themselves to notoriety and personal difficulties by serving as the Named Plaintiffs in this lawsuit. Plaintiffs also bore the significant financial risk of Mistras's costs in the event she lost at trial. This financial risk could easily total tens, if not hundreds, of thousands of dollars.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and is based upon my own personal knowledge. Executed in Emeryville, California on December 8, 2016.

*/s/ Carolyn Hunt Cottrell*
CAROLYN HUNT COTTRELL

## ATTESTATION PER LOCAL RULE 5-1(i)(3)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated:  December 8, 2016          /s/ *Nicole N. Coon*

                                                    NICOLE N. COON

                                                    SCHNEIDER WALLACE
                                                    COTTRELL KONECKY WOTKYNS LLP

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Dated:  December 8, 2016          /s/ *Nicole N. Coon*

                                                    NICOLE N. COON

                                                    SCHNEIDER WALLACE
                                                    COTTRELL KONECKY WOTKYNS LLP