Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com
tmehr@marlinsaltzman.com

Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Walter Haines, Esq. (SBN 71075)
UNITED EMPLOYEES LAW GROUP, P.C.
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone: (888) 474-7242
Facsimile: (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>   Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF STAN SALTZMAN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY FEES, COSTS, AND ENHANCEMENT AWARD**<br><br>DATE:  February 2, 2017<br>TIME:  1:30 p.m.<br>CTRM:  5 |

I, Stan Saltzman, Esq., declare as follows:

1. I am an attorney at law licensed to practice in the State of California and in this United States District Court. I am a founding Partner of Marlin & Saltzman, LLP attorneys of record for Plaintiffs. I make this declaration in support of Plaintiffs' Unopposed Motion For Attorney Fees, Costs, and Enhancement Award. I testify to the foregoing facts of my own personal knowledge and, if called as a witness, could and would testify competently thereto under oath.

**RECORD OF EXPERIENCE**

2. For many years, I have been responsible for all facets of class action and other complex litigation, from pre-filing investigation through trial and appeal. Our firm has successfully litigated cases involving numerous alleged violations of various employment laws and practices, including off-the-clock/unpaid time allegations such as those presented herein, as well as unpaid vacation payment, reimbursement of expenses, improper wage statement and other wage and hour violations. We have also successfully litigated claims of mis-classifications under the executive, administrative, outside sales, and other overtime exemptions arising out of California and federal law. Prior to transitioning to plaintiffs' side representation, the firm was previously heavily involved in the defense of class and complex litigation, and numerous exemplar defendant side cases are also included in the listing of exemplar cases below. The plaintiff side employment cases, and other plaintiff side class action cases, have resulted in the payment of hundreds of millions of dollars in settlements. Collectively, our firm has been responsible for the resolution of claims in these fields totaling in excess of $700 million dollars paid out in settlements or judgments. Examples of some of the many cases we have handled, and are handling, include:

    a. **Ridgeway v. Wal-Mart,** Northern District of California. Most recently, through the entire month of November, 2016, I had the opportunity to co-try a class action before the Honorable Judge Susan Illston, against Walmart Stores, Inc, on behalf of its employee truck drivers. The trial resulted in a plaintiffs' verdict for $54,000,000.00 in unpaid wages, and a jury finding that Walmart's conduct was intentional. As a result of that finding, the Court will be holding post-trial proceedings to award what will likely be substantial penalties in addition to the wages awarded by the jury.

b. **Guttierez vs. State Farm**, Los Angeles Superior Court. Class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California. Plaintiffs' counsel. Certification granted, and then summary adjudication as to liability granted in favor of the class. Case settled in 2004 for $135 million, with Final Approval granted and no objections filed.

c. **Bednar vs. Allstate Insurance Company**, Los Angeles Superior Court. Class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California. Plaintiffs' counsel. Certification granted, and then summary adjudication as to liability granted in favor of the class. Case settled in 2005 for $120 million. Final Approval granted and no objections filed.

d. **In re: Wal-Mart Wage and Hour Litigation**, United States District Court for the Northern District of California. Class action seeking unpaid vacation pay and penalties. Case has settled for maximum payment of $86 million. Final approval granted.

e. **Roberts vs. Coast National Insurance**, Orange County Superior Court . Class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California. Plaintiffs' counsel. Certification granted, and then the matter was tried to binding arbitrator. Case settled for in excess of $18 million during arbitration.

f. **CNA Class Action Litigation**, Los Angeles Superior Court Class. Class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2005 for $33 million.

g. **H & R Block Litigation**, United States District Court for the Northern District of California. Class certified, and settlement reached prior to trial Preliminary approval has been granted, and the case is pending final approval Total settlement was $35 million.

h. **Hoyng v. AON**, Los Angeles County Superior Court. Class action seeking overtime compensation for certain employees employed by defendant third party administrator in the State of California. Plaintiffs' counsel. Certification granted. Case settled for $10.5

million.

i. **Parris vs. Lowe's Home Improvement**, Los Angeles Superior Court. Class action seeking payment of "off the clock" hours worked by all hourly employees of Lowe's in the State of California. Plaintiffs' counsel. Case ordered certified by Order of the Court of Appeals, Second Appellate District, California, on reversal of trial court order denying certification. Case settled for $29.5 million.

j. **Pardo, et.al. vs. Toyota Motor Sales**, U.S.A., et.al., Los Angeles Superior Court. Plaintiffs' class counsel. Wage and hour class action settled for $7.75 million.

k. **Fulton vs. Cisco Systems, Inc.**, Orange County Superior Court. Wage and hour litigation seeking overtime and related compensation. Plaintiffs' class counsel. Settled for $6.7 million.

