**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
William A. Baird, Esq. (SBN 192675)
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
Carolyn Hunt Cottrell, Esq. (SBN 166977)
Nicole N. Coon, Esq. (SBN 286283)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

**UNITED EMPLOYEES LAW GROUP, P.C.**
Walter Haines, Esq. (SBN 71075)
5500 Bolsa Avenue, Suite 201
Huntington Beach, California 92649
Telephone: (888) 474-7242
Facsimile: (562) 256-1006

Attorneys for Plaintiffs
and the Settlement California Class and FLSA Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CALIFORNIA CLASS ACTION SETTLEMENT**<br><br>DATE: February 2, 2017<br>TIME: 1:30 p.m.<br>CTRM: 5 |

---

Plaintiffs' Unopposed Motion for Final Approval of California Class Action Settlement
CASE NO. 3:15-cv-02198-EMC

**TO:   ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 2, 2017, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom No. 5 in the above entitled courthouse located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiffs Edgar Viceral and David Krueger ("Plaintiffs") will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23 for an order finally approving the California Class Action Settlement Agreement as fair, adequate, and reasonable.  Defendant Mistras Group, Inc. ("Defendant") does not oppose this Motion.

Said Motion shall be based upon this Notice of Motion, the accompanying Memorandum of Points & Authorities filed herewith, supporting Declarations of Stanley D. Saltzman, Carolyn Hunt Cottrell, and Stephen Gomez (of Simpluris, Inc.), the Settlement Agreement and Stipulation entered into by the Parties and previously submitted at Docket No. 70-2, and upon such further evidence, both documentary and oral, as may be presented at the hearing of said motion.

DATED:  December 29, 2016            **MARLIN & SALTZMAN, LLP**
**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
**UNITED EMPLOYEES LAW GROUP, P.C.**

By:  /s/  William A. Baird

Attorneys for Plaintiffs and the Settlement
California Class and FLSA Class

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................... 1

II. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT. ......................................................................... 3

    A. Dissemination of Notice Packets ................................................................... 3

    B. Motion for Attorneys' Fees, Costs and Expenses, and Enhancement Awards ......... 4

    C. There Are No Filed Objections to the Settlement and Only Six (6) Valid Exclusion Requests Have Been Received ....................................................... 4

    D. Challenges to Employment History/Information Requests ........................... 4

    E. Potential Additional Class Members ............................................................. 4

III. THE SETTLEMENT TERMS .................................................................................... 5

    A. Maximum Settlement Amount ....................................................................... 5

    B. Net Settlement Amount .................................................................................. 5

    C. Payments From the Net Settlement Amount to California Class Members .... 6

    D. Distribution of Settlement Payments ............................................................. 6

    E. Attorney Fees and Expenses .......................................................................... 6

    F. Enhancement Awards for Plaintiffs ............................................................... 6

    G. PAGA Payment .............................................................................................. 7

    H. Settlement Administration Costs ................................................................... 7

IV. THE SETTLEMENT MEETS, AND EXCEEDS, THE STANDARDS FOR FINAL APPROVAL .................................................................................................... 8

V. CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) ............................................................................... 9

*Class Plaintiffs v. Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ....................................................................................... 8

*Eddings v. Health Net, Inc.*,
    2013 WL 3013867 (C.D. Cal. 2013) ........................................................................... 11

*Eisen v. Porsche Cars North America, Inc.*,
    2014 WL 439006 (C.D. Cal. 2014) ............................................................................. 11

*H&R Block Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ............................................................................................ 9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................... 8, 9

*Holmes v. Continental Can Co.*,
    706 F.2d 1144 1148 (11th Cir.1983) ............................................................................. 5

*In re Am. Bank Note Holographics, Inc.*,
    127 F.Supp.2d 418 (S.D.N.Y. 2001) ............................................................................. 4

*In re AT & T Mobility Wireless Data Services Sales Tax Litigation*,
    789 F.Supp.2d 935 (N.D.Ill.2011) ................................................................................. 5

*In re Heritage Bond Litig.*,
    546 F. 3d 667 (9th Cir. 2008) .................................................................................... 2, 8

*In re MRV Communs., Inc. Derivative Litig.*,
    2013 WL 2897874 (C.D. Cal. 2013) ........................................................................... 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,
    2013 U.S. Dist. LEXIS 123298 (C.D. Cal. 2013) ....................................................... 11

*Joel A. v. Giuliani*,
    218 F.3d 132 (2d Cir. 2000) .......................................................................................... 8

