**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR VICERAL and DAVID KRUEGER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>            Defendant. | **CASE NO. 3:15-cv-02198-EMC**<br>**(Assigned to Hon. Edward M. Chen)**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CALIFORNIA CLASS ACTION SETTLEMENT; MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARDS; AND DIRECTING ENTRY OF JUDGMENT**<br><br>DATE: February 2, 2017<br>TIME: 1:30 p.m.<br>CTRM: 5 |

Plaintiffs' Unopposed Motions for Final Approval of the California Class Action Settlement and Attorneys' Fees, Costs, and Enhancement Awards, filed by Plaintiffs Edgar Viceral and David Krueger ("Plaintiffs") in the matter of *Viceral and Krueger, et al. v. Mistras Group, Inc., et al.*, Case No. 3:115-cv-02198-EMC, came on for hearing regularly in Courtroom 5 of the above captioned court, the Honorable Edward M. Chen presiding, on February 2, 2017 at 1:30 p.m. Appearing at the hearing was counsel for Littler Mendelson, P.C. for Defendant and counsel for Schneider Wallace Cottrell Konecky

1

Wotkyns LLP, and Marlin & Saltzman, LLP on behalf of Plaintiffs and the Classes.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, the Court HEREBY ORDERS as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Order incorporates by reference the definitions in the Settlement Agreement found at Docket No. 70-2 ("Settlement" or "Settlement Agreement") as though fully set forth herein, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the claims of the California Settlement Class Members asserted in this proceeding, personal jurisdiction over Plaintiffs and Defendant, and subject matter jurisdiction to approve the Settlement.

3. The Court hereby approves the settlement terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of the California Class Action Settlement under Rule 23 of the Federal Rules of Civil Procedure.

4. On October 11, 2016, the Court issued its Order Granting Plaintiffs' Motion for Preliminary Approval of a Class and Collective Action Settlement, and granting Final Approval therein to settlement of the Fair Labor Standards Act ("FLSA") Settlement Agreement requested therein. At that time, the Court directed the Parties to file an updated proposed order setting forth all relevant dates and deadlines following the Court's Order. (Docket. No. 83). On October 19, 2016, the Court approved the updated order that set forth all dates and deadlines triggered by the Court's Order on October 11, 2016. (Docket. No. 85).

5. In the Order on October 11, 2016, the Court conditionally certified the California Class for Settlement purposes. The Court hereby grants final certification approval for settlement purposes, to the California Class, as follows:

<u>California Class:</u>

The California Class is defined as all current and former hourly, non-exempt Technicians, Inspectors, and Examiners employed by Defendant in California at any time between April 10, 2011 up through the date of Final Approval.

2

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of California Class Action Settlement; Motion for Attorneys' Fees, Costs, Enhancement Awards; Directing Entry of Judgment
CASE NO. 3:15-cv-02198-EMC**

6. As to the California Class, the Court hereby finds that: (1) the settlement amount is fair and reasonable to the California Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Stipulation of Settlement was entered into in good faith.

7. Notice given to the California Class Members was reasonably calculated under the circumstances to apprise the Class of the pendency of this class action, of all material elements of the proposed Settlement, and of their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Final Approval Hearing. The notice was reasonable and the best notice practicable under the circumstances. A reasonable opportunity has been afforded to the members of the Class to participate in this hearing. Accordingly, this Court hereby finds that notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

8. All California Settlement Class Members (i.e. those who have not exercised their right to opt out of the Settlement) are bound by this Final Approval Order and Judgment and by the Settlement embodied therein, including the releases provided for in the Settlement and this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Final Approval Order and Judgment, each member of the Settlement Class, including Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Releasees.

