1   Stanley D. Saltzman, Esq. (SBN 090058)
    William A. Baird, Esq. (SBN 192675)
2   MARLIN & SALTZMAN, LLP
    29229 Canwood Street, Suite 208
3   Agoura Hills, California 91301
    Telephone:    (818) 991-8080
4   Facsimile:    (818) 991-8081
    ssaltzman@marlinsaltzman.com
5   tbaird@marlinsaltzman.com

6   Carolyn Hunt Cottrell (SBN 166977)
    Nicole N. Coon (SBN 286283)
7   SCHNEIDER WALLACE
    COTTRELL KONECKY WOTKYNS LLP
8   2000 Powell Street, Suite 1400
    Emeryville, California 94608
9   Telephone:    (415) 421-7100
    Facsimile:    (415) 421-7105
10  ccottrell@schneiderwallace.com
    ncoon@schneiderwallace.com
11
    Walter Haines, Esq. (SBN 71075)
12  UNITED EMPLOYEES LAW GROUP, P.C.
    5500 Bolsa Ave., Suite 201
13  Huntington Beach, California 92649
    Telephone:    (888) 474-7242
14  Facsimile:    (562) 256-1006

15  Attorneys for Plaintiffs
    and the Settlement California Class and FLSA Class

16

17                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
18

19  EDGAR VICERAL and DAVID          )   **CASE NO. 3:15-cv-02198-EMC**
    KRUEGER, individually and on behalf of )  **(Assigned to Hon. Edward M. Chen)**
20  all others similarly situated,       )
                                    )   **CLASS ACTION**
21              Plaintiffs,          )
                                    )   **DECLARATION OF CAROLYN HUNT**
22          v.                       )   **COTTRELL IN SUPPORT OF PLAINTIFFS'**
                                    )   **UNOPPOSED MOTION FOR APPROVAL OF**
23  MISTRAS GROUP, INC.; and DOES 1-50, )  **CALIFORNIA CLASS ACTION SETTLEMENT**
    inclusive,                      )
                                    )   DATE: February 2, 2017
24              Defendant.           )   TIME:  1:30 p.m.
                                    )   CTRM: 5
25                                  )
                                    )
26                                  )
                                    )
27                                  )
                                    )
28                                  )
   ─────────────────────────────── )

## DECLARATION OF CAROLYN HUNT COTTRELL

I, Carolyn Hunt Cottrell, declare:

1. I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would testify competently as to these facts.

2. This Declaration is submitted in support of Plaintiffs' Unopposed Motion for Approval of California Class Action Settlement.

## QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

3. I am an attorney duly licensed to practice law in the State of California (No. 166977). I am a member in good standing of the State Bar of California. I am admitted to the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California. I am a member of the Bar of the United States Supreme Court.

4. I am a partner at Schneider Wallace Cottrell Konecky Wotkyns LLP ("SWCKW"). SWCKW specializes in class action litigation in state and federal court.

5. SWCKW is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions.

6. SWCKW has acted or is acting as class counsel in numerous cases. A partial list of cases which have been certified and/or settled as class actions includes: *Guilbaud, et al. v. Sprint Nextel Corp. et al.,* (Case No. 3:13-cv-04357-VC) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes, et al v. Xpress Global Systems, Inc.,* (Case No. 34-2015-00180822 (Sacramento Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Jeter-Polk, et al. v. Casual Male Store, LLC, et al.,* (Case No. 5:14-CV-00891) (Central District of California) (final approval of class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid wages and waiting time penalties, and failure to provide itemized wage statements); *Meza, et al. v. S.S. Skikos, Inc., et al.,* (Case No. 15-cv-01889-TEH) (Northern District of California) (final approval of class and

collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina, et al. v. Railworks Track Systems, Inc.,* (Case No. BCV-15-10135) (Kern County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen, et al. v. County of Monterey, et al.*, (Case No. 5:13-cv-01659) (Northern District of California) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corporation*, (Case No. 3:07-052222) (Northern District of California) (settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted disabilities); *Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v. First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class