l. **Van Heyn vs. WMC Mortgage Corp.**, Los Angeles Superior Court. Action for violation of Labor Code §§ 2802 and 2804, etc. for failure to reimburse employees for business expenses. Case settled for $3 million.

m. **In re: JB Hunt Transport Class Action**, United States District Court for the Central District of California. Class counsel for certified class. Action seeks unpaid regular and overtime compensation.

n. **Pasquale vs. Kaiser Foundation Hospitals**, United States District Court for the Southern District of California. Class counsel. Action sought overtime and related compensation for misclassified employees. Case settled for $3.7 million.

o. **Poston vs. Marcus & Millichap Real Estate Investment**, Los Angeles Superior Court. Action for violation of Labor Code §§2802 and 2804, etc. for failure to reimburse employees for business expenses. Class counsel. Case settled for $1,340,000.

p. **Trejo vs. Oakley, Inc.,** Orange County Superior Court. Action for violation of several provisions of the Labor Code. Class counsel. Settlement for $3.75 million was preliminarily approved pending final approval.

4

Declaration Of Stan Saltzman ISO Plaintiffs' Motion For Attorney Fees And Incentive Award - Case No. 3:15-Cv-02198-Emc

q. **Dotson vs. Royal SunAlliance**, Orange County Superior Court. Class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2005 for $12.3 million.

r. **Schenck v. Jenny Craig, Inc**., Orange County Superior Court. Class action under Consumer Legal Remedies Act, certified as a liability class and settled as a mandatory settlement class for in excess of $40 million in cash and benefits. Served as plaintiffs' counsel.

s. **Harris vs. Vector Marketing Corp.,** United States District Court, Northern District of California. Class Counsel. Final approval of $13 million settlement granted.

t. **Hopkins v. Stryker Sales Corp.,** United States District Court, Northern District of California. Class Counsel. Settled in 2013.

u. **Barber vs. Buy.Com**, Orange County Superior Court. Certified class action claiming negligent misrepresentation. Plaintiff class counsel. Class certified and settled in 2000.

v. **In re: America Online Litigation**, Los Angeles Superior Court. Consumer action involving coordinated California class actions. Lead Plaintiffs' Counsel. Also appeared in the class action venued in Chicago as counsel for the California objectors to the Illinois settlement of that matter.

w. **Ko and Chen v. Chinese Yellow Pages**, Los Angeles Superior Court. Consumer action involving failure to reimburse per contract for limited production of yellow pages. Lead Plaintiffs' Counsel. Class Certified and then settled prior to trial.

x. **Ortega vs. AIG**, USDC, Central District. Co-lead Counsel for Plaintiffs in overtime mis-classification case. Case settled and all settlement funds distributed.

y. **Cohen, et. al. vs. The Regents of the University of California**, Los Angeles Superior Court. Counsel for the Regents in pending complex consolidated action involving the claims of over 350 plaintiffs. Case resolved.

z. **Berner vs. Kraft Foods, Inc**., USDC, Central District. Counsel for Plaintiffs in "off the clock" action, plus meal and break time. Case settled.

aa. **Rounsavall vs. Countrywide Home Loans, Inc.,** Los Angeles Superior Court. Lead counsel in class action claiming mis-classification of computer driven underwriting positions. Case settled for $15 million and all settlement funds have been distributed.

bb. **Ortmann vs. New York Life Insurance**, USDC, Central District. Class action involving alleged failure to pay minimum wages to employed insurance agents, failure to reimburse, etc. Matter settled for $10 million.

cc. **In Re. ABS Plastics Litigation**, Alameda Superior Court. Lead counsel for one of the two target defendants in Western Region (eleven states) product liability class action. Case settled prior to certification, after extensive discovery and investigation.

dd. **Higby vs. Fernwood Cemetery, et al**., San Francisco Superior Court. Lead defense counsel for primary defendant in alleged cemetery/crematory violations action. Class stipulated to by prior personal counsel, and then action defensed at one month trial by "binding arbitration" before JAMS, San Francisco.

ee. **Bennett v. Regents of the University of California**, Los Angeles County Superior Court. Mass tort litigation. Defense counsel for the Regents of the University of California (UCLA). Certified as a class for injunctive relief only. Defeated certification of liability class. Summary judgment granted to defendant in connection with all liability claims.

ff. **Simpson (Coghill) vs. Regents of the University of California**, Orange County Superior Court. Mass tort litigation. Defense counsel for the Regents of the University of California (UCI). Certification motion defeated on behalf of our client.

gg. **Sconce/Lamb Cremation Cases**, Los Angeles County Superior Court. Mass tort/wrongful cremation litigation. Served as lead defense counsel. Settlement class certified.

hh. **In Re Evergreen Class Action**, Riverside County Superior Court. Mass tort/wrongful cremation. Served as lead defense counsel.

ii. **In Re Cheesecake Factory Class Action**, Los Angeles County Superior Court. Class action claiming violation of the provisions of the Americans With Disabilities Act.