*Kirkorian v. Borelli*,
    695 F.Supp. 446 (N.D. Cal. 1988) ................................................................................. 9

*Lane v. Facebook, Inc.*,
    2010 WL 9013059 (N.D. Cal. 2010) ........................................................................... 11

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ....................................................................................... 8

*Mandujano v. Basic Vegetable Products, Inc.*
        541 F.2d 832 (9th Cir. 1976) ...................................................................................4

*Morey v. Louis Vuitton N. Am., Inc.*,
        2014 WL 109194 (S.D. Cal. 2014) .........................................................................10

*Officers for Justice v. Civil Service Comm. of City and County of San Francisco*,
        688 F. 2d 615 (9th Cir. 1982) ...................................................................................8

*Rodriguez v. West Publishing Corp.*,
        563 F.3d 948 (9th Cir. 2009) ....................................................................................9

**OTHER AUTHORITIES**

4 Newberg § 11.41 p. 87 ........................................................................................................11

## I. INTRODUCTION

Plaintiffs Edgar Viceral and David Krueger ("Plaintiffs") and Defendant Mistras Group, Inc. ("Defendant") (collectively, the "Parties") present this proposed Settlement – achieved after an extensive mediation and additional negotiations – for Final Approval with respect to the California Class. On October 11, 2016, the Court granted preliminary approval of the Settlement as to the Rule 23 California Class Action, and further granted Final Approval of the Settlement as to the Fair Labor Standards Act ("FLSA") Class. (Docket No. 83). The entirety of the Settlement involves a non-reversionary $6,000,000 settlement ("Settlement") for the benefit of the California Class and the nationwide FLSA Class.

Plaintiffs and the Settlement Classes are pleased to inform the Court that as of this filing date, which is a full week following the expiration of the objection and opt-out deadline, the following Notice data has been compiled by the Settlement Administrator, which has filed the declaration of Stephen Gomez herewith:

- The Settlement Administrator has mailed 1,324 Notice Packets to the California Class Members;
- Only 9 of these Notice Packets have to date been returned as undeliverable;[1]
- No objections have been received to any portion of the Settlement, including the Enhancement Awards for the Representative Plaintiffs and the Fee and Expense Award to Class Counsel;
- The Settlement Administrator has received only 6 valid exclusion requests, and an additional 6 deficient requests have been received, which are being followed up on by the Settlement Administrator.

This Settlement requires Defendant to pay $6,000,000 to a California Class and a FLSA Class, which together consist of 5,150 Examiners, Technicians, and Inspectors. Importantly, the entire $6,000,000 will be paid out and thus, absolutely no funds will revert to the Defendant. Furthermore, each Class Member in both the California and FLSA Classes will receive his or her share without the need to submit a claim form.

---

[1] Only 9 notice packets came back as undeliverable. The Claims administrator intends to use additional searching methods in order to find good addresses for these nine class members.

1

Plaintiffs' Unopposed Motion for Final Approval of California Class Action Settlement
CASE NO. 3:15-cv-02198-EMC

As stated above, the preliminary settlement approval motion sought two differing orders, both of which were granted by the Court. The first order sought and granted was the preliminary approval of the California Rule 23 Class Action Settlement, which in turn would then trigger the mailing of Notice to the California Class Members; and the second order sought and granted was the Final Approval of the FLSA collective action settlement. As of this time, and consistent with the Court's order granting preliminary approval of the California claims, the claims administrator has disseminated the required Notice to the Rule 23 California Class Members. The success of the Notice program is amply set forth herein and in the declaration of Stephen Gomez filed herewith.

No later than fourteen (14) calendar days following the Effective Date of the Settlement with regard to the California Rule 23 Class Action Settlement, the Settlement Administrator will then be empowered to mail the settlement checks to the California Class Members. Fifteen (15) calendar days following the Effective Date of the Settlement, the Administrator will also be empowered to mail the settlement checks to the FLSA collective action members, who will then have the opportunity to elect to either cash the checks containing the appropriate "opt-in" and release language thereon, or to elect not to do so and thus retain their FLSA rights. This all conforms to the Court's dual approval orders issued in Docket No. 83, and with the Court's Supplemental Order on Preliminary Approval Regarding Notice and Final Approval Hearing Dates and Deadlines. (Docket No. 85, dated October 19, 2016).