9. **California Class Member Release**: "California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted in the

lawsuit (whether in tort, contract, or otherwise) for violation of the California Labor Code, the California Business & Professions Code, the Labor Code Private Attorneys General Act of 2004, the applicable Industrial Welfare Commission Wage Orders or any similar state or federal law, including but not limited to those based in any part on the FLSA, whether for unpaid wages, economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief <u>arising out of, relating to, or in connection with any facts and/or claims pled in the class action complaints</u>, filed by Edgar Viceral and/or David Krueger, and/or in the Consolidated First Amended Class Action Complaint filed by Plaintiffs in the Lawsuit, which are or could be the basis of claims that Defendant failed to provide all wages and overtime wages due, failed to pay the minimum wage, failed to provide timely or accurate final paychecks, failed to timely pay compensation, engaged in recordkeeping violations, failed to provide accurate itemized wage statements, failed to provide meal breaks, failed to authorize and permit rest breaks, and/or engaged in unfair business practices based on the foregoing violations, at any times during the California Class Period.

10. Neither this Settlement nor this Final Approval Order and Judgment is an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission or concession by or against Defendant, or any of the Releasees, of any fault, wrongdoing, or liability whatsoever. Neither this Final Approval Order and Judgment, any term or provision of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement; however, Defendant or any Releasee may use the Settlement and/or any related document, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of California Class Action Settlement; Motion for Attorneys' Fees, Costs, Enhancement Awards; Directing Entry of Judgment
CASE NO. 3:15-cv-02198-EMC**

11. The Court hereby finds the Individual Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

12. The request for settlement administration costs in the amount of $_____ is hereby granted and shall be paid to the Settlement Administrator, Simpluris, pursuant to the terms of the Settlement Agreement.

13. The Settlement allocates Twenty Thousand Dollars ($20,000.00) to settle the portion of the case brought under the California Labor Code's Private Attorney General Act of 2004 ("PAGA"). Seventy-Five percent (75%) of the total PAGA Payment, Fifteen Thousand Dollars ($15,000.00) will be paid to the California Labor & Workforce Development Agency. The remainder of the PAGA payment, twenty-five percent (25%) or Five Thousand Dollars ($5,000.00), shall be included in the California Class Fund. The Court hereby approves the above allocation and apportionment.

14. The Court further finally approves Class Counsel's request for attorneys' fees of one-third of the Maximum Settlement Amount, or $2,000,000. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiff and the Class Members, and additional work required of them to bring this Settlement to conclusion. The Court finds the fees award further supported by the lodestar crosscheck, whereby it finds that Schneider Wallace Cottrell Konecky Wotkyns LLP, Marlin & Saltzman, LLP, and United Employees Law Group's hourly rates are reasonable, the estimated hours expended are reasonable. The Court finally approves Class Counsel's request for actual costs in the amount of $44,575.02.

15. Aside from the costs awarded herein or in said order on Fees, Costs and Enhancement Awards, no other costs, fees or other relief shall be awarded, either against Defendant or related persons or entities, as defined in the Settlement Agreement, or from the award to the Settlement Classes.

/ / /

16. The Court hereby reaffirms its appointment of Schneider Wallace Cottrell Konecky Wotkyns LLP, Marlin & Saltzman, LLP, and United Employees Law Group, as Counsel for the California Class, and Plaintiffs Edgar Viceral and David Krueger, as Class Representatives for the California Class.

17. The Court further orders that the timeline set forth for the administration of the settlement at Docket No. 85 shall be followed.

18. Pursuant to the terms of the Settlement Agreement, and this Court's prior Order Granting Final Approval of the FLSA Settlement (Docket No. 83), the instant action is hereby dismissed, with prejudice, subject to Paragraph 19 and 20 below.

19. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

20. Judgment is entered in accordance with the findings in this Order, and the Order of Final Approval as to the FLSA Settlement. This Judgment is the Final Judgment in the suit as to all Settlement Class Members who have (1) not excluded himself/herself from the Settlement or (2) in the case of FLSA Class Members, those who have elected not to opt into the settlement by cashing their settlement check. The Court finds that there is no just reason for delay and expressly directs the Clerk of the Court to enter Judgment immediately.

**IT IS SO ORDERED.**

DATED: _____        _____
                                  Hon. Edward M. Chen
                                  United States District Judge

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of California Class Action Settlement; Motion for Attorneys' Fees, Costs, Enhancement Awards; Directing Entry of Judgment**
**CASE NO. 3:15-cv-02198-EMC**