action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); *Villalpando v. Exel Direct Inc., et al.* (Case Nos. 3:12-cv-04137 and 4:13-cv-03091) (Northern District of California) (certified class action on behalf of delivery drivers allegedly misclassified as independent contractors); *Choul, et al. v. Nebraska Beef, Ltd.* (Case Nos. 8:08-cv-90, 8:08-cv-99) (District of Nebraska) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Morales v. Farmland Foods, Inc.* (Case No. 8:08-cv-504) (District of Nebraska) (FLSA certification for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Barlow, et al. v. PRN Ambulance Inc.* (Case No. BC396728) (Los Angeles County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to and for off-the-clock work by certified emergency medical technicians); *Espinosa, et al. v. National Beef, et al.* (Case No. ECU0467) (Imperial Superior Court) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Wolfe, et al. v. California Check Cashing Stores, LLC, et al.* (Case Nos. CGC-08-479518 and CGC-09-489635) (San Francisco Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work by, employees at check cashing stores); *Carlson v. eHarmony* (Case No. BC371958) (Los Angeles County Superior Court) (final approval of class action settlement on behalf of gays and lesbians who were denied use of eHarmony); *Salcido v. Cargill* (Case Nos. 1:07-CV-01347-LJO-GSA,1:08-CV-00605-LJO-GSA) (Eastern District of California) (final approval of class action settlement for off-the-clock work by production-line employees of meat-packing plant); *Elkin v. Six Flags* (Case No. BC342633) (Los Angeles County Superior Court) (final approval of class action settlement for missed meal and rest periods on behalf of hourly workers at Six Flags amusement parks); *Jimenez*

*v. Perot Systems Corp.* (Case No. RG07335321) (Alameda County Superior Court) (final approval of class action settlement for misclassification of hospital clerical workers); *Chau v. CVS RX Services, Inc.* (Case No. BC349224) (Los Angeles County Superior Court) (final approval of class action settlement for failure to pay overtime to CVS pharmacists); *Reed v. CALSTAR* (Case No. RG04155105) (Alameda County Superior Court) (certified class action on behalf of flight nurses); *National Federation of the Blind v. Target* (Case No. C 06-01802 MHP) (N.D. Cal.) (certified class action on behalf of all legally blind individuals in the United States who have tried to access Target.com); *Bates v. United Parcel Service, Inc.* (2004 WL 2370633) (N.D. Cal.) (certified national class action on behalf of deaf employees of UPS); *Satchell v. FedEx Express, Inc.* (Case No. 03-02659 SI) (N.D. Cal.) (certified regional class action alleging widespread discrimination within FedEx); *Siddiqi v. Regents of the University of California* (Case No. C-99-0790 SI) (N.D. Cal.) (certified class action in favor of deaf plaintiffs alleging disability access violations at the University of California); *Lopez v. San Francisco Unified School District* (Case No. C-99-03260 SI) (N.D. Cal.) (certified class action in favor of plaintiffs in class action against school district for widespread disability access violations); *Campos v. San Francisco State University* (Case No. C-97-02326 MCC) (N.D. Cal.) (certified class action in favor of disabled plaintiffs for widespread disability access violations); *Singleton v. Regents of the University of California* (Case No. 807233-1) (Alameda County Superior Court) (class settlement for women alleging gender discrimination at Lawrence Livermore National Laboratory); *McMaster v. BCI Coca-Cola Bottling Co.* (Case No. RG04173735) (Alameda County Superior Court) (final approval of class action settlement for drive-time required of Coca-Cola account managers); *Portugal v. Macy's West, Inc.* (Case No. BC324247) (Los Angeles County Superior Court) (California statewide wage and hour "misclassification" class action resulting in a class-wide $3.25 million settlement); *Taormina v. Siebel Systems, Inc.* (Case No. RG05219031) (Alameda County Superior Court) (final approval of class action settlement for misclassification of Siebel's inside sales employees); *Joseph v. The Limited, Inc.* (Case No. CGC-04-437118) (San Francisco County Superior Court) (final approval of class action settlement for failure to provide meal and rest periods to employees of The Limited stores); *Rios v. Siemens Corp.* (Case No. C05-04697 PJH) (N.D. Cal.) (final approval of class action settlement for failure to pay accrued vacation pay upon end of employment); *DeSoto v.*

*Sears, Roebuck & Co.* (Case No. RG0309669) (Alameda County Superior Court) and *Lenahan v. Sears, Roebuck & Co.* (Case No. 3-02-CV-000045 (SRC) (TJB)) (final approval of class action settlement for failure to pay Sears drivers for all hours worked); among many others.

7. I have been a member of this firm since 1995. Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012, I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I earned my Bachelor's degree from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

## CLASS COUNSEL

8. Plaintiffs' Counsel in this case is comprised of SWCKW, Marlin & Saltzman, LLP ("MS"), and United Employees Law Group, P.C. ("United"). The firms are highly-regarded members of the wage and hour and employment class and collective action bar, with extensive experience in this highly-specialized type of litigation.