Served as co-lead defense counsel.

jj. **In Re Leneda Crematory Class Action**, San Diego County Superior Court. Mass tort/wrongful cremation action. Served as mortuary defendants' lead counsel.

kk. **In Re Pomona Cemetery Class Action**, Los Angeles County Superior Court. Mass tort/wrongful cremation. Served as member of defense counsel executive committee.

ll. **Brock v. McCormick**, Orange County Superior Court. Mass tort class action litigation. Defendants' lead counsel. Settlement class certified.

mm. **In Re Paradise Memorial Park Litigation**, Los Angeles County Superior Court. Mass tort/improper burial practices class action litigation. Defendants' liaison counsel. Settlement class certified.

nn. **In Re Lincoln Cemetery Class Action**, Los Angeles County Superior Court. Mass tort/wrongful burial practices class action litigation. Liaison counsel for mortuary defendants. Settlement class certified.

oo. **In Re Computer Monitor Class Action**, San Francisco Superior County Superior Court. Nationwide class action, including claims under the Consumer Legal Remedies Act, pertaining to false advertising of computer monitors. Member, plaintiffs' executive committee.

pp. **In Re Mini-blinds Class Action**, Alameda County Superior Court. Nationwide class action, including claims under the Consumer Legal Remedies Act, pertaining to lead content of mini-blinds. Member, plaintiffs' executive committee.

qq. **Barton vs. UHS of Delaware, Inc,** Los Angeles Superior Court. Wage and hour class action. Class Counsel. Final settlement approval granted.

3. I have tried numerous jury and bench trials to judgment. Other members of the firm have also tried many cases to verdict. Our firm concentrates its efforts on areas of litigation, with a great emphasis on class action litigation, and complex litigation.

**INVOLVEMENT IN PRESENT CASE**

4. As set forth above, the undersigned and my firm have many years of successful history, litigating employment class actions on behalf of workers in this state. We have been appointed to represent class members as class counsel on more than fifty occasions, and have always accepted that appointment with the knowledge that it comes with an obligation to act in the best interests of the class, to litigate as appropriate all the cases, and to see them through to the best possible resolution, be it be settlement or trial. This case was no exception. Indeed, from the moment we got involved in this case we have worked continuously to evaluate all aspects of the case, to prepare it for Collective and Class Certification, to position it for settlement if that became feasible, and for trial if necessary.

5. For the many reasons set forth at preliminary approval, the settlement was felt by class counsel to represent a fair and equitable result for the case, bearing in mind both the risks and benefits of potential further litigation.

6. During the course of my firm's involvement in this action, beginning in November of 2014, through to the present, Marlin & Saltzman LLP has incurred a total of 857.55 hours worked. This total does not include the time that will be necessary to complete the final approval process, the final approval papers, preparation for the final approval hearing, travel to the hearing, and all other efforts necessary to effectuate the settlement. I anticipate that said process could take approximately an additional 50 - 75 hours.

7. This matter was originally handled out of our Orange County office, until the closure of that office about a year ago when Mr. Marlin resigned from the firm to join the Irvine office of JAMS. Thus, at the beginning it was primarily handled by Mr. Marlin, Senior Counsel Mr. O'Dell, and mid-level associate Ms. Hanna Raanan. Upon the closure of that office following Mr. Marlin's departure, although Mr. O'Dell remained with the firm, the file was transferred to our Agoura Hills office under the direct supervision of partner Ms. Christina Humphrey. Others in the Agoura Hills office, including the undersigned, assisted in its handling as needed.

8. My co-founding partner Louis Marlin, with 42 years of litigation experience, was billed out for the case at $750 per hour, and our firm's time records show 20.10 hours for Mr. Marlin. The undersigned, with 37 years of extensive litigation experience including 20 years of plaintiff side class

1 action work, is also billed out for these purposes at $750 per hour, and our time records show 145 hours
2 for me. Ms. Humphrey, who was in charge of this matter until she left the firm several months ago, with
3 over 15 years of experience, shows 176.30 hours on this matter, at a rate of $650 per hour. Senior
4 Counsel at the firm, William A. (Tony) Baird, with over 15 years of experience, shows 232.10 hours on
5 this matter, at a rate of $625 per hour. Another Senior Counsel at my firm, Stephen O'Dell, with over
6 30 years of experience shows 4.60 hours on this matter, at a rate of $650 per hour. A mid-level
7 associate, Tina Mehr, with 6 years experience, shows 123.50 hours, billed at $475 per hour. Another
8 mid-level associate, Hanna Raanan with 6 years of experience, shows 108.40 hours, billed at $475 per
9 hour. Finally, our senior paralegal, Susan Joseph, with over 16 years working on such matters (all with
10 our firm and a predecessor firm we partnered with for many years), is billed at $210 per hour and shows
11 47.55 hours on this case.