An objective evaluation of the Settlement confirms that the relief negotiated on behalf of the California Class is fair, adequate, and reasonable. *In re Heritage Bond Litig.*, 546 F. 3d 667, 674-75 (9th Cir. 2008)(a class settlement may be approved if it is "fair, adequate, and reasonable."). The Parties negotiated the Settlement at arm's length under the guidance of Mr. Mark Rudy, a well-regarded mediator specializing in resolving wage and hour class actions. Mr. Rudy stewarded the Parties through a mediation that lasted over ten (10) hours on one day and then through several additional weeks of negotiations that involved substantial back and forth between the Parties until a settlement was eventually reached. What's more, as set forth in Plaintiffs' Preliminary Approval Motion and Plaintiffs' Fee Motion, the case was thoroughly investigated and litigated prior to the Parties delving into settlement discussions. (Docket Nos. 70-1, Declaration of Stanley Saltzman in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and Collective Action Settlement ("*Saltzman Decl.*"

1  ¶¶ 7-11); and 86).[2]

2  The response of the California Settlement Class Members supports the Court's finding at Preliminary Approval that the Settlement is fair, adequate, and reasonable. No California Class Member has objected to the Settlement after receiving the requisite Notice thereof. Further of the 1,324 persons on the class list, of which all but 9 were successfully mailed the notice, only 6 valid exclusion requests to the Settlement have been received, and an additional 6 deficient such requests have been received, which are being followed up on by the Settlement Administrator. (Declaration of Stephen Gomez, Project Manager, Simpluris, "*Gomez Decl.*" at ¶15).

In short, the Settlement meets the criteria for Final Approval as it is well within the range of what would be fair, adequate, and reasonable. Thus, Plaintiffs now respectfully request that the Court take the final step in the approval process by granting the requested Final Approval of the California Class Action Settlement.

## II. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT.

### A. Dissemination of Notice Packets

As noted above, Preliminary Approval was granted on October 11, 2016. At that time, the Court appointed Simpluris as the Settlement Administrator. The Settlement Administrator has complied with this Court's orders concerning dissemination of the Notice Packet by regular mail. (*Gomez Decl.* ¶¶ 5-15). In addition, the Settlement Administrator operated a toll-free telephone number for Class Members to call with inquiries concerning the Settlement and operated a website that contained the Settlement details along with relevant documents. (*Gomez Decl.* ¶ 4). The Settlement Administrator has provided the Court with a full report of its activities as set forth in the contemporaneously filed declaration of Stephen Gomez.

/ / /

---

[2] Consistent with the Northern District's Procedural Guidance on Class Action Settlements, counsel have avoided re-stating in full matters previously dealt with in either the previously filed Motion for Approval of Attorneys' Fees, Costs and Enhancement Awards, (Docket No. 86) and/or the prior Motion for Preliminary Approval (Docket No. 70).

**B.     Motion for Attorneys' Fees, Costs and Expenses, and Enhancement Awards**

Pursuant to this Court's order granting Preliminary Approval, Class Counsel were ordered to file their motion for a Fee and Expense Award, and for Enhancement Awards for the representative Plaintiffs, by no later than two weeks before the Objection/Exclusion Deadline of December 22, 2016. That motion was timely filed on December 6, 2016. (Docket No. 86). Additionally, the motion was posted to the Case website maintained by Simpluris, to enable all the Class Members to easily review the same, should they so desire. (*Gomez Decl*. ¶ 4).

**C.     There Are No Filed Objections to the Settlement and Only Six (6) Valid Exclusion Requests Have Been Received**

The Ninth Circuit and other federal courts have made clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano v. Basic Vegetable Products, Inc.* 541 F.2d 832, 837 (9th Cir. 1976); *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.").

Here, both the Objection Deadline and the Exclusion Deadline were December 22, 2016. As of the date of this motion, a full one week thereafter, no objections have been filed with the Court. Additionally, only the 6 previously alluded to Exclusion Requests have been received by the Settlement Administrator. An additional 6 deficient exclusions have been received and are being followed up on. Counsel will file a supplemental report with respect to these requests at least one week prior to the final approval hearing date. (*Gomez Decl*. ¶¶ 15-17).

**D.     Challenges to Employment History/Information Requests**

As of this date, Simpluris has received two (2) disputes of work weeks submitted by Class Members through the California Class Form. After reviewing both disputes, it was determined that both were invalid and that Defendant's records remained correct. (*Gomez Decl.* ¶17).

**E.     Potential Additional Class Members**

As of this date, Simpluris has been contacted by twenty-four (24) individuals who inquired about being part of the California Class. Simpluris forwarded their information to Defense Counsel. As

of the date of this declaration, Simpluris has been advised by Defendant's counsel that Defendant has concluded that while many of the twenty four individuals were properly excluded from the class, some of them may have worked as either an examiner or a technician at some point during the class period. This investigation is ongoing as of this date, and therefore this also will be further updated at the time of the submission of the Supplemental Declaration one week prior to the Final Approval Hearing. (*Gomez Decl.* ¶14).

### III. THE SETTLEMENT TERMS

As described in the motion for Preliminary Approval, the basic Settlement terms are as follows:

#### A. Maximum Settlement Amount

The Maximum Settlement Amount ("MSA") that Defendant will pay is Six Million Dollars ($6,000,000). This sum includes payments made to Class Members, Enhancement Awards to Plaintiffs, Administration Costs, a Fee and Expense Award, Employee Taxes, and a PAGA Payment. No portion of the MSA will revert to Defendant under any circumstance. (Docket No. 70-1; *Saltzman Decl*. ¶ 17).

#### B. Net Settlement Amount

The Net Settlement Amount ("NSA") is comprised of the funds remaining from the MSA, following deductions of the Court-approved awards for the following items: (1) the Administration Costs,[3] (2) the Fee and Expense Award (not to exceed $2,000,000 and actual costs, which currently total $44,575.02, respectively), (3) the Enhancement Awards to Plaintiffs (not to exceed $8,500.00 in total), and (4) the PAGA Payment ($20,000.00). (Docket No. 70-1; *Saltzman Decl*. ¶ 24).

The NSA is estimated to be $3,892,924.98. (*Gomez Decl.* ¶ 19). 65% of the NSA will be allocated to the California Class Fund and 35% will be allocated to the FLSA Class Fund. The funds awarded will be distributed to Settlement Class Members on a proportional basis based on the amount of weeks a Class Member worked (Docket No. 70-1; *Saltzman Decl*. ¶ 25).[4] This allocation, including the California Rule 23/FLSA division, was addressed in full in Plaintiffs' Joint Supplemental Brief filed on

---

[3] The Claims Administration costs totaled $39,000. (*Gomez Decl.* ¶ 22).
[4] A class action settlement need not benefit all class members equally. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir.1983); *In re AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F.Supp.2d 935, 979–80, (N.D.Ill.2011). Unequal allocations can be based on legitimate considerations. *Holmes*, 706 F.2d at 1148; *In re AT & T*, 789 F.Supp.2d at 979–80.

August 9, 2016, at pages 8 – 10 thereof, (Docket No. 72) and was approved in the Court's Order dated October 11, 2016, Docket No. 83, at pages 16 – 17 thereof.

### C. Payments From the Net Settlement Amount to California Class Members

The average estimated payouts for the California Class Members is $1,921.21, and the highest estimated payment is $6,101.17. For those persons receiving both a California payment and an FLSA payment, the average estimated payment is $2,498.75, and the highest estimated payment is $6,889.62. (*Gomez Decl.* ¶ 21).

### D. Distribution of Settlement Payments

The California Class Members are not required under the Settlement to submit claim forms in order to receive compensation. Rather, they will automatically receive their settlement payments after the Effective Date of the Settlement. The only exception would be for the few California Class Members who timely exclude themselves from the Settlement. As mentioned, only 6 such valid exclusion requests have been submitted as of the date of the filing of this motion, which is a full week following the expiration of the objection/exclusion deadline. (*Gomez Decl.* ¶¶ 15-17).

### E. Attorney Fees and Expenses

As discussed in further detail in Plaintiffs' Motion for Attorneys' Fees, Costs, and Enhancement Awards, timely filed on December 6, 2016 (Docket No.86), and subject to Court approval, the Parties allocated thirty three and one-third percent (33.33%) of the MSA as the Fee Award to Plaintiffs' Counsel and $44,575.02 as the Expense Award to reimburse Plaintiffs' Counsel for the actual costs they incurred in pursuing this Action.

### F. Enhancement Awards for Plaintiffs

An Enhancement Award of Seven Thousand Five Hundred Dollars ($7,500.00) is requested for Plaintiff Edgar Viceral, and a payment of One Thousand Dollars ($1,000.00) is requested for Plaintiff David Krueger, subject to the approval of the Court. These Enhancement Awards are for their roles in initiating this Action and acting as the Class Representatives, for services provided in furtherance of this Action, for the risks undertaken for payment of costs in the event this Action was unsuccessful, for any stigma they may suffer going forward due to the public information available via the internet of their having filed a class action against an employer, and for their agreement to provide a release of claims.

Counsel is requesting a larger amount for Mr. Viceral as the settlement provides for a full general release of all of his claims, including a full 1542 waiver, while Mr. Krueger is requesting a lesser amount and retaining his right to continue his previously filed separate lawsuit for other claims not included in the class action. This is more fully addressed in the separately filed motion for Fees, Costs and Enhancement Awards, at Docket No. 86, including the respective declarations of the two Representative Plaintiffs, filed therewith, at Docket Nos. 89and 90.

### G.    PAGA Payment

The Settlement allocates Twenty Thousand Dollars ($20,000.00) to settle the portion of the case brought under the California Labor Code's Private Attorney General Act of 2004 ("PAGA"). Seventy-Five percent (75%) of the total PAGA Payment, which amounts to Fifteen Thousand Dollars ($15,000.00), will be paid to the California Labor & Workforce Development Agency. The remainder of the PAGA payment, twenty-five percent (25%) or Five Thousand Dollars ($5,000.00), shall be included in the California Class Fund. (Docket No. 70-1; *Saltzman Decl*. ¶ 20).  This element of the Settlement Agreement was also the subject of full supplemental briefing before the Court, within the previously alluded to Joint Supplemental Brief dated August 9, 2016, Docket No. 72, at pages 15 – 17 thereof, and again in the entire Second Joint Supplemental Brief filed on August 30, 2016, Docket No. 82, at pages 1 – 7 thereof.  Following this extensive briefing, the Court granted preliminary approval to the proposed allocation of $20,000.00, in its Order Granting Preliminary Approval, Docket 83, filed on October 11, 2016, and specifically at pages 13 – 16 thereof.

Since the Approval Order issued by the Court, Notice has been disseminated to all the California Class Members, plus to the Attorney General's office in California in the context of the CAFA notice mailings, (*Exhibit C* to the first Joint Supplemental Brief found at Docket 72-1), and no comments or objections to this aspect of the settlement have been received.

### H.    Settlement Administration Costs

As discussed in Plaintiffs' Preliminary Approval Motion, Plaintiffs sought and received "not to exceed" bids for the Settlement Administration Costs, which Simpluris then agreed to undertake for the sum of $50,000. (Docket No. 70-1; *Saltzman Decl*. ¶ 22). The actual costs of the settlement administration turned out to be less and thus the Settlement Administrator has agreed to accept $39,000

as compensation in full for the services provided.  (*Gomez Decl.* ¶ 22).

## IV. THE SETTLEMENT MEETS, AND EXCEEDS, THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval.  The Court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion."  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).  In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *In re Heritage Bond Litigation*, 2005 WL 1594403 (C.D. Cal. 2005) (citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

There is no single standard for determining whether any given settlement is fair.  "Ultimately the district court's determination is . . . 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Service Comm. of City and County of San Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982).  In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement.  *See, Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("...it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.")

Here, Plaintiffs brought this class and collective action to secure important workplace protections for the Examiners, Technicians, and Inspectors employed by the Defendant in California and across the country, and have successfully secured a proposed Settlement that provides substantial benefits for them. The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of class members to the proposed settlement." *Hanlon v. Chrysler Corp., supra*, at 1026*.*  In this case, all standards for approval are met, and the more complete discussion of the fairness of the

Settlement presented in the Motion for Preliminary Approval applies equally here, and is respectfully referred to herein.  (Docket No. 70.)

***Arms-Length Negotiation*** - The Ninth Circuit has shown longstanding support of settlements reached through arm's length negotiation by capable opponents.  In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id.* at 965 (citing *Hanlon,* at 1027). The primary reason for deferring to such settlements is the experience of counsel and the participation of a neutral, both of which factors are present here.  The *Rodriguez* court "put a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez,* at 965 (citations omitted).  As the Court explained, "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *H&R Block Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005); *see also, Kirkorian v. Borelli*, 695 F.Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

***The Settlement Has No Obvious Deficiencies*** - The proposed Settlement has no obvious deficiencies.  The fact that no objections have been filed and so few Exclusions have been requested from Class Members is a testament to how favorably this Settlement has been received by the Class Members.  Furthermore, the proposed Settlement is the product of extensive discovery (both formal and informal) and the involvement of an extremely experienced Mediator. (Docket No. 70-1 *Saltzman Decl*. ¶¶ 7-14).  In short, full and complete arm's-length negotiations have occurred.  Throughout this litigation, the Parties have vigorously asserted their respective positions. Defendant has been continuously represented by very capable counsel who have taken every opportunity to develop all aspects of their defenses. With the benefit of the significant exploration of the facts and law during the

pleading stage as well as the prosecution and discovery phase of the case, Class Counsel was able to fully consider the strengths and weaknesses of the case. Accordingly, by the time the Settlement was reached, both Parties were capable of being fully informed in regard to all aspects of the case. (*Id.*). Based on the foregoing, Plaintiffs and Class Counsel submit that the Settlement set forth in the Settlement Agreement is fair, adequate and reasonable, and is in the best interests of Plaintiffs and the Class Members. Defendant has also expended substantial amounts of time, energy and resources in connection with the litigation and the negotiation of the settlement now before the Court, and unless this Settlement is approved, will be required to continue to incur further fees, plus ongoing time, energy and resources. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in the Settlement Agreement.

***The Respective Risks of Continued Litigation*** - Throughout this litigation, Plaintiffs have argued that Defendant should be liable for all claims raised in the Complaint. Defendant, on the other hand, has steadfastly maintained that Class Members did not work off the clock, received all required meal and rest breaks, and that they were properly compensated for all hours worked. In furtherance of its defense, Defendant assembled over 500 declarations from class members to oppose this action. Plaintiffs were cognizant of the significant hurdles they would have had to overcome in order to obtain and maintain class status, not just in terms of the requirements of Federal Rule of Civil Procedure 23 but also those applicable to collective actions under the FLSA. Even if Plaintiffs had been successful at certification, successfully proving the merits of the underlying claims was not certain. This Settlement represents a well-crafted compromise of the divergent positions of the Parties that provides substantial benefits for the Class Members. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this Settlement represents a responsible means of addressing Plaintiffs' claims and Defendant's defenses.

***The Complexity, Expense and Likely Duration of the Litigation*** - Another factor considered by courts at the final approval phase is the complexity, expense and likely duration of the litigation. *Morey v. Louis Vuitton N. Am., Inc.*, 2014 WL 109194, *5 (S.D. Cal. 2014); *In re MRV Communs., Inc. Derivative Litig.*, 2013 WL 2897874, *2 (C.D. Cal. 2013). In applying this factor, the Court should weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or

even more favorable result at trial. *Lane v. Facebook, Inc*., 2010 WL 9013059, *5 (N.D. Cal. 2010). "Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class." *Eddings v. Health Net, Inc.,* No. CV 10-1744-JST RZX, 2013 WL 3013867, at *3 (C.D. Cal. 2013). Here, litigating the case through to trial would have been expensive, involved substantial risk and equally substantial uncertainty, and would not have been fully resolved for some time.  In contrast, the proposed settlement provides significant and certain compensation that is available now as opposed to potentially and hypothetically sometime in the distance future.

Additionally, employment cases (including wage and hour cases) can be expensive and time-consuming to prosecute.  Given the uncertainty of certification, there was also the added risk that if class and collective action status was not achieved and maintained, that the alternative  – i.e., individual litigation – would tax private and judicial resources over a period of years.  As such, the Settlement in this case is consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits" and thus, provides another reason to approve the Settlement. *Eisen v. Porsche Cars North America, Inc.,* 2014 WL 439006, at *3 (C.D. Cal.  2014); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig*., 2013 U.S. Dist. LEXIS 123298, *253-54 (C.D. Cal.  2013); 4 Newberg § 11.41 at 87-89.

## V.     **CONCLUSION**

The Parties have negotiated a fair and reasonable Settlement of a case that provides relief that likely would never have been realized but for this class Action.  The Parties have reached this Settlement following extensive formal and informal discovery, litigation, ongoing case discussions and arm's length negotiations.  Accordingly, Plaintiffs respectfully request that the Court enter the proposed Final Approval Order and grant the relief requested in this Motion.

DATED:  December 29, 2016            **MARLIN & SALTZMAN, LLP**
                                      **SCHNEIDER WALLACE**
                                      **COTTRELL KONECKY WOTKYNS LLP**
                                      **UNITED EMPLOYEES LAW GROUP, P.C.**

                                      By:   /s/  William A. Baird
                                       Attorneys for Plaintiffs, the California Settlement
                                       Class and FLSA Settlement Class

11