9. Declarations and supporting exhibits outlining Plaintiffs' Counsel's extensive work on this matter, as well as fees and costs, have been submitted in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards, filed on December 8, 2016 as ECF Dkt. Nos. 86-90, as well as our billing records that were submitted under seal on December 12, 2016 as ECF Dkt. No. 91. I refer the Court to these additional documents, including supporting declarations, for a detailed overview of Class Counsel's work on the matter as well as our fees and costs.

## INTRODUCTION

10. The Parties are resolving numerous wage and hour claims that likely would not have been prosecuted as individual actions, and in so doing are providing a substantial benefit to the members of the California Class and the FLSA Class (collectively, the "Classes"). Specifically, the Parties have resolved the claims of approximately 5,150 of Mistras's employees for a total settlement payment of $6,000,000.00. The Settlement represents a favorable result and is fair, reasonable, and adequate in all respects.

## FACTUAL BACKGROUND

11. Mistras provides standard and innovative non-destructive testing, inspection, and engineering services. Mistras employs Examiners, Technicians, and Inspectors to carry out a wide variety of inspection, maintenance, and repair services in the field setting. They work out of Mistras's local offices (also referred to as "labs") typically on the worksite of Mistras customers. Examiners, Technicians, and Inspectors are non-exempt, hourly positions. Travel is extensive, and time away from home can span several weeks at a time. Often, Examiners, Technicians, and Inspectors' schedules are grueling, with no days off.

12. In particular, Plaintiffs allege that Mistras requires employees to work off-the-clock (including before and after their scheduled shifts and during meal and rest breaks), all without proper compensation including payment of straight time, overtime compensation, and premium pay. It is Plaintiffs' position that employees are compensated only for the time they are scheduled to work by Mistras – not for their actual hours worked. With respect to Class Members working in California, Mistras commits additional wage and hour violations under California law. By requiring employees to work during their meal and rest breaks, Mistras fails to authorize, permit, and/or make available meal and rest periods to which they are entitled by law. It further fails to pay premium pay for these missed breaks. Plaintiffs also allege that Mistras also improperly purports to adopt and implement alternative workweek schedules ("AWS") to avoid properly compensating California Class Members under California wage laws. In addition, Plaintiffs allege that Mistras engages in illegal practices by failing to provide accurate, itemized wage statements and failing to pay all wages owed at the end of employment.

6

DECLARATION OF CAROLYN HUNT COTTRELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
CALIFORNIA CLASS ACTION SETTLEMENT
CASE NO. 3:15-cv-02198-EMC

13. For additional factual details, see the preliminary approval motion filed on July 19, 2016 as ECF Dkt. No. 70.

**PROCEDURAL HISTORY**

14. Plaintiffs allege nine causes of action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Order, Business and Professions Code §§ 17200, *et seq.* ("UCL"), and the California Labor Code Private Attorneys General Act of 2004 ("PAGA").  In their first cause of action, Plaintiffs allege, on behalf of an FLSA collective (the "FLSA Class"), that Defendant violated the FLSA by knowingly failing to maintain records of all hours worked, knowingly failing to compensate employees for all hours worked, including overtime and training hours.  Plaintiffs' remaining eight causes of action arise under California law: (1) failure to compensate for all hours worked, including but not limited to attending pre-work meetings, completing required training programs, traveling to and from Mistras's offices to worksites, and engaging in other off-the-clock work; (2) failure to pay overtime wages; (3) failure to authorize, permit, and/or make available meal periods; (4) failure to authorize, permit, and/or make available rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to timely pay all earned wages at the end of employment; (7) violation of the UCL for unlawful, unfair, and/or fraudulent business acts or practices; and (8) penalties pursuant to § 2698, *et seq.* of the California Private Attorney General Act ("PAGA").

15. The Parties engaged in an investigation and discovery.  Class Counsel conducted numerous in-depth interviews of Class Members to validate the merits of the case. Plaintiffs prepared and served extensive written discovery.  The Parties conducted numerous meet and confer sessions regarding the discovery.  These efforts resulted in the production of additional documents and supplemental interrogatory responses. Specifically, Defendant produced thousands of pages of documents including: class lists, a list of Mistras offices, numerous handbooks and policies, payroll and timekeeping data, training records, alternative workweek documentation, and the documents for the Named Plaintiffs. Numerous depositions also took place. Plaintiffs deposed Defendant pursuant to FRCP 30(b)(6), including taking the depositions of Julie Marini (Mistras Group Vice President of Human Resources) and Dennis Bertolotti (Mistras President of Group Services/Interim

7

CEO). Plaintiff Krueger was also deposed on March 10, 2016. Class Counsel have also made a thorough study of the legal principles applicable to the claims asserted against Defendants.

16. Plaintiffs' Counsel based their damages analysis and settlement negotiations on the formal informal discovery described above. The approximate net amount being disbursed to Class Members is $3,892,924.98.

17. The settlement amount is fair, reasonable, and adequate.  The Settlement amount takes into account the substantial risks inherent in any class and collective action wage-and-hour case, the status of the litigation, and the specific defenses asserted by Defendant. Settlement awards will be distributed to Settlement Class Members on a proportional basis based on the amount of weeks each Class Member worked.

18. The Parties mediated this dispute on April 5, 2016 before Mark Rudy, a respected and experienced wage and hour mediator.  The Parties' engaged in arm's-length negotiations. After over 10 hours of extensive negotiations, the mediation concluded without a settlement, but with clear progress having been made. Thereafter, through Mr. Rudy's ongoing efforts, the Parties continued to discuss possible resolution of the Action.  After over a month of such discussions, the Parties eventually agreed to broad settlement terms**.**  The Parties then began to work through the drafting of a Settlement Agreement, which was finally executed by the Parties shortly before this motion was filed.

19. On May 4, 2016, Class Counsel submitted a Joint Notice of Settlement, and Stipulation and [Proposed] Order to Vacate All Pending Deadlines.  The Court set a briefing schedule on May 6, 2016.  The Court subsequently modified the briefing schedule upon subsequent stipulations.

20. Class Counsel drafted and prepared appropriate moving papers and filed them on July 19, 2016. Thereafter, on August 2, 2016, the Court issued an order, requesting supplemental briefing on Plaintiffs' preliminary approval motion. The Court requested that the Parties address ten topics: (1) attorneys' fees, including submitted *ex parte* and under seal their billing records with a detailed description; (2) expected recovery per Class Member; (3) full verdict value of the case; (4) distribution of the settlement fund; (5) risks of litigation; (6) FLSA affirmative opt-in; (7) notice to FLSA Class Members; (8) response to objections from Class Members; (9) CAFA notice; and (10)

Class notice for California Class. Class Counsel drafted a supplemental brief, revised Class notices and accompanying documents, and corresponding declarations as well as briefing and documentation supporting their fee request. These materials were filed with the Court on August 9, 2016. On August 23, 2016, the Court issued an order requesting further supplemental briefing regarding the PAGA recovery in this action. Plaintiffs drafted and filed a supplemental brief on August 30, 2016. On October 11, 2016, the Court issued an order granting Plaintiffs' motion.

21. With respect to settlement administration, Simpluris is responsible for distributing the Notice, calculating individual settlement payments, calculating all applicable payroll taxes, withholdings and deductions, preparing and issuing all disbursements to be paid to Class Members, the Class Representative, Class Counsel, the Labor and Workforce Development Agency ("LWDA"), any applicable local, state, and federal tax authorities, and handling inquiries and/or disputes from Class Members.

22. Simpluris is also responsible for the timely preparation and filing of all tax returns, and making the timely and accurate payment of any and all necessary taxes and withholdings. Simpluris also established a mailing address and toll-free telephone number to direct inquiries regarding the Notices and determination of individual settlement payments as well as a website.

23. Following the Court's preliminary approval order, Simpluris received Class Member data from Defendant. Based on the records produced by Defendant to the Administrator, the total number of Class Members is 5,150. Not all California Class Members are FLSA Class Members: 111 are only California Class Members, 1,213 are both California and FLSA Class Members. 3,826 are only FLSA Class Members.[1]

24. The Final Approval Hearing for the Court to approve the Settlement is currently scheduled for February 2, 2017. With this Motion, Plaintiffs ask the Court to grant final approval of this Settlement as to the California Class. Following an order by the Court on this Motion, the Parties

---

[1] Note that these are the most recent totals provided by Simpluris.

1  and the Settlement Administrator will execute the final steps of the settlement process, including

2  sending individual checks to all participating Class Members for their Settlement award.

3  ## THE SETTLEMENT

4     25. The Parties have resolved this matter in a Joint Stipulation of Settlement and Release

5  ("Stipulation of Settlement or "Settlement") (previously filed as Exhibit 1 to ECF Dkt. No. 70-2).

6     26. Defendant has agreed to pay a total of $6,000,00.00, the "Maximum Settlement Amount," to

7  settle all aspects of this case.  The "Net Settlement Proceeds," the amount that will be available to

8  pay settlement awards to the Classes, is defined as the Maximum Settlement Amount less the Fee

9  and Expense Award (Plaintiffs seek a fee award not to exceed 33 1/3% of the Maximum Settlement

10  Amount, and an expense award for total costs, currently which total $44,575.02), the Service

11  Payment (up to $7,500.00 for Plaintiff Viceral and $1,000.00 to Plaintiff Krueger), the PAGA

12  Payment to the LWDA based on the $20,000.00 allocated for the PAGA claims ($15,000.00)[2], and

13  Administration Costs (which are not to exceed $50,000.00, but currently total $39,000.00).  At this

14  time, the approximate Net Settlement Proceeds are estimated to be $3,892,924.98.[3]

15     27. The "California Class" is defined to mean "all current and former hourly, non-exempt

16  Technicians, Inspectors, and Examiners employed by Defendant in California at any time between

17  April 10, 2011 up through the date of Final Approval."

18     28. The "FLSA Class" is defined as "all current and former hourly, non-exempt Technicians,

19  Inspectors, and Examiners who were employed by Defendant in the United States at any time

20  between April 10, 2012 through the date of Final Approval."

21     29. 65% of the Net Settlement Proceeds will be allocated to the California Class Fund and 35%

22  will be allocated to the FLSA Class Fund, recognizing that the FLSA action alleged only one cause

23  of action for off-the-clock overtime.  By contrast,  even though the California Class was smaller than

24  the FLSA Class, it not only alleged a failure to pay off-the-clock overtime, but also alleged causes of

25  _____

26  [2] Plaintiffs provided the LWDA with notice of the Settlement as well as a copy of the Settlement Agreement. The LWDA has provided no response.

27  [3] Note that this is the most recent total in light of Simpluris's updated costs for administration.

28

action under the California Labor Code for failure to pay minimum wages, failure to provide and pay for missed meal breaks, failure to provide and pay for missed rest breaks, failure to provide proper wage statements, waiting time penalties for failing to pay all wages due at the termination of employment, violation of Business and Professions Code § 17200, *et seq*., and asserted claims under PAGA.  Moreover, data analysis, as well as interviews with Class Members, indicated that the amount of damage hours per week to be claimed were higher for the California Class Members as compared to those who worked outside of California.  The Parties further factored in the difficulty in proving the FLSA claims both from a merits and certification standpoint and the unique defenses asserted to that cause action by Defendant. With these factors in mind, and based on Class Counsels' belief that the California Class Members' damages were potentially twice the value of the FLSA Class Members, the two-to-one allocation was arrived at as a reasonable reflection of the value of the claims.

30. California Class Members who do not opt out of the Settlement will be eligible to receive their share of the Net Settlement Proceeds allocated to the California Class.  To recover a share of the Net Settlement Proceeds allocated to the FLSA Class, a potential California FLSA Class Member must opt in by timely cashing his or her settlement award.

31. Settlement awards will be distributed to Settlement Class Members on a proportional basis based on the amount of weeks each Class Member worked. Pursuant to this formula, a California Class Member will receive approximately $1,248.00 for each year worked (estimated $24.00 per week multiplied by 52 work weeks per year) for each year worked.  Thus, a California Class Member that was employed the entire class period of 5.5 years stands to recover $6,864.00.  An FLSA Class Member will receive approximately $263.00 for each year worked (estimated $5.06 per week multiplied by 52 work weeks per year) and if employed for the entire class period of 4.5 years stands to receive $1,183.00. The average individual settlement payment for California Class Members is estimated to be $1,921.21, and the highest is estimated to be $6,101.17. The average individual settlement payment for FLSA Class Members is estimated to be $270.37, and the highest is estimated to be $788.45. For those Class Members receiving both a California payment and a

1   FLSA payment, the average estimated payment is $2,498.75, and the highest estimated payment is

2   $6,889.62.[4]

3       32. For tax purposes, one-third (1/3) of each Individual Settlement Payment shall be treated as

4   settlement for wage claims, which will be subject to required tax withholdings, and reported on an

5   IRS W¬2, one-third (1/3) shall be treated as settlement for penalties, and one-third (1/3) shall be

6   treated as interest, which will be paid without withholding any amount, and reported on a Form

7   1099.

8       33. Each Class Member will be notified of the number of weeks Defendants' records show that

9   he or she worked and their estimated recovery assuming full participation. Should a Class Member

10  dispute Defendants' records, that Class Member may submit evidence to the Settlement

11  Administrator establishing the dates he or she contends to have worked for Defendants.  The

12  Settlement Administrator shall notify the Parties of any disputes, and shall finally resolve any

13  disputes.  In this process, Defendants' records will be presumed determinative.

14      34. The Stipulation of Settlement contains four releases: California Released Claims, FLSA

15  Released Claims, and the released claims of the Named Plaintiffs. Specifically, Mr. Viceral will

16  execute a full release of all claims, while Mr. Krueger will retain his right to continue with a separate

17  individual action ongoing against the Defendant, for claims not included in this class action.[5]  In all

18  of the releases, the "Released Parties" are " Defendant Mistras Group, Inc., its past or present

19  successors and predecessors in interest, subsidiaries, affiliates, parents, officers, directors,

20  shareholders, employees, agents, principals, heirs, representatives, accountants, auditors,

21  consultants, insurers and reinsurers, and their respective successors and predecessors in interest,

22

23  _____

24  [4] Note that these are the most recent totals provided by Simpluris.

25  [5] Mr. Krueger settled his individual claims for violation of California Labor Code § 970, wrongful

26  discharge, and related claims in the separate case of *Krueger v. Mistras Group, Inc.*, Case No. 1:15-cv-00997-JLT (ED Cal. Oct. 21, 2016). The parties to that action filed a Notice of Settlement on September 13, 2016 and a Stipulation of Dismissal on October 13, 2016. Thereafter, the Court

27  closed the case on October 21, 2016.

28

subsidiaries, affiliates, parents and attorneys." The releases impacting the Classes and Named Plaintiffs are appropriately tailored to the claims in this case.

35. The Parties have agreed to use Simpluris as the Settlement Administrator. Simpluris has estimated that its costs will be approximately $47,010.00.  These costs are reasonable given the estimated value of the average individual claims, as they are appropriate to ensure that Class Members have a full opportunity to learn about the Settlement and to obtain their share of the Settlement, if they desire to do so.

## FINAL APPROVAL OF THE SETTLEMENT

36. In its October 11, 2016 Order, the Court already preliminarily approved the Settlement with respect to the California Class and finally approved it as to the FLSA Class. Accordingly, the only step that remains is final approval of the Settlement as to the California Class. Consistent with the precedent of this Circuit and this Court's own decisions, the Settlement should be finally approved.

37. The Court should find that the Settlement is fair, reasonable, and adequate, and finally approve it as to the California Class.

38. Pursuant to the Court's October 11, 2016 Order granting preliminary approval, Simpluris sent the Court-approved Notice to the California Class in accordance with the terms of the Settlement Agreement.

39. The Settlement Administrator followed all of the procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all California Class Members receive the Notice. Ultimately, of the 1,324 notices distributed to California Class Members, only 9 of these Notice Packets have to date been returned as undeliverable. In addition, no objections[6] have been received to any portion of the Settlement, including the Enhancement Awards for the Representative Plaintiffs and the Fee and Expense Award to Class Counsel. Accordingly, the notice process satisfies the "best practicable notice" standard.

---

[6] The objection/exclusion deadline was December 22, 2016.

40. A review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. The Net Settlement Amount of $3,892,924.98, derived from a Gross Settlement Amount of $6,000,000.00, will result in fair and just relief to Class Members.

41. The total number of Class Members is 5,150. Not all California Class Members are FLSA Class Members: 111 are only California Class Members, 1,213 are both California and FLSA Class Members. 3,826 are only FLSA Class Members.

42. As of the date of this filing, the average individual settlement payment for California Class Members is estimated to be $1,921.21, and the highest is estimated to be $6,101.17. The average individual settlement payment for FLSA Class Members is estimated to be $270.37, and the highest is estimated to be $788.45. For those Class Members receiving both a California payment and a FLSA payment, the average estimated payment is $2,498.75, and the highest estimated payment is $6,889.62.

43. These results are well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation.

44. First, litigating this action would not only delay recovery, but also would be expensive, time-consuming and involve substantial risk. If this case were to go to trial as a class and collective action, Class Counsel estimate that fees and costs would well exceed $2,000,000.00. Litigating the class and collective action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. There is also the delay and duration of further litigation. The litigation was filed in April 2015. The matter has been pending for nearly one and a half years. Certification and dispositive motions have yet to be filed. The Court's previous Case Management and Pretrial Order for Jury Trial (ECF Dkt. No. 43) scheduled nearly a year between class certification and trial. In light of the current posture of the case, Class Counsel would still need to prepare and file a class certification motion. Thus, the litigation would likely remain pending for nearly another year and a half, and potentially longer taking into consideration unforeseen delays and scheduling issues.

45. The risks of maintaining class action status in this case as well as demonstrating Defendant's ultimate liability at trial are also significant. Recovery of the damages and penalties would require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of recent developments in wage and hour and class and collective action law as well as the legal and factual grounds that Mistras has asserted to defend this action. Specifically, Mistras has asserted numerous complete liability defenses against Plaintiffs' claims, many of which were supported by the declarations gathered by Defendant. *See generally* Defendant's Answer to Consolidated First Amended Complaint (ECF Dkt. No. 42). For example, Mistras raised several defenses to Plaintiffs' off-the-clock claims, including that (1) Class Members did not perform work off-the-clock; (2) any off-the-clock work was *de minimis*; (3) Mistras properly paid Class Members for compensable training time; (4) Mistras properly provided Class Members with legally compliant meal and rest breaks ; (5) Mistras paid Class Members for all hours worked, including overtime; and (5) Mistras properly implemented alternative workweek schedules in California, avoiding any overtime liability. Mistras also intended to raise several defenses against class certification, including (1) that individualized determinations regarding the type and amount of off-the-clock work, if any, completed by Class Members would overwhelm common issues; (2) that individualized determinations regarding the amount of wages owing, if any, would overwhelm common issues; and (3) whether Class Members actually took meal and rest breaks would overwhelm any common issues. If Mistras succeeded on any of these or other defenses to class certification, Mistras would likely further argue that its success would necessarily impact Plaintiffs' derivative claims. In the end, Plaintiffs would then be left with only their individual claims and the Class and Collective would potentially recover nothing.

46. Thus, the risks of litigation are significant. This is particularly true since Defendant has represented to Class Counsel that the declarations it has collected support its defenses. In particular, defense counsel has explained that the California Class Members and FLSA Class Members generally and overwhelmingly stated in individualized and non-cookie-cutter declarations that they: recorded all hours worked; were paid their standard and/or overtime rates for all hours recorded as worked; never worked unrecorded hours; were never instructed to work "off-the-clock"; recorded all mandatory online training; were paid for all such training; were paid overtime for all overtime

15

DECLARATION OF CAROLYN HUNT COTTRELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
CALIFORNIA CLASS ACTION SETTLEMENT
CASE NO. 3:15-cv-02198-EMC

recorded; that to the extent they attended voluntary trainings, they did so outside of their regularly scheduled work hours, they did not perform any other work duties during such training, that voluntary training involved topics related to new skills for a job other than their current job; and that they attended such trainings of their own accord and not at the behest of any supervisor; were not required to commute to work in any specific manner or vehicle; were allowed but not required to carpool; and did not perform work before or during commute to/from worksites. In addition, California Class Members also stated that they: were aware of Mistras's meal and rest break policy; were able to take meal periods according to the policy; were never prevented from taking breaks; were able to take breaks throughout a workday as desired; never reported missing a meal period or rest break; and regularly and personally reviewed their wage statements and found them correct.

47. Defendant further argues that an arbitration agreement distributed to employees in California removes from the lawsuit approximately one half of the California Class and the corresponding members of the FLSA Class, irrespective of other defenses related to certification or liability. This further demonstrates the reasonableness of the total settlement value and the risks of further litigation.

48. In an effort to further ensure fairness for the employees, the Parties have agreed to allocate the settlement proceeds amongst Class Members to track each of the substantive violations and some of the penalty claims, including the limitations period for each claims. The allocation was made based on Class Counsel's assessment of the risk of continued litigation and risk on certification and merits. The Parties further agreed on distribution formulas specifically tailored to each claim, and each claims limitations period, to further ensure that employees are compensated accordingly and in the most equitable manner. Specifically, 65% of the NSA will be allocated to the California Class Fund and 35% will be allocated to the FLSA Class Fund.

49. The Parties engaged in an extensive informal exchange of information to enable both sides to assess the claims and potential defenses in this action. Through this informal cooperation, the Parties were able to accurately assess the legal and factual issues that would arise if the case proceeds to trial. In addition, in reaching this settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. Class Counsel's liability

and damages evaluation was premised on a careful and extensive analysis of the effects of Defendants' compensation policies and practices on Class Members' pay.  Ultimately, in mediation before Mr. Rudy, an experienced mediator, the Parties used this information to fairly resolve the litigation.

50. Plaintiffs contend the common questions raised in this action predominate over any individualized questions concerning the Class Members. Plaintiffs believe that the California Class and FLSA Class are entirely cohesive because resolution of Plaintiffs' claims all hinge on the uniform policies and practices of Defendant, rather than any treatment the Class Members experienced on an individual level. As a result, Plaintiffs contend that the resolution of these alleged class and collective claims will be resolved through the use of common forms of proof, such as Defendants' uniform policies, and will not require inquiries specific to individual Class Members. While Class Counsel is confident that Plaintiffs would succeed on liability, continued litigation would be costly, time-consuming, and not certain in outcome.

51. Defendant has legal and factual grounds available to defend this action.  In fact, Defendant has continually taken the position that this case is not suitable for class treatment and that it fully complied with its obligations regarding payment of wages as well as the provision of meal and rest breaks, among the other wage and hour issues alleged in this action.

52. Defendants asserted numerous defenses against Plaintiff's claims, as addressed above.

53. Class Counsel considered the substantial risks posed by these arguments in negotiating the Settlement.  Moreover, Class Counsel considered the risk that class certification would not be granted and the risk that Plaintiff's claims would be defeated on the merits.  For all of these reasons, the Settlement is fair and reasonable.

54. The monetary value of the Settlement represents a fair compromise given the litigation risks and uncertainties posed by continued litigation. Recovery of the damages and penalties previously referenced would also require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of recent developments in wage and hour and class and collective action law as well as the legal and factual grounds that Defendant has asserted to defend this action. In

contrast, resolving this case by means of an early settlement will yield a prompt, certain, and very substantial recovery for the Class Members. Such a result will benefit the Parties and the court system.

55. Here, the Settlement was a product of non-collusive, arm's length negotiations. The Parties participated in a full-day mediation as well as subsequent settlement negotiation before Mr. Rudy, who is a skilled mediator with many years of experience mediating employment matters, including many wage and hour disputes. This Settlement is also supported by Plaintiffs' Counsel, who have extensive experience litigating these types of class and collective wage and hour claims and have been qualified as counsel in numerous class actions.

56. Class Counsel are experienced and respected class action litigators.  Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believes this Settlement will provide a substantial benefit to the Class Members.

57. To date, no Class Member has submitted a written objection to the Settlement despite being informed of the Settlement. The lack of any written objections underscores the reasonableness of the Settlement. In addition, the Class Representatives support the terms of the Settlement. This shows widespread support for the Settlement among Class Members, and gives rise to a presumption of fairness.

**PLAINTIFFS' ENHANCEMENT AWARDS**

58. Plaintiffs request Enhancement Awards in the amount of $7,500.00 to Named Plaintiff Edgar Viceral and $1,000.00 to Named Plaintiff David Krueger for the critical roles they played in this case and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Classes.  In agreeing to serve as the representatives of the Classes in this case, Plaintiffs formally agreed to accept the responsibilities of representing the interests of all members of the California Class and the FLSA Class.  Defendant does not oppose payment of $7,500.00 to Named Plaintiff Viceral and $1,000.00 to Named Plaintiff Krueger as a reasonable Enhancement Awards.  Moreover, the Enhancement Awards are fair when compared to the payments approved in similar cases.

59. Declarations and supporting exhibits outlining Plaintiffs' extensive work on this matter have been submitted in support Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards filed on December 8, 2016 (ECF Dkt. Nos. 86-90). I refer the Court to these additional declarations for a detailed overview of Plaintiffs' work on the matter.

### REASONABLE ATTOREYS' FEES AND COSTS

60. In Plaintiffs' fee motion, Class Counsel request up to one-third (33 1/3%) of the Gross Settlement Amount, for a total of $2,000,000.00, plus reimbursement of actual costs in the amount of $44,575.02. In this case, given the results achieved, the effort expended litigating the case, and the difficulties attendant to litigating this case, the fees and cost award is warranted. There was no guarantee of compensation or reimbursement. Rather, counsel undertook all the risks of this litigation on a completely contingent fee basis. These risks were front and center. Defendant's vigorous and skillful defense further confronted Class Counsel with the prospect of recovering nothing or close to nothing for their commitment to and investment in the case. Nevertheless, Plaintiffs and Class Counsel committed themselves to developing and pressing Plaintiffs' legal claims to enforce the employees' rights and maximize the Class recovery. The challenges that Class Counsel had to confront and the risks they had to fully absorb on behalf of the Class Members here are precisely the reasons for multipliers in contingency fee cases.

61. Declarations and supporting exhibits outlining Plaintiffs' Counsel's extensive work on this matter as well as fees and costs have been submitted in support of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards, filed on December 8, 2016 as ECF Dkt. Nos. 86-90, as well as our billing records that were submitted under seal on December 12, 2016 as ECF Dkt. No. 91. I refer the Court to these additional documents, including supporting declarations, for a detailed overview of Class Counsel's work on the matter as well as our fees and costs.

//
//
//
//

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and is based upon my own personal knowledge.  Executed in

3    Emeryville, California on December 29, 2016.

4
                                            */s/ Carolyn Hunt Cottrell*_____
5                                            CAROLYN HUNT COTTRELL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28