12  9. Collectively, our firm's current lodestar on this case, based on the hours and rates set out above, is $ 506, 610. Attached hereto and incorporated herein as Exhibit "1" is a "Billing Summary" that summarizes Marlin & Saltzman's hours worked and rates for each attorney and paralegal who worked on this matter. Attached hereto and incorporated herein as Exhibit "2" is a "Time and Task Chart" that summarizes by category the amount of time spent on different tasks. Marlin & Saltzman's full and complete billing records will be provided under seal in a separate document.

 10. In addition to the fees requested in this motion, my firm has also incurred costs related to the case. The Cost entries are attached hereto as Exhibit 3, and are incorporated herein as though fully set forth. We expect that in connection with the Final Approval motion, including travel required therefore, that we will incur approximately $1,750.00 in further costs. Thus, we seek to be reimbursed $12,127.69 for the costs incurred to date as well as for the costs we anticipate incurring.

 11. In my 37 years practicing as an attorney in this state, I have handled hundreds if not thousands of cases, many of them on a contingency basis. The contingency fees we have charged to our clients have generally fallen within the range of 33.3% to 40% of the recovery achieved. Additionally, I am aware by virtue of these 37 years in the field, that such contingency fees are normal and customary in the field, and have been for the entire length of my career. Of course, since we are a contingent firm, in the cases where we do not achieve a recovery, which has unfortunately occurred including on cases

9

we have taken all the way through trial and appeal, we then recover nothing, and are normally out of pocket on all of the expenses and costs advanced.

12. For the reasons stated in the instant Motion for Approval of Fees and Costs, plus Enhancement, we believe that the requested fee award is appropriate. The settlement provides substantial relief to the class members, is an all-in resolution where all the funds will be paid out, does not require anyone to even submit a claim form, and is essentially self-effecting as to the class members. As with all Off The Clock cases, this one presented real issues as to the viability of both certification and liability, was litigated in an effective manner so as to drive a fair settlement, and the result is meritorious, in our belief, of the requested fee.

13. Finally, also included in the motion filed herewith is a request for approval of the incentive award of $ 7,500.00 for the Representative Plaintiff, Edgar Viceral. Mr. Viceral was a not a simple bystander in the prosecution of this Action. From the time that Plaintiff brought this matter to the attention of counsel and met with them, through the present, Mr. Viceral has been actively involved in providing information and evidence. Mr. Viceral was always available to consult with, and regularly did consult with, counsel both in person and via telephone. Mr. Viceral was also actively involved in discussions regarding the resolution of this matter and approved the Settlement terms on behalf of himself and the Class Members. Additionally, Mr. Viceral prepared for his deposition which had been noticed, but the Parties agreed to attempt resolution by mediation prior to his deposition going forward. I can also affirmatively declare that his efforts were instrumental in achieving the settlement now before the court

14. Mr. Viceral requests a larger incentive award than representative Plaintiff Mr. Krueger as he will execute a full release of all claims; whereas Mr. Krueger will request an incentive award of $1,000, but will retain his right to continue with a separate individual action ongoing against the Defendant, for claims not included in this class action. In addition to the reasons provided above, the request is also appropriate based on the risks Mr. Viceral undertook in pursuing this action including the risk of being liable for payment of costs in the event this Action was unsuccessful and for any stigma he may suffer going forward due to the public information available (i.e., via the internet) of his filing a class action against an employer. In fact, Mr. Viceral believes his participation in this action has already hurt his job

prospects. I ask that the Court bear all of this in mind when ruling on the requested enhancement, as it was certainly earned in all respect.

I declare under penalty of perjury, pursuant to the laws of the United States and of the State of California that the forgoing is true and correct and to the best of my personal knowledge. This declaration is executed on December 7, 2016, at Agoura Hills, California.


                    /s/ Stanley D. Saltzman

                    Stanley D. Saltzman

## **ATTESTATION PER LOCAL RULE 5-1(i)(3)**

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: December 8, 2016                    /s/ *Nicole N. Coon*

                                          NICOLE N. COON

                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY WOTKYNS LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Dated: December 8, 2016                    /s/ *Nicole N. Coon*

                                          NICOLE N. COON

                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY WOTKYNS